FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR -2 PM 2: 07

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN THE MATTER OF AMERICAN                  CIVIL ACTION
COMMERCIAL LINES, L.L.C.,
As Owner of the Barge LCD 4907 AND         NO: 00-0252
AMERICAN COMMERCIAL BARGE LINE,                 c/w 00-2967,
L.L.C., as Charterer and Operator               00-3147
of the Barge LCD 4907, Praying
for Exoneration from and/or                SEC. "B"(5)
Limitation of Liability

                                           REF:  ALL CASES

### JOINT SCHEDULING AND CASE MANAGEMENT ORDER

To facilitate the orderly, efficient and expeditious disposition
of claims arising from the spill of diesel fuel into the Mississippi
River from Barge LCD 4907 on July 28, 1999  ("the accident"), **IT IS**
**HEREBY ORDERED** that these claims will be governed by the following
Scheduling and Case Management Order.

1.    Applicability of the Order:

      This Scheduling and Case Management Order will apply in each of

      the captioned cases, and all other cases that may subsequently be

      consolidated with them. It may be modified by this Court upon

      written motion of parties for good cause shown.

2.    Jurisdiction and Venue:

      Jurisdiction and venue are established.  All rights and

      actions under 28 U.S.C. §§ 1367 and 1404 and Fed. R. Civ. P.

      12(h)(3) are reserved.

DATE OF ENTRY
APR 0 2 2001

Fee
Process
X  Dktd
CtRmDep
Doc.No. 31

3.  <u>Consolidation and Pleadings.</u>

    a.  The captioned cases arising out of the spill of diesel fuel into the Mississippi River from Barge LCD 4907 on July 28, 1999 are hereby consolidated for all pretrial purposes. The Court will address the issue of consolidation for trial purposes at a hearing or conference to be held no later than six (6) weeks prior to trial.

    b.  The captions of pleadings in all cases shall be in conformity with Local Rule 10.2E for the Eastern District of Louisiana. All pleadings filed in this consolidated proceeding shall bear the caption of the lead consolidated case together with the docket number of all cases within the consolidation to which the document applies (as demonstrated in the caption of this order). Additionally, there should be a specific notation regarding which case number to which the document applies or the notation "ALL CASES" if it applies to all cases.

4.  <u>Joint Document Depository:</u>

The claimants in the limitation action and the plaintiffs in the proposed class actions (hereinafter called "claimants") will designate a single depository of copies of documents produced by the petitioners and defendants. The petitioners

-2-

in the limitation action and the defendants in the proposed class actions (hereinafter called "petitioners") will designate a single depository of copies of documents produced by the claimants. The producing party will maintain and preserve the originals.

5.   <u>Pre-Trial Deadlines:</u>

    a.   All pretrial motions, except motions in limine, shall be filed and served in sufficient time to permit hearing thereon no later than forty-five (45) days prior to the trial date. Motions in limine related to the qualifications of an expert witness ("*Daubert* motions") shall be filed and served in sufficient time to permit hearing thereon no later than sixty (60) days prior to the trial date. All other motions in limine must be filed in sufficient time to permit hearing thereon no later than ten (10) days prior to the pretrial conference date. Any motion filed in violation of this order shall be deemed waived unless good cause is shown.

    b.   Nothing herein shall preclude the filing of any motions prior to any deadline set herein.

    c.   When a contested substantive pre-trial motion is being heard orally, the parties shall submit, simultaneously with the hard copy required by Local Rule 7.1E, a copy

of the motion, memorandum in support, memorandum in opposition and reply memorandum on 3½ inch floppy disk in WordPerfect 8.0 or 6.1 format. All disks shall be returned to counsel after the hearing on the motion upon request.

    d.    Amendments to pleadings, third-party actions, cross-claims and counterclaims shall be filed no later than thirty (30) days from the date of this conference. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

6. **Written Discovery:**

    a.    The Court has been advised by the parties that the initial disclosures pursuant to Fed. Rule. Civ. P. 26 as well as the first set of interrogatories have been submitted and/or completed. The parties shall supplement the disclosures and responses as required by the Federal Rules of Civil Procedure. The claimants may submit an additional set of no more than ten (10) interrogatories, including subparts, to each petitioner, which interrogatories should be tailored to that particular petitioner. Similarly, the petitioners may submit an additional set of no more than ten (10) interrogatories, including subparts, to each claimant, which interrogatories should be tailored to that particular claimant.

