UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY 18 PM 2: 14

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge CLD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w  00-2967<br>c/w  00-3147<br>SECTION " B "<br><br>MAGISTRATE (5) |

## MOTION TO CERTIFY CLASS ACTION

NOW INTO COURT, through the undersigned counsel, come claimant/petitioners in this matter urging that the Court should certify this proceeding to hereafter be managed as a class action for the reasons articulated in the supporting memorandum, attached hereto. Counsel for claimant/petitioners in the related consolidated matter present no opposition, while counsel for defendant Orion assert an objection to the Motion. Remaining defendants are expected to join in the objection of defendant Orion.

WHEREFORE, movers pray that this Honorable Court grant the Motion to Certify Class Action.

Respectfully submitted:

THE WILLARD FIRM

_____
WALTER I. WILLARD (LSBA No. 2185)
10555 Lake Forest Boulevard, Suite 3F
New Orleans, Louisiana 70127
Telephone: (504) 244-9474
Telefax: (504) 241-6725

___Fee_____
___Process___
X _Dktd_ _____
___CtRmDep___
Doc.No. 38

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on all counsel of record by U.S. Mail, postage prepaid or by facsimile this 16th day of May, 2001.

                                             _____
                                             WALTER I. WILLARD (LSBA No. 2185)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF AMERICAN | * | CIVIL ACTION |
| COMMERCIAL LINES LLC as Owner of the | * | |
| Barge LCD 4907 and AMERICAN COMMERCIAL | * | NO.  00-0252 |
| BARGE LINE LLC as Charterer and Operator of the | * | c/w  00-2967 |
| Barge CLD 4907, Praying for Exoneration from | * | c/w  00-3147 |
| and/or Limitation of Liability | * | SECTION " B " |
| | * | |
| | * | MAGISTRATE (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION

MAY IT PLEASE THE COURT:

Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud and Adele Adams, petitioner/claimants in the referenced limitation matter and related tort matters now pending before the Court, and offer the following grounds to certify the petitioners' claims as a class action.

This matter arises out of a July 28, 1999 spill of diesel oil into the Mississippi River near the intake, infrastructure, valves and pipeline, for the water system for St. Charles Parish, Louisiana. Reportedly, several 50-gallon drums spilled into the River with detectable quantities registering in the Parish's water supply. Residents of St. Charles Parish, many of whom seek to be joined as claimants in this proposed claims action proceeding, complained that evening of nauseous odors emitting from the water in their homes and businesses. In response to these complaints, and upon detecting the toxic chemical in the

water supply, the Parish Water Department continued to monitor the water supply for days thereafter.

On July 21, 2000, petitioners, Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud and Adele Adams filed their "*Petition for Damages and Class Action Certification* in State Court, for the 29th Judicial District Court for the Parish of St. Charles, case number 53, 737-E, seeking appropriate legal remedies to the oil spill into the Parish's water system, on behalf of themselves and on behalf of all others similarly situated, essentially all Parish residents. The theory of the cause of action urges that the course and the effect of the diesel fuel into the Parish's water supply posed harm to Parish residents. The extent of such harm, an issue to be determined by the court, but petitioners urge as conclusive that harm was visited upon all St. Charles Parish residents by contamination of their water supply.

The culpability of the defendants to this action revolves around their actions or inactions contributing to the then toxic contamination of the Parish's water supply. American Commercial Lines, LLC, owned, operated and chartered the involved Barge "LCD 4907", and all related support vessels. The vessel(s) was engaged in dockside operations jointly with and at the facility of the Orion Refining Corporation at the time of the spill. St. Charles Parish, the third defendant, then responded to the emergency.

