

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO.  00-0252<br>c/w  00-2967<br>c/w  00-3147<br>SECTION "B"<br><br>MAG. (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS CERTAIN
## CLAIMS AGAINST LIMITATION PETITIONERS

**NOW COMES** Petitioners in Limitation who move this Court for an Order dismissing:

(A)  the claims of those claimants listed on Exhibit "D" to the memorandum filed in support of this motion for failing to timely respond to discovery and for violating the Magistrate's discovery order;

(B)  the claims of those claimants listed on Exhibit "E" to the memorandum filed in support of this motion as they have admitted that they have suffered no injury and therefore have no cause of action; and

N0709471.1

 (C) the claims of those claimants listed on Exhibit "F" to the memorandum filed in support of this motion for failing to timely respond to discovery and for violation of the Magistrate's discovery order for failing to file the Magistrate's claim form within the time period set by the Magistrate.

The reasons that this Court should dismiss all of these claimants and award sanctions is more fully set forth in the memorandum filed in support of this motion.

            Respectfully submitted,

            _____
            GLENN G. GOODIER (#06130)
            Jones, Walker, Waechter, Poitevent,
             Carrère & Denègre, L.L.P.
            201 St. Charles Avenue, Suite 4800
            New Orleans, Louisiana 70170-5100
            Telephone:(504) 582-8174
            Attorney for Defendants,
            American Commercial Lines L.L.C. and
            American Commercial Barge Line L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 13th day of August 2001.

            _____
            GLENN G. GOODIER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w  00-2967<br>c/w  00-3147<br>SECTION "B"<br><br>MAG. (5) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**STATEMENT OF MATERIAL FACTS NOT AT ISSUE**

1. Two thousand, three hundred ninety-nine claimants timely filed a claim into this limitation proceeding and their names are listed on Exhibit "A" attached to the memorandum filed in support of this motion.

2. Petitioners in Limitation propounded Interrogatories and Requests for Production of Documents to all 2,399 claimants on June 9, 2000.

3. To this day, no claimant has responded to that discovery.

N0706404.1

4. Magistrate Chasez approved a form of claim including several questions to be answered by each claimant.

5. Magistrate Chasez further ordered that counsel for claimants send each claimant a copy of the form and that each form be completed and returned post-marked no later than July 2, 2001.

6. Those claimants listed on Exhibit "D" to the memorandum filed in support of this motion did not return a claim form.

7. Those claimants listed on Exhibit "E" returned a claim form stating they suffered no injury.

8. Those claimants listed on Exhibit "F" returned their claim forms after the required date.

Respectfully submitted,

_____
GLENN G. GOODIER (#06130)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone:(504) 582-8174
Attorney for Defendants,
American Commercial Lines L.L.C. and
American Commercial Barge Line L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 13th day of August 2001.

_____
GLENN G. GOODIER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "B"<br><br>MAG. (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that defendants, American Commercial Lines L.L.C. and American Commercial Barge Line L.L.C. will bring on before this Honorable Court, the attached Motion to Dismiss Certain Claims Against Limitation Petitioners, American Commercial Lines L.L.C. for hearing on September 5, 2001, at 9:00 a.m., or as soon thereafter as counsel may be heard.

N0706404.1

Respectfully submitted,

_____
GLENN G. GOODIER (#06130)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone:(504) 582-8174
Attorney for Defendants,
American Commercial Lines L.L.C. and
American Commercial Barge Line L.L.C.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 13th day of August 2001.

_____
GLENN G. GOODIER

N0706404.1                                    2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN<br>COMMERCIAL LINES LLC as<br>Owner of the Barge LCD 4907<br>and AMERICAN COMMERCIAL<br>BARGE LINE LLC as Charterer and<br>Operator of the Barge LCD 4907,<br>Praying for Exoneration from and/or<br>Limitation of Liability | CIVIL ACTION<br><br>NO.  00-0252<br>c/w  00-2967<br>c/w  00-3147<br>SECTION "B"<br><br>MAG. (5) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CERTAIN
## CLAIMS AGAINST LIMITATION PETITIONERS

American Commercial Lines L.L.C. and American Commercial Barge Line L.L.C., as owner and charterer respectively of the barge LCD 4907 (hereinafter jointly referred to as "Limitation Petitioners") filed a Complaint for exoneration from and/or limitation of liability in the United States District Court for the Eastern District of Louisiana, bearing Civil Action No. 00-0252 arising out of an oil spill which occurred on June 12, 2000 at the Orion Refining Corporation dock located in Norco, Louisiana.  On January 31, 2000 the Court issued an Order restraining all claims against Limitation Petitioners arising out of the alleged incident and directing the issuance of Notice to

