UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br><br>SECTION "B" (5) |

### OBJECTION TO MAGISTRATE JUDGE'S ORDER
(with incorporated memo)

#### A. Introduction

Movers are Aaron Brown, et al.; Respondents are American Commercial Barge Lines, et al, Orion Refining Corporation, and St. Charles Parish Waterworks Department.

Movers have sued Respondents for damages sustained as a direct consequence of the release of diesel fuel from the barge LCD 4907 and /or Orion Refining Corporation's facilities, resulting in Movers' physical, mental and/or emotional injuries, fright, inconvenience, and interruption of or intrusion into their personal lives.

On August 14, 2001, the court entered a ruling regarding outstanding discovery in this matter and related specifically to the court-ordered Claim Form of the last known addresses of 2,399 *Brown* claimants. The court's ruling provided as follows:

> *Based upon responses to the court-ordered Claim Forms, defense counsel has filed a motion to dismiss as to various claimants herein. That matter has been placed on the docket of the District Judge for consideration.*
>
> *On or before August 17, defense counsel is to identify for plaintiffs' counsel the names of the individual claimants as to whom there is no current motion to dismiss which will be brought. Of these people, defense counsel may identify up to 350 individuals for whom defendant wishes to obtain answers to outstanding*

*discovery on or before September 17, 2001. Plaintiffs' counsel is to provide discovery information as to at least 300 of these individuals by September 17th.*

*If the outstanding interrogatories and/or requests for production which defendants have propounded are too onerous in plaintiffs estimation, the Court intends to resolve this issue on an expedited basis on Wednesday, August 22, 2001 at 11:00 a.m. Plaintiffs' counsel shall notify opposing counsel and the Court on or before Friday, August 17th, if this issue needs to be placed on the Court's August 22nd motion docket.*

*On the 17th of each succeeding month following September, 2001, plaintiff's counsel shall provide discovery responses for another 300 of their clients until the outstanding interrogatories and requests for production have been answered for all individuals represented by counsel herein. Should defense counsel not receive written responses to discovery for at least 300 individuals on the 17th of each month, the appropriate motion shall be filed with the Court immediately.*

*Discovery on the issue of class certification may move along a parallel track with the discovery discussed hereinabove. Counsel defending the class certification issue indicated that he may wish to file motions similar to those filed by Mr. Goodier on behalf of ACBL. Counsel discussed whether they wished to seek a continuance of the class certification hearing from the District Judge until all outstanding discovery could be responded to by Mover. There will be a further status conference herein on January 22, 2002 at 2:00 p.m.*

Accordingly, Movers, Brown, et al., file this objection to the magistrate judge's ruling.

**B. Argument**

A party's timely objection to a magistrate judge's decision on a non-dispositive matter is reviewable by a district court on a clearly erroneous or contrary to law basis. 28 U.S.C. §636(b)(1)(A); Fed R. Civ. P. 72(a). (stating that non-dispositive matters may be heard by magistrate judge and that district judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law".) *Anderson, et al. v. Shell Oil, Co.*, 1996 U.S. Dist. Lexis 7497 (E.D. La. May 23, 1996).

Aaron Brown, et al. objects to the magistrate judge's ruling for the following reasons:

(1) The discovery requests made separately by three individual defendant parties, all pertaining to the same case, all pursuing the same areas of discoverable information, remain unduly burdensome. *Fed. R. Civ. P. 26(b)(2)*. Furthermore, discovery may be limited by the court if it determines that "the discovery sought is unreasonably cumulative or duplicative." *id*.

(2) The allowance of separate discovery by the three defendant parties, movers urge, violate the spirit if not the language of the court's Joint Scheduling and Case Management Order of April 2, 2001 (stating that the parties, each petitioner/claimants request for production of documents shall be submitted to each petitioner by all claimant *jointly* and to each claimant by all petitioners *jointly. See Joint Scheduling and Case Management Order paragraphs 6(b) and 6(c)*.

(3) Given the complex nature of this consolidated action, comprehensive, discovery request by all three defendant parties would promote the

expeditious and fair movement of this suit toward resolution without prejudice to the defendant parties.

(4) The burden of the expense and other resources exhausted in producing three sets of discovery responses for the same case, on the same issues, outweighs any benefit to the requesting parties. *Fed. R. Civ. P. 26(b)(2)*. The court "may make any order when justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. P. 26(c)*.

(5) The magistrate judge's guidance in the pre-trial conference, finding that the limitation petitioner, ACBL, remains entitled to answers to discovery, even after responses to the court-designed Claim Form, is onerous and exceedingly burdensome. *id.* It is simply unnecessary at this juncture, with a Motion to Certify Class pending, which will likely affect the interests of all defendant parties, including ACBL, to require compliance with the lengthy discovery now proposed by ACBL. Notwithstanding ACBL's legal status as exempt from class action exposure with the remaining defendants, treatment of all proposed discovery by this party is best handled under tenets of the class action case management procedures. *See LR 23; Fed R. Civ. P. 23(a)*.

## C. Conclusion

Because the magistrate judge's ruling is erroneous, movers urge the court to modify the ruling. Specifically, Aaron Brown, et al. asks the court to suspend the further solicitation of discovery by ACBL, the petitioner-in-limitation, and the remaining defendant parties as well. Movers urge that the court require all three defendant parties to

consolidate their efforts in securing discovery from the claimants/petitioners as authorized by Federal Rule of Civil Procedure 72(b). This should include the imminent need for discovery related to class action certification, as well as all remaining discovery in this consolidated matter.[1]

Finally, movers note that there are three separate discovery motions now pending before the court to be heard September 26, 2001. In the interest of orderly case management, movers pray that these motions be heard as now scheduled notwithstanding relief otherwise requested in this motion.

Respectfully submitted,

WALTER I. WILLARD, BAR NO. 2185
Deer Park, Suite 3F
10555 Lake Forest Boulevard
New Orleans, Louisiana 70127
Telephone: (504) 244-9922
Telefax: (504) 244-9921)
Counselors for the Claimant/Petitioners
Aaron Brown, Adam Reynaud, Adele
Adams, Aaron Smith, Aaron Spears, and
other similarly situated claimants.

---

[1] In addition movers would urge the same relief to the petitioners and *Majorie Richard, et al v. Orion Refinery Corporation, et al.*

## NOTICE OF HEARING

PLEASE TAKE NOTICE that claimants/petitioners, Aaron Brown, et al. in the consolidated causes of action, now bring on before this Honorable Court, the underlying Motion for hearing on the September 19, 2001 at 9:00 a.m., or as soon thereafter as counsel may be heard.

Respectfully submitted,

WALTER I. WILLARD, BAR NO. 2185
Deer Park, Suite 3F
10555 Lake Forest Boulevard
New Orleans, Louisiana 70127
Telephone: (504) 244-9922
Telefax: (504) 244-9921)
Counselors for the Claimant/Petitioners
Aaron Spears, Adam Reynaud, Adele Adams, Aaron Smith, Aaron Brown, and other similarly situated claimants, totaling 2339.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this 4 day of September, 2001.

*A copy delivered to Judge & Magistrate*

_____
Walter I. Willard