UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO. 00-0252 c/w 00-2967 c/w 00-3147 SECTION "B" (5) |

## MOTION FOR RECONSIDERATION

Now into court, through undersigned counsel, come Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud, and Adele Adams, and all others similarly situated, praying that the court grant this Motion for Reconsideration, lodged pursuant to Fed. R. Civ. P. 59(e) and 60(b) in order to prevent manifest injustice, and for the related reasons as further articulated in the attached memorandum. Movers further attach the Memorandum in Opposition to the Motion to Compel Discovery and request for additional time within which to complete discovery responses, which was served upon all opposing counsel under certificate of service dated August 7, 2001. *See Exhibit A.*[2]

Wherefore, the movers pray that the court grant this motion.

Respectfully submitted,

*/s/ Walter I. Willard/*

WALTER I. WILLARD, BAR NO. 2185
Deer Park, Suite 3F
10555 Lake Forest Boulevard
New Orleans, Louisiana 70127
Telephone: (504) 244-9922
Telefax: (504) 244-9921)
Counselors for the Claimant/Petitioners Aaron Brown, et al. and all those similarly situated claimants, totaling 2399.

---

[2] The Exhibit A Memorandum while served on all parties through facsimile transmission was not filed of record due to the court's ruling the previous date of August 6, 2001, now made subject of this motion.

C:\My Documents\W.Willard Correspondence\Orion Refining Corporation-ACBL\Motion for Reconsideration of Dismissal.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO:   00-0252 c/w 00-2967 c/w 00-3147 SECTION "B" (5) |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**

MAY IT PLEASE THE COURT:

Movers in this matter are the body of plaintiffs, totaling approximately 2,390 individuals and citizens of the Parish of St. Charles, Louisiana. Movers urge this honorable court that the action on behalf of the individual claimants in the limitation action, and on behalf of the putative class, now represented by the five named plaintiffs, Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud, Adele Adams, in the related suits be allowed to proceed to an orderly and just resolution.

Movers pray that the court reconsider this case, which by history finds its origin in a July 28, 1999 diesel oil spill into the Mississippi River, caused through joint actions of defendant, Orion Refining Corporation, engaged in a transfer of the diesel oil from its refinery onto the barge of petitioner-in-limitation, American Commercial Lines, hereinafter referred to as "ACBL". The water flow would make its way into the municipal water supply of the Parish of St. Charles where the Parish Waterworks Department managed, over the course of nearly four days, to purge the toxic substance from the Parish's water system.

Procedurally, as the case has advanced to the discovery phase, all three party defendants, ACBL, Orion Refining Corporation, and the Parish of St. Charles

Waterworks Department, have tendered discovery to the two groups of plaintiffs, which combined form a universe of nearly 4,000 claimants.

The case is now scheduled for class certification hearing on November 14, 2001; and the parties are presently engaged in discovery on the class certification issues.

In further handling of the case, the court designed a two page Claim Form for each of the individual claimants to have completed and returned by U.S. Mail, directly to the clerk of court, by a due date of July 2, 2001. Issues outstanding as to what constitute a "complete" response, and what constitutes a timely response, as well as which of the thousands of responding claimants, including those filing before and since the July 2, 2001 date, actually have sustained injuries. These and related issues are the subject of a Motion to Dismiss initially filed by ACBL, defendant party, and then joined by the remaining two defendants separately. The matter is scheduled for a hearing before the court on September 26, 2001.

In addition to the noted discovery Claim Forms responses, the individual named plaintiffs, movers herein, Brown, Smith, Spears, Reynaud, and Adams, collectively, agreed through counsel to provide individual discovery responses to the defendant Orion. This request, and the failure to provide timely responses thereto, remains at the core of this Motion to Dismiss, and presently, Motion for Reconsideration of the Motion to Dismiss.

Movers note that this case consists of the consolidation of three separate actions; and the Order of Consolidation was filed August 12, 2000. While the court has provided the parties with the order of proceedings in the Joint Scheduling Order, discovery has essentially proceeded on an individual basis as to the defendant parties. While the task

might otherwise be reasonably manageable and appropriate, the unduly complex nature of this litigation, e.g. a case combining rules of the Limitation Action with the incongruous tenets of class action certification proceeding, speaks strongly to the need of the court to ensure that the discovery phase, and all further phases in this matter toward resolution, are conducted in a manner fair to all parties.

The court should grant this Motion for Reconsideration in order to complete discovery on behalf of the entire 2, 399 individual claimants, and putative class members totaling approximately 3800 in actions against Orion and St. Charles Parish Waterworks. Doing so movers urge, is necessary to prevent manifest injustice. *Herman Fields v. Pool Offshore, Inc. and Oryx Energy Company*, 1998 U.S. Dist. Lexis 1122 (E.D.La. 1998) citing, *Atlantis State Legal Foundation, Inc. v. Karg Brothers, Inc.*, 841 F.Supp. 5153 (N.D. N.Y. 1993). Further, Fed. R. Civ. P. 59(e), allows such motions as the District Court enjoys considerable discretion in granting or denying the Motion for Reconsideration under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). In the present case, the interest of justice require that the court reconsider the motion, and essentially set aside judgment dismissing the claim on behalf of 2,399 individual claimants for failure of the five named plaintiffs to timely respond to the outstanding discovery of one of three defendants.

Under Fed. R. Civ. P. 60(b), relief from judgment or order would be available under circumstances observed in the present case, wherein the omissions of the five individual plaintiffs are allowed to adversely affect the liability of the claims of 2,399 companion claimants/petitioners.[1] Movers would urge that this honorable court allow the

---

[1] Counsel readily acknowledges that it is in fact the omission of counsel, in the inability to locate the five named claimants/petitioners, which has produced the current case posture.

case to proceed as to all five named plaintiffs, in addition to the remaining individual claimants. Movers note that three of the plaintiffs have supplied discovery responses to the defendant Orion prior to the court hearing. Grounds provided in Fed. R. Civ. P. 60(b)(6), recognizing "any other reason justifying relief from the operation of the judgment," movers pray, reasonably underscores the solid basis for this court to grant the Motion for Reconsideration. The decision in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Prtshp.*, 507 U. S. 380, 391, 113 S. Ct. 1489, 1496 (1993), further refers to the concept of "excusable neglect" and refers to same as a somewhat "elastic concept, not limited strictly to omissions caused by circumstances beyond control of the movant," *Pioneer, id*. That court stated further that

> Because Congress has provided no other guidepost for determining what sorts of neglect will be considered 'excusable', we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *id*.

The present case provides a solid example of the circumstances contemplated by Fed. R. Civ. P. 60(b), in that, "at bottom" the determination is an equitable one, and the opposing party defendant are not prejudiced by allowing the five plaintiffs, as well as the putative class as a whole numbering 2,399 to proceed toward an orderly resolution of the case.

## CONSLUSION

Accordingly, movants urge this honorable court to allow the five named petitioners/respondents in the Orion motion, as well as the remaining members of the putative class, and individual claimants in the limitation action, to further prosecute their cause of action against all three defendants. Otherwise, the lot of the whole are made to suffer due to the inadvertence of five, and indeed, perhaps, the inadvertence of one. This, the interests of justice cannot countenance nor can this honorable court allow. For these reasons, movants, the five named plaintiffs, and the additional party petitioner/claimants, pray that this honorable court grant this Motion for Reconsideration and allow them, in an orderly manner, to provide the requested discovery responses, thusly moving the case toward a fair and just resolution.

Respectfully submitted,

*/s/ Walter I. Willard*

WALTER I. WILLARD (Bar No. 2185)
Deer Park, Suite 3F
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921
Counselor for the Claimant/Petitioners Aaron Brown, et al. and all other similarly situated claimants, totaling 2399.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br><br>SECTION "B" (5) |

<u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE that claimants/petitioners in the limitation action and related causes of action, now bring on before this Honorable Court, the underlying Motion and Incorporated Memorandum to Bar Claims of Certain Putative Class Members, and Opposition thereto, for hearing on ~~September 26,~~ Oct 3 2001 at 9:00 a.m., along with the related motions now scheduled for this same date, or as soon thereafter as counsel may be heard.

Respectfully submitted,

/s/ Walter I. Willard
WALTER I. WILLARD, BAR NO. 2185
Deer Park, Suite 3F
10555 Lake Forest Boulevard
New Orleans, Louisiana 70127
Telephone: (504) 244-9922
Telefax: (504) 244-9921
Counselors for the Claimant/Petitioners Aaron Spears, Adam Reynaud, Adele Adams, Aaron Smith, Aaron Brown, and other similarly situated claimants, totaling 2399.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this 5 day of September, 2001.

_____
Walter I. Willard

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "B" (5) |

## ORDER

Considering the Motion brought by the claimants/petitioners in this consolidated matter, Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud, and Adele Adams in this Motion for Reconsideration of Motion to Compel Discovery, the court rules as follows:

The court grants the Motion and thereby vacates the judgment of August 6, 2001 previously dismissing the action pursuant to LR 7.E5.

New Orleans, Louisiana this _____ day of _____, 2001.

_____
Judge, United States District Court