

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br><br>SECTION "B" [Judge Ivan L.R. Lemelle]<br><br>MAG. (5) [Mag. Judge Alma L. Chasez] |

## MEMORANDUM IN OPPOSITION TO OBJECTION TO MAGISTRATE JUDGE'S ORDER

American Commercial Lines LLC and American Commercial Barge Line LLC (hereinafter collectively referred to as ACL) offer this Memorandum in Opposition to the Objection of Magistrate Judge's Order filed by the Claimants in Limitation ("Claimants").

A Magistrate Judge's ruling on a non-dispositive matter may only be amended or set aside if it is clearly erroneous or contrary to law. However, Claimants' Counsel has made no claim which would support a ruling that the Magistrate's Order was clearly erroneous or contrary to law. Counsel's "Objection to Magistrate Judge's Order" sets forth five objections centered around the claim that discovery in this case is burdensome under Federal Rule of Civil Procedure 26.

N0722613.1 -1-

Rule 26 authorizes a court to limit discovery where such discovery is cumulative or duplicative, the party seeking discovery has had ample opportunity to obtain that information, or the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. The Rule further provides that the court may act either on its own initiative or after a party has made a motion for a protective order.

Counsel for Claimants has not moved for a protective order or a stay of the Magistrate Judge's Order. ACL has not had an opportunity to conduct discovery outside of the Magistrate's approved guidelines which started with a claim form asking for minimal information from each Claimant. (Exhibit "A"). The burden and expense of the case must be weighed in light of the needs of the case and the amount in controversy. In this case, ACL needs discovery in order to commence formulating a defense to the allegations contained in the suit. Given the amount in controversy, discovery is warranted, despite counsel's argument that discovery will cause him to expend resources interviewing the Claimants in his case. Counsel is attempting to use the Federal Rules as a shield to keep from proving the case. Counsel will presumably need to meet with his clients in order to assess their claims and ensure the validity of the case he has brought. Completion of discovery as permitted by the Magistrate will not increase costs which he must expend as a matter of course. The issues at stake are of the upmost importance due to the fact that Counsel is asking this Court to deny discovery to ACL in prejudice of their rights as a petitioner in limitation with a limited, identifiable number of Claimants. ACL is not subject to class action exposure.

Further, to be adequate, objections should be plain enough and specific enough so that the court can understand in what way the discovery is objectionable. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981). See *Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir.1982) (quoting *Roesberg*

*v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D.Pa.1980)) ("party resisting discovery 'must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive....' "). Claimants' counsel has failed to set forth an adequate objection and has merely stated that the discovery is generally burdensome due to the fact that counsel will have to expend resources to answer such discovery. No specific area of the discovery was addressed.

The first objection set forth centers around the claim that "the discovery requests made separately by three individual defendant parties, all pertaining to the same case, all pursuing the same areas of discovery information, remain unduly burdensome." However, a mere statement by a party in a federal civil action that an interrogatory or other request for discovery is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to discovery; the party resisting discovery must show specifically how each request for production is not relevant or how each question is overly broad, burdensome or oppressive. *St Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508 (N.D.Iw. 2000).

Additionally, the objection that the discovery sought is cumulative or duplicative was not substantiated. The discovery issued by ACL, approved by the Court (Exhibit "B") is not cumulative or duplicative in that it does not request information previously obtained by ACL or any other defendant in the consolidated proceedings, other than the name, address and social security number of each Claimant.

Further, this objection contains the misleading suggestion that ACL and defendants in other cases have acted together to propound discovery in the Limitation Action. ACL has propounded discovery in the Limitation case only and is not a defendant in the other cases pending before this Court in consolidated proceedings. The other defendants have propounded discovery to the handful of nominal plaintiffs in a putative class action. As noted above, discovery in this case has not been

forthcoming. The Claimants have submitted claim forms with limited information. The discovery attached as Exhibit "B" hereto is the only other discovery outstanding at this time and an objection on the basis of the discovery being duplicative or cumulative is premature. Should duplicative discovery arise through the "class action" defendants in the future, Claimants' Counsel will need to present an objection at that time.

The second objection relates to the April 2, 2001 Scheduling Order. The Order required Claimants' Counsel to produce discovery to ACL and other parties. Claimants' counsel failed to respond to discovery and ACL filed a Motion to Compel responses to discovery which was granted by Magistrate Chasez. Magistrate Chasez ordered that the initial discovery due from all Claimants was to answer a few basic questions. (Exhibit "A"). The purpose of the initial discovery was to determine who would pursue a claim and gather basic information. Problems associated with the response to that discovery are the subject of a separate motion. Once the initial discovery was received the Magistrate would allow more complete discovery from the remaining Claimants. Magistrate Chasez thereafter, on August 14, 2001 set forth a new time frame within which Counsel for Claimants must respond to ACL's discovery on an individual basis. (Exhibit "C"). Magistrate Chasez heard arguments presented by Counsel for Claimants regarding the discovery propounded by ACL and found that the Interrogatories and Requests for Production of Documents were proper but agreed to make the few changes that counsel requested (Exhibit "D"). Counsel made no objection at the hearing similar to the objections now raised here. The Magistrate's decision to allow ACL to proceed with discovery was issued with the full knowledge that counsel continues to fail to respond to discovery in any meaningful way despite the Magistrate's intervention, and continues to procrastinate in responding to discovery well over one year after discovery was first propounded.

The third objection centers around the fact that this proceeding is complex. Notwithstanding the complexity of the proceedings, the denial of ACL's right to discovery from every Claimant in this case is neither expeditious nor fair, as it would prejudice ACL's defense of this matter. ACL has reason to suspect that there may be members of the class which are not legitimate Claimants. For instance, in reviewing the claim forms submitted, some individuals were found to have identical social security numbers or were found to have entire families with social security numbers in numerical order. While the discrepancy may have a legitimate explanation, ACL has a right to discovery from the Claimants in order to form defenses to the claims asserted against them in a manner that is not prejudicial to ACL.

The fourth objection centers around the burden and expense associated with producing discovery from the Claimants citing Rule 26. To date, ACL has spent an enormous amount of time and resources to manage this case. It is not equitable to allow such burdens, costs and expenses to be imposed upon ACL in defending the case and yet permit counsel for Claimants to escape the burden of proving their case. Rule 26 does not support Claimants' objection, and was not intended to relieve Claimants of the duty of proving their case.

Rule 26 governs whether evidence is relevant and relevancy is to be broadly construed for Rule 26(b) purposes and not limited to the precise issues set out in the pleadings or to the merits of the case. *Rhone-Poulenc Rorer Inc. v. Aetna Casualty & Surety Co., et al.*, No. CIV.A 88-9752, 1992 WL 394425, at *3 (E.D.Pa. Dec. 28, 1992). "Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. As a result, discovery rules are to be accorded broad and liberal construction." *See Id.* The burden falls on the party resisting discovery to show specifically how each discovery item is not relevant or how each item is overly broad, burdensome, or oppressive which has not been done in

this case.

Finally, the Fifth objection posed by counsel suggests to this Court that the Magistrate's Ruling was, again, onerous and exceedingly burdensome because a Class Certification Motion would affect the interest of all defendants, including ACL. However this is simply not the case given that ACL is exempt from class action exposure, which point is conceded by counsel. While counsel would prefer to have the case handled in a manner more convenient for counsel, such an order would be prejudicial to ACL.

## CONCLUSION

Nothing stated in the objection filed by counsel could possibly sustain a ruling that the Magistrate Judge's Order was clearly erroneous or contrary to law. Suspension of discovery would merely delay responses which ACL has been requesting for well over one year. The Federal Rules of Civil Procedure do not provide a remedy in this case where Counsel for Claimants has not set forth a specific objection to the particular items of discovery sought by ACL to which ACL is entitled. Accordingly the Magistrate Judges Order should be upheld and discovery should proceed in the orderly fashion set forth by the Magistrate.

Respectfully submitted,

*(signature)*

/ GLENN G. GOODIER  (#06130) T.A.
RUTH B. SCHUSTER  (#26506)
Jones, Walker, Waechter, Poitevent, Carrère
& Denègre, L. L. P.
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:  504/582-8174
Telefax:  504/582-8010
Attorneys for American Commercial Lines
   L.L.C.
and American Commercial Barge Line L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel by placing same in the U.S. Mail, properly addressed with first class postage prepaid, this 12th day of September, 2001.

*(signature)*

/ RUTH B. SCHUSTER

Respectfully submitted,

/ GLENN G. GOODIER  (#06130) T.A.
RUTH B. SCHUSTER  (#26506)
Jones, Walker, Waechter, Poitevent, Carrère
& Denègre, L. L. P.
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:  504/582-8174
Telefax:  504/582-8010
Attorneys for American Commercial Lines
   L.L.C.
and American Commercial Barge Line L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel by placing same in the U.S. Mail, properly addressed with first class postage prepaid, this 12th day of September, 2001.

/ RUTH B. SCHUSTER

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**