-4-

b.   Requests for production of documents shall be submitted to each petitioner by all claimants jointly and to each claimant by all petitioners jointly.

c.   Petitioners jointly may submit up to ten (10) requests for admissions to each claimant. Claimants jointly may submit up to ten (10) requests for admissions to each petitioner.

d.   By written stipulation of counsel. or upon leave of court obtained on motion for good cause shown, additional interrogatories, requests for production of documents, or requests for admissions may be submitted prior to the expiration of the discovery deadline.

e.   All discovery by means of interrogatories pursuant to Fed. R. Civ. P. 33 and all discovery of documents or other tangible items by means of requests for production or inspection pursuant to Fed. R. Civ. P. 34 must be completed no later than one hundred twenty (120) days before the final pretrial conference.

f.   All discovery of documents or other tangible items by means of subpoenas duces tecum to nonparties pursuant to Fed. R. Civ. P. 45 must be completed no later than one hundred twenty (120) days before the final pretrial conference.

6.   <u>Medical Examinations of Claimants:</u>

a.   Petitioners may obtain pursuant to Fed. R. Civ. P. 35, upon written request and at their own expense, one medical

-5-

examination of each claimant who has sustained a bodily injury or who is undergoing any treatment by a health care professional that is related to the spill. If a claimant is asserting a claim which involves more than one area of medical expertise, only one Rule 35 medical examination per area may be obtained. All Rule 35 medical examinations must be completed no later than ninety (90) days before the final pretrial conference.

b.   Any additional Rule 35 medical examinations will require a court order. However, upon leave of court, any petitioner may seek re-examination of a claimant if there has been a change in diagnosis by the claimant's treating health care providers or expert witnesses, or any other significant change in the claimant's medical condition. Reports of subsequent medical examinations shall be obtained and provided to counsel for claimants in accordance with this Scheduling Order.

7.   <u>Depositions</u>:

a.   Depositions shall be conducted and limited as required by Federal Rules of Civil Procedure. However, more than ten (10) depositions may be allowed as mandated by the specific circumstances of this case.

b.   Depositions of nonparty eyewitnesses to the accident and its immediate aftermath may commence on April 30, 2001 and must

-6-

be completed no later than one hundred twenty (120) days before the final pretrial conference. Depositions of all other non-expert witnesses, including claimants and petitioners, may commence on April 30, 2001, and must be completed no later than one hundred twenty (120) days before the final pretrial conference.

c.  To avoid unduly repetitive or burdensome questioning of deponents by numerous attorneys, the deposing side shall choose deposition teams or committees of no more than three (3) attorneys to question the witnesses at depositions. All questions to be asked at deposition must be submitted to the witness through one of the selected attorneys.

d.  Counsel shall refrain from engaging in colloquy during depositions. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting parties shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

e.  The parties shall confer and attempt to agree in the scheduling of depositions as to time and place. Any party noticing a deposition of a fact witness shall give at least ten (10) days notice by facsimile for the taking of a deposition unless a shorter period of time is agreed to by

the parties or ordered by the Court for good cause shown. Moreover, any party noticing a deposition of a party (*i.e.*, a claimant, a petitioner, or a petitioner's employee), or of a witness designated as an expert in this litigation, shall both confer and attempt to agree on the scheduling of the deposition as to the time and place with counsel for said party and shall give at least twenty (20) days notice by telefax for the taking of the deposition unless a shorter period of time is agreed to by the parties or ordered by the Court for good cause shown. All depositions, including the depositions of expert witnesses, shall be taken at the place of domicile of the witness unless the parties otherwise agree. Each party will be solely responsible for paying the costs and fees of its own experts.

f.    Depositions of claimants are limited to three (3) hours in duration. All other depositions are limited to seven (7) hours in duration. These limits on the duration of depositions may be extended by written stipulation of counsel and the witness or by leave of Court upon motion for good cause shown.

g.    Counsel for the parties shall reserve for depositions the entirety of those work weeks that begin on the second and fourth Mondays of each month, until the discovery deadline herein. However, by written stipulation of counsel or upon

leave of court for good cause shown, depositions may be noticed at any time prior to the expiration of the discovery deadline.

8.  **Perpetuation Depositions**

Upon order of the Court, for good cause shown, or pursuant to the written stipulation of all parties, a perpetuation deposition shall proceed only if the deponent is in full compliance with this Scheduling and Case Management Order and has fully responded to all outstanding discovery propounded to the deponent. Perpetuation depositions of a claimant shall proceed only if he or she has furnished the petitioners with the names and addresses of all treating or diagnosing physicians and has provided petitioners a reasonable opportunity to obtain records from treating or diagnosing physicians and a reasonable opportunity to obtain a discovery deposition of the claimant.

9.  **Experts**

a.  Written reports of expert witnesses, including treating physicians or health care providers, who may be witnesses for claimants (including rebuttal witnesses whose appearance can be reasonably anticipated), fully setting forth all matters about which they will testify and the basis therefor as well as all other documents and information required by Fed. R. Civ. P. 26(a)(2), and otherwise in full compliance with Fed. R. Civ. P. 26(a)(2), shall be obtained and

delivered to counsel for petitioners as soon as possible, but in no event later than ninety (90) days before the final pretrial conference.

b.   Written reports of expert witnesses, including treating physicians or health care providers, who may be witnesses for petitioners (including rebuttal witnesses whose appearance can be reasonably anticipated), fully setting forth all matters about which they will testify and the basis therefor as well as all other documents and information required by Fed. R. Civ. P. 26(a)(2), and otherwise in full compliance with Fed. R. Civ. P. 26(a)(2), shall be obtained and delivered to counsel for claimants as soon as possible, but in no event later than sixty (60) days before the final pretrial conference.

c.   Production of claimants' medical providers' "expert reports" shall be deemed satisfied by production of their records along with a diagnosis, prognosis and statement of the need for future medical treatment.

11.  All depositions of expert witnesses must be completed no later forty-five (45) days before the final pretrial conference.

12.  <u>Disclosures</u>

a.   Counsel for the claimants and petitioners shall file in the record and serve upon their opponents a list of all witnesses (including rebuttal witnesses whose appearance can

-10-

be reasonably anticipated) who may or will be called to testify at trial and all exhibits which may or will be used at trial. All parties must file and serve their lists no later than one hundred fifty (150) days before the final pretrial conference. Any curriculum vitae or resume of each expert witness that has not previously been produced to opposing counsel shall be attached to the witness lists.

b.    The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

c.    This case involves extensive documentary evidence, depositions, and other discovery. No special discovery limitations beyond those established in the Scheduling and Case Management Order are established.

13.   <u>Pre-Trial Conference and Trial Assignment</u>

a.    A final pre-trial conference will be held on **July** _18_ , **2002** at _2:00_ **p**.m. in the Chambers of Section "B" of the United States District Court for the Eastern District of Louisiana. Counsel will be prepared in accordance with the final Pre-Trial Notice attached.

b.    Trial is set for the month of **August** _12_ , **2002**, beginning at 8:30 a.m. Attorneys are instructed to report for trial

-11-

not later than thirty (30) minutes prior to trial.

c.    Status conferences will be held at _3:00_ _p_.m. in chambers of Section "B" of the United States District Court as follows:

October _25_, 2001
February _28_, 2002

Other status conferences will be held as needed.

14.   <u>Agreements:</u>

If any compromise agreement or understanding is achieved by any claimant or petitioner,    which could in any way either realign the parties or their interests or create an appearanceof realignment of parties or interests, counsel for all involved parties shall notify counsel for all non-participating parties of the agreement or understanding within seventy-two (72) hours.

15.   <u>Extensions and Continuances:</u>

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with this Scheduling and Case Management Order, the Court's Civil Justice Expense and Delay Reduction Plan and the Local Rules and upon a showing of good cause.    Any such extension will not normally be granted, particularly if it will adversely affect another party's -preparation for trial. If, however, a continuance is granted, all dates, including deadlines and cut-off dates, will be automatically extended, unless otherwise ordered by the Court.

-12-

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with this Scheduling and Case Management Order, the Court's Civil Justice Expense and Delay Reduction Plan and the Local Rules and upon a showing of good cause. Any such extension will not normally be granted, particularly if it will adversely affect another party's -preparation for trial. If, however, a continuance is granted, all dates, including deadlines and cut-off dates, will be automatically extended, unless otherwise ordered by the Court.

16. <u>Informal Resolution of Disputes:</u>

Counsel are expected to adhere to the highest standards of professional and ethical conduct, and to comport themselves with courtesy to opposing counsel and respect for the Court. Counsel shall attempt, in good faith, to resolve all disputes informally before bringing them to the attention of the Court.

Informal resolution of controversies and the memorialization and implementation of agreements by stipulation are encouraged. In fact, within fourteen (14) days of this Order, counsel for the parties shall contact the Magistrate Judge to schedule settlement conferences, which shall occur (1) by **August 1, 2001** and (2) within two (2) weeks of the final pretrial conference if settlement is not achieved by

August.    The parties shall send a letter to the Court providing notice of the dates of the settlement conferences.

17.  <u>Other Matters</u>:

If any party adds new parties to this litigation, the adding party shall deliver to each new party a copy of the Scheduling and Case Management Order and any amendments thereto, within fifteen (15) days.

18.  <u>Housekeeping Matters</u>:

a.  Telephone Numbers.  The telephone number for the Docket Clerk handling these cases, Peggy Koster, is (504) 589-7702.  To learn of available hearing dates, please call the "Intake" desk in the Clerk of Court's office (589-7674).  Please do not call the Judge's chambers for this information.

b.  Pending Motions.  If parties desire information concerning the status of a motion, they are advised to come to the courthouse and check the record located in the Clerk of Court's office or to check the information available at www.laed.uscourts.gov.  If there is no information available through those mediums, the motion is "under advisement."  Court personnel generally cannot and will not provide any information beyond what is apparent on the face of the computer-generated docket for the captioned matter.

c.  Faxes to Chambers.  Filing by facsimile (FAX) is not

-14-

permitted. Similarly, counsel should not submit by facsimile the judge's courtesy copy of pleadings or correspondence for the judge, unless prior permission has been obtained. Faxes to chambers shall not exceed twelve (12) pages, unless prior permission has been obtained.

d.   Service of Courtesy Copies to Counsel. The parties shall fax, courier or by hand courtesy copies of their pleadings to counsel of record simultaneously with the filings of same.

19. <u>Class Certification Motions</u>.

Motions for class certification with supporting memorandum are pending and will be the first issue for determination by the Court. Discovery regarding the class certification motion shall be completed (including any expert witnesses) on or before **October 12, 2001**. If claimants intend to file any supplemental materials in support of their motions, expert affidavits that will be submitted as a part of the supplemental materials must be provided to the petitioners on or before **October 19, 2001**, and such materials shall be filed on or before **October 22, 2001**. Petitioners' responsive materials shall be filed on or before **November 2, 2001**. Claimants' reply, if any, shall be filed on or before **November 6, 2001**. Hearing on the class certification motion is set for **November 14, 2001 at 9:00 a.m.** The Court **will**

**receive oral argument** at that time.

New Orleans, Louisiana, this _30th_ day of April, 2001.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

**THIS PRE-TRIAL NOTICE CONTAINS NEW MATERIAL.
REVISED MAY 30, 2000.**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

### PRE-TRIAL NOTICE

IT IS ORDERED that a pre-trial conference will be held in chambers before Judge **IVAN L.R. LEMELLE**, Section **"B"**, in the cases shown on the attached list on the dates and the times there indicated.

The purpose of the pre-trial conference is to secure a just and speedy determination of the issues. If the type of pre-trial order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the formal pre-trial order that will be reviewed and entered at this conference is as follows:

I.

The pre-trial order, in duplicate, must be delivered to the Court's chambers by 4:30 p.m. on a day that allows one full work day prior to the conference, excluding Saturdays, Sundays and holidays (i.e., if the conference is set for 10:00 a.m. Friday, it must be delivered by 4:30 p.m. Wednesday. If the conference is set on Monday, the pre-trial order will be delivered to the Judge on Thursday by 4:30 p.m.).

II.

Counsel for all parties shall confer in person (face to face) or by telephone at their earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of copies of documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his duty to communicate immediately with the

Court.  The conference of counsel shall be held at least ten days prior to the date of the scheduled pre-trial conference in order that counsel for all parties can furnish each other with a statement of the real issues each party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party.  Counsel for plaintiff then will prepare a pre-trial order and submit it to opposing counsel, after which all counsel jointly will submit the original and one copy of the final draft of the proposed pre-trial order to the Judge.

III.

At their meeting, counsel **must** consider the following:

A.    **Jurisdiction.**    Since jurisdiction may not ever be conferred by consent and since prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make reasonable effort to ascertain that the Court has jurisdiction.

B.    **Parties.**    Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation or individual d/b/a trade name.

C.    **Joinder.**    Questions of misjoinder or nonjoinder of parties.

IV.

At the pre-trial conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court.  Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pre-trial order.  Save your time, the Court's time, and the client's time and money.

V.

The pre-trial conference **must** be attended by the attorneys who will try the case, unless prior to the conference the Court grants permission for other counsel to attend.  These attorneys will familiarize themselves with the pre-trial rules, and will come to the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure.

VI.

Pre-trial conferences will not be continued except for good cause shown in a **written** motion presented sufficiently in advance of the conference for opposing counsel to be notified.

VII.

Failure on the part of counsel to appear at the conference may result in **sanctions**, including but not limited to sua sponte dismissal of the suit, assessment of costs and attorney fees, default or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the court's attention in the pre-trial order.

IX.

The pre-trial order shall bear the signatures of all counsel at the time it is submitted to the Court; the pre-trial order shall contain an appropriate signature space for the Judge. Following the pre-trial conference, the signed copy of the order shall be filed into the record, and the additional copy shall be retained in the Judge's work file.  The order will set forth:

1. The date of the pre-trial conference.

2. The appearance of counsel identifying the party(s) represented.

3. A description of the parties, and in cases of insurance carriers, their insured must be identified.  The legal relationships of all parties with reference to the claims, counterclaims, third-party claims and cross claims, etc.

4. a. With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim or third-party claim, etc., and, the legal and jurisdictional basis for each such claim, or if contested, the jurisdictional questions;

   b. In diversity damage suits, there is authority for dismissing the action, either before or after trial, where it appears that the damages reasonably

could not come within the jurisdictional limitation. Therefore, the proposed pre-trial order in such cases shall contain either a stipulation that $75,000 (or for a case commenced before January 17, 1997, $50,000, or for a case commenced before May 18, 1989, $10,000) is involved or a resume of the evidence supporting the claim that such sum reason ably could be awarded.

5.   A list and description of any motions pending or contemplated and any special issues appropriate for determination in advance of trial on the merits.  If the Court at any prior hearing has indicated that it would decide certain matters at the time of pre-trial, a brief summary of those matters and the position of each party with respect thereto should be included in the pre-trial order.

6.   A brief summary of the material facts claimed by:
     a.   Plaintiff
     b.   Defendant
     c.   Other parties.

7.   A **single listing** of all uncontested material facts.

8.   A **single listing** of the contested issues of fact.  (This does not mean that counsel must **concur** in a statement of the issues; it simply means that they must list in a single list all issues of fact.)  Where applicable, particularities concerning the following fact issues shall be set forth:

     a.   Whenever there is in issue the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

     b.   Whenever there is in issue negligence of the defendant or contributory or comparative negligence of the plaintiff, the material facts and a circumstances relied upon to establish the claimed negligence shall be specified with particularity;

     c.   Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

     d.   Whenever the alleged breach of a contractual obligation is in issue, the act or omissions relied

-4-

upon as constituting the claimed breach shall be specified with particularity;

e.  Whenever the meaning of a contract or other writing is in issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

f.  Whenever duress or fraud or mistake is in issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake (see Fed. R. Civ. P. 9(b)) shall also be set forth in the pretrial order;

g.  If special damages are sought, they shall be itemized with particularity.  (See Fed. R. Civ. P. 9(g));

h.  If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

9.  A **single listing** of the contested issues of law.  (See explanation in 8 above.)

10. For each party, a list and description of exhibits intended to be introduced at the trial.  Prior to the confection of the pre-trial order, the parties shall meet, exchange copies of all exhibits, and agree as to their authenticity and relevancy.  As to any exhibits to which the parties cannot agree, memoranda shall be submitted on or before five working days prior to trial.

a.  Each list of exhibits first should describe those that are to be admitted without objection, and then those to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection. Markers identifying each exhibit should be attached to the exhibits at the time they are shown to opposing counsel during preparation of the pretrial order;

b.  If a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he may ex parte request a conference with the Court and make his position known to the Court in camera.

-5-

c.  Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct.  If there are such exhibits, the pre-trial order will state:  The parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pre-trial conference.

d.  In addition to the formal list of exhibits submitted by each side, counsel shall meet and prepare copies of a joint bench book of tabbed exhibits to be delivered to the Court **five** working days before the start of the trial.  If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, then sufficient copies of such exhibits must be available so as to provide each juror with a copy , or alternatively, enlarged photographic copies or projected copies should be used.  The Clerk of Court has available an opaque projector, and arrangements for its use should be made directly with the Clerk.

e.  Unless otherwise ordered by the Court, only exhibits included on the exhibit list and/or for which memoranda have been submitted shall be included for use at trial.

f.  Each counsel shall submit to the Court on the day of trial a list of exhibits properly marked for identification which he or she desires to use at trial.

11. a.  A list of all deposition testimony to be offered into evidence.  The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement as to their merit.  As to all objections to the testimony which cannot be amicably resolved, the parties shall deliver to the Court, not less than **three** days prior to trial, a statement identifying the portions objected to, and the ground therefor.  Proponents and opponents shall furnish the Court appropriate statements of authorities in support of their positions as to the proposed testimony.

      b.   In non-jury trials, the parties shall, at least **five** days prior to trial, submit to the Court:

> A summary of what each party intends to prove and convey to the Court by the deposition testimony, including, where appropriate, particular page and line reference to said depositions. The parties shall indicate to the Court by page and line numbers, those parts of the deposition which each party intends to use, and upon which each party shall rely, in proving their respective cases.

12.  a.  A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements or closing arguments;

      b.  Either a stipulation that the parties have no objection to the use of the listed objects for such purpose, or a statement of the objections to their use; and a statement that if other such objects are to be used by any party, they will be submitted to opposing counsel at least three days prior to trial and, if there is then opposition to their use, the dispute will be submitted to the Court at least one day prior to trial.

13.  a.  A list of witnesses for all parties, including the names, addresses and statement of the general subject matter of their testimony (it is not sufficient to designate the witness simply "fact," "medical" or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

      b.  A statement that the witness list was filed in accordance with prior court orders. No other witness shall be allowed unless agreeable to all parties and their addition does not affect the trial date. This restriction will not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished opposing counsel shall not be permitted to testify nor shall

-7-

experts be permitted to testify to opinions not included in the reports timely furnished;

c.    Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pre-trial order and prior court orders;

d.    Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness not less than three full working days before trial.

14.    A statement indicating whether the case is a jury or non-jury case.

a.    If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified.    In jury cases, add the following provisions:

"A complete set of jury instructions and a complete set of jury interrogatories must be submitted on paper and on disk in Word Perfect format.    The instructions, interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court."

b.    In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are required, unless the Court enters an order that such is not required.    Same are to be submitted not less than five full working days prior to trial.

c.    In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court.    However, any party may in any event submit such memoranda not less than five working days prior to trial and should accomplish this with respect to any anticipated evidentiary problems which require briefing and jury instructions requiring explanation beyond mere citation to authority.

-8-

15. In cases where damages are sought, include a statement for completion by the Court, that "The issue of liability (will or will not) be tried separately from that of quantum." It is the policy of this Court in appropriate cases to try issues of liability and quantum separately. Accordingly, counsel should be prepared to discuss at the pre-trial conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16. A statement describing any other matters that might expedite a disposition of the case.

17. A statement that trial shall commence on _____, 19____ at _____ a.m./p.m. A realistic estimate of the number of trial days required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given. In addition, the proposed order must contain a sentence including the trial date and time previously assigned.

18. The statement that "This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. The statement that "Possibility of settlement of this case was considered."

20. The proposed pre-trial order must contain appropriate signature spaces for counsel for all parties and the Judge.

**IT IS FURTHER ORDERED** that the foregoing pre-trial notice be mailed to counsel of record for all parties to these cases, and counsel will comply with the directions set forth herein.

New Orleans, Louisiana

__MAY 30, 2000__

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

**EACH NUMBERED PARAGRAPH IS TO BE PRECEDED
BY A HEADING DESCRIPTIVE OF ITS CONTENT**