The question becomes whether the petitioners' action should proceed as a class action. Movers assert that the procedural vehicle, arising under the Louisiana Code of Civil

Procedure Articles 591 and 592 and under the parallel federal rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 23.1, indeed, urges a class action method for the order by and efficient handling of this Motion. Article 591 provides as follows:

> Art. 591. Prerequisites; maintainable class actions
>
> A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if: (1) The class is so numerous that joinder of all members is impracticable. (2) There are questions of law or fact common to the class. (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class. (4) The representative parties will fairly and adequately protect the interests of the class. (5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
>
> B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition: (1) The prosecution of separate actions by or against individual members of the class would create a risk of: (a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate

final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include: (a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions; (b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) The desirability or undesirability of concentrating the litigation in the particular forum; (d) The difficulties likely to be encountered in the management of a class action; (e) The practical ability of individual class members to pursue their claims without class certification; (f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or (4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.

C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.

Movers assert that this action, names on behalf of approximately 2399 individual claimants, and on behalf of all residents of St. Charles Parish, meets with each requirement, numerosity, commonality and adequate representation, of Article 591, *id.*, as the underlying

facts evidence:

    (1)    Is the factually established that there are 2,399 claimant; joinder is most impractical; and

    (2)    Common questions of law apply to each claim; and

    (3)    Selected representative parties would be most typical of all other class members; and

    (4)    the representative parties will speak on behalf of all; and in doing so, the interests of all claimants are adequately protected; and finally

    (5)    The class easily is defined objectively. *Id.*

Movers urge further that as underlying occurrence giving rise to this action jeopardize the health of St. Charles Parish in its entirety, a class action management plan is far superior to the alternative, mass tort method of proceeding.

Movers proceed properly and in compliance with Article 592 of the Louisiana Code of Civil Procedure, as well. Article 592's "good cause show" exists inasmuch as all proceedings in this matter have been subject to the Court's stay pursuant to Supplemental Rule F(3), Federal Rules of Civil Procedure in conjunction with the initial petition filed the limitation action brought by American Commercial Line, LLC.

Motion to Certify Class Action is brought presently, following the Court's recent Order of April 3, 2001. While movers would acknowledge that the original Petition filed in state court, of July 22, 2000 proposes class action handling and original counsel further

prays for such relief in the concluding paragraphs, counsel's failing health precluded the formal request, in the form of a Motion to schedule this issue for hearing. Movers urge, at this juncture, a hearing scheduled for some future date neither delays the orderly disposition of the case, nor does same prejudice the interest of any other party hereto.

Respectfully submitted:

THE WILLARD FIRM

_____
WALTER I. WILLARD (LSBA No. 2185)
10555 Lake Forest Boulevard, Suite 3F
New Orleans, Louisiana 70127
Telephone: (504) 244-9474
Telefax: (504) 241-6725

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on all counsel of record by U.S. Mail, postage prepaid or by facsimile this 16th day of May, 2001.

_____
WALTER I. WILLARD (LSBA No. 2185)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF AMERICAN | * | CIVIL ACTION |
| COMMERCIAL LINES LLC as Owner of the | * | |
| Barge LCD 4907 and AMERICAN COMMERCIAL | * | NO. 00-0252 |
| BARGE LINE LLC as Charterer and Operator of the | * | c/w  00-2967 |
| Barge CLD 4907, Praying for Exoneration from | * | c/w  00-3147 |
| and/or Limitation of Liability | * | SECTION " B " |
| | * | |
| | * | MAGISTRATE (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF HEARING

PLEASE TAKE NOTICE claimant/petitioners will bring on before this Honorable Court, the attached Motion to Certify Class Action for hearing on June 13, 2001, at 9:00 a.m., or as soon thereafter as counsel may be heard.

Respectfully submitted:

THE WILLARD FIRM

_____
WALTER I. WILLARD (LSBA No. 2185)
10555 Lake Forest Boulevard, Suite 3F
New Orleans, Louisiana 70127
Telephone: (504) 244-9474
Telefax: (504) 241-6725

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on all counsel of record by U.S. Mail, postage prepaid or by facsimile this 17th day of May, 2001.

_____
WALTER I. WILLARD (LSBA No. 2185)