N0706404.1

Claimants. The Order stated that all persons claiming damages of any kind whatsoever occasioned by the occurrence must have filed a claim in the Limitation Action on or before March 9, 2000, or be defaulted. Pursuant to plaintiffs' Motion to Extend the Deadline to File Claims, on March 1, 2000 the Court extended the deadline for filing claims and answers from March 9, 2000 to May 7, 2000. Thereafter, despite attempts by claimants to extend the filing deadline yet again, the Court denied motions to extend the deadline on March 10, 2000 so that the Order mandating that all claims be filed by May 7, 2000 remained effective. A total of 2,399 alleged claimants filed a claim. (See Exhibit "A").

On June 9, 2000, the Limitation Petitioners propounded interrogatories and requests for production of documents to the 2,399 claimants whose names are included on Exhibit "A". Approximately 11 months after discovery was propounded, no claimant had responded or filed objections to discovery. Despite repeated requests and attempts by Limitation Petitioners to amicably resolve the problem, counsel for claimants consistently failed to produce any evidence of the basis of the claims asserted against the Limitation Petitioners. As a result, Limitation Petitioners filed a motion to compel on May 4, 2000.

Magistrate Chasez heard the Limitation Petitioners' Motion to Compel Plaintiffs to Respond to Interrogatories and Requests for Production of Documents and issued a Minute Entry on May 24, 2001, attaching a court-approved claim form to be mailed to all claimants by plaintiff's counsel no later than June 1, 2001. Those forms contained a number of questions to be answered by each claimant and the forms were to be completed by the claimants and returned to the clerk's office directly by the claimants with a postmark no later than July 2, 2001. It is important to note that, while claimants were to have completed the forms on their own, a letter attached to the forms sent

by counsel, attached hereto as Exhibit "B", was highly suggestive and contained a list of injuries which the claimants may have incorporated into their claim form. In fact, there is evidence to suggest that certain claimants simply copied the list of their injuries from the letter as displayed more clearly in the claim form completed by Imogene Williams. (Exhibit "C").

The time for filing the court-approved claim form in this case has passed. Limitation Petitioners move that claimants who: (1) failed to file a claim form, (2) failed to return the form by July 2, 2001 in contravention of this Court's order, or (3) claimed no injury should be dismissed from this case with prejudice for the following reasons.

**I.      Claimants Failing to File a Court-Approved Claim Form Should be Dismissed**

Exhibit "D" attached hereto is a list of claimants who did not return a completed form to the Clerk. Limitation Petitioners have attempted to obtain discovery from the claimants for over one year making these claims subject to dismissal under the Magistrate's Order cited above and under F.R.C.P. 37.

The failure of the claimants listed in Exhibit "D" to provide the requisite claim form is in violation of the Magistrate's Order specifically stating that the claimants file full, complete and proper answers to the claim forms no later than July 2, 2001. Specifically, the Magistrate noted "Claimant's failure to do so shall be the subject of an appropriate motion from Limitation Petitioners." The claim form itself states in part, "Claimant understands that the failure to fill out this form in its entirety and to return it to the Court, postage prepaid, on or before July 2, 2001 may result in dismissal of claimant, with prejudice, from these consolidated litigations for failure to prosecute a claim." Additionally, Exhibit "B" shows that counsel for claimants also clearly warned of the consequence of failing to file a claim form in a timely fashion. Despite admonitions from

numerous sources, claimants still failed to assert a claim, thereby prejudicing Limitation Petitioners' right to discovery in this case. The Magistrate's form was in response to Limitation Petitioners' motion to compel. It gave claimant thirty (30) additional days to respond to only a few interrogatories. This additional time was granted even though over a year has passed since Limitation Petitioners' discovery was filed.

The delays caused by the failure of these claimants to respond to discovery in violation of the Magistrate's Order also warrants dismissal pursuant to F.R.C.P. 37. This Court has the discretion to dismiss the case with prejudice under F.R.C.P. 37(b)(2)(C) which states:

> . . . If a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such order in regard to the failure as are just, and among others the following . . . c. dismissing the action or proceeding or any part thereof or rendering a judgment by default against the disobedient party . . ..

See *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030 (5th Cir. 1990); *Prince v. Poulos*, 876 F.2d 30 (5th Cir. 1989); *Reed v. Commercial State Bank of El Campo*, 861 F.2d 1381 (5th Cir. 1988); *Dendinger v. First National Corp.*, 1992 WL 21742 (E.D. La. 1992); *Technical Chemical Co. v. Ig-Lo Products Corp.*, 812 F.2d 222 (5th Cir. 1987); *and Truck Treads, Inc. v. Armstrong Rubber Co.*, 818 F.2d 427 (5th Cir. 1987).

In this case, there is a <u>clear record of delay</u> on the part of claimants as discovery has been outstanding for more than a year and no valid reason for such delay has been given. The clear intent of the Magistrate's Order was to determine which of the claimants wanted to continue prosecution of their claim. The above delineates a clear record of delay by the claimants which is unwarranted

and subject to the sanction of dismissal with prejudice by this Court. *Tszker v. Alinentco, Inc.*, 1993 WL 7047 (E.D. La. 1993).

**II  Claimants Alleging They Suffered No Injury, Whether Physical or Mental, Should be Dismissed**

The claimants listed in Exhibit "E" filed claim forms; however, those claimants stated that they suffered no injury or damage as a result of the alleged oil spill and therefore have no cause of action so that their claims should be dismissed. A prerequisite to establishing a cause of action is that the claimant in fact sustained an injury or suffered damages as a result of the behavior of another. *Grenier v. Medical Engineering Corp.*, 243 F.3d 200 (W.D.La. 2000). Therefore, while the Complaint of the claimants against the Limitation Petitioners made allegations of physical and emotional injury, the claimants have admitted in writing that they in fact suffered no injuries. This court should dismiss, with prejudice, those claimants listed in Exhibit "E" from this suit for failure to state a cause of action or claim upon which relief can be granted. These claimants should be sanctioned by the Court for filing a claim when they suffered no damage.

**III.  Claimants Filing Late in Contravention of This Court's Order Should be Dismissed**

The claimants listed in Exhibit "F" failed to file their claims in this case in a timely manner in violation of the court order of May 24, 2001 and the court should dismiss these claims under F.R.C.P. 37. The Limitation Petitioners are entitled to discovery on a good faith basis. The failure of the claimants listed in Exhibit "F" to provide the requisite claim form is in violation of the Magistrate's Order specifically stating that the claimants file full and complete answers to the claim forms in proper form no later than July 2, 2001. There is no doubt that the Magistrate issued that order because of the one year delay that had already passed since the initial discovery was filed by

Limitation Petitioners and that thirty (30) days to answer the few and simple questions asked on the claim form was more than adequate. Failure to comply with such order subjects these claimant to dismissal in accordance with F.R.C.P. 37. <u>Bluitt v. Arco Chem. Co.</u>, 777 F.2d 188 (5th Cir. 1985)(dismissal for willful or bad faith failure to comply with court's discovery order was not an abuse of discretion); *Inova Alexandria Hosp. v. Shalala*, 244 F.3d 342 (4th Cir. 2001); *Jomar Packaging Corp. v. Kobel Int'l. Inc.*, 229 F.3d 1133 (1st Cir. 2000).

The record of delay in this case is highlighted by the fact that the claimants themselves, after being given numerous extensions by the Court, had approximately one month to complete and mail the claim form sent to them by counsel. Nevertheless, despite clearly marked instructions for return of the claim form as well as instructions from counsel in a cover letter, claimants failed to respond to discovery in a timely fashion. Further, counsel for claimants failed to file a motion for an extension of time to file or otherwise notify Limitation Petitioners that claims forms would continue to be filed well over one month after the Court imposed July 2, 2001 deadline. Filing of additional claims forms well over one month after the cut-off has caused an undue burden and expense on this Court and on Limitation Petitioners.

A lesser sanction than dismissal would only serve to allow claimants yet another extension to the clear prejudice of Limitation Petitioners' rights to discovery. Accordingly, defendants are entitled to dismissal with prejudice, of the claims of those plaintiffs who have failed to respond to discovery by the deadline of July 2, 2001 in clear violation of this Court's order of May 24, 2001.

## **CONCLUSION**

Limitation Petitioners are entitled to a dismissal, with prejudice, of the claims of the plaintiffs listed in Exhibits "D" through "F", who (1) failed to file a claim form, (2) failed to file the

claim in a timely fashion in violation of this Court's order of May 24, 2001, or (3) who filed a form but claimed no injury. Limitation Petitioners move for an award of court costs and attorney's fees incurred as a result of failure to respond to discovery, filing late responses and/or for filing a claim in this proceeding when the claimant suffered no injury.

Respectfully submitted,

/s/ Glenn G. Goodier
GLENN G. GOODIER (#06130)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone:(504) 582-8174
Attorney for Defendants,
American Commercial Lines L.L.C. and
American Commercial Barge Line L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 13th day of August 2001

/s/ Glenn G. Goodier
GLENN G. GOODIER

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**