FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 13 PM 3: 35

LORETTA G. WHYTE
CLERK

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF AMERICAN COMMERCIAL          CIVIL ACTION
LINES, L.L.C. as Owner of the Barge LCD 4907,        NO.: 00-0252
and AMERICAN COMMERCIAL BARGE LINE             c/w    00-2967
L.L.C., as Charterer and Operator of the Barge        c/w    00-3147
LCD 4907, Praying for Exoneration from and/or
Limitation of Liability                                SECTION "B" (5)
                                                       Applies to 00-2967 ONLY


PLAINTIFFS' OPPOSITION TO MOTION AND
INCORPORATED MEMORANDUM TO BAR CLAIMS
OF CERTAIN PUTATIVE CLASS MEMBERS

Plaintiffs, Margie Richard, et al, through undersigned counsel opposes defendant's Joint

Motion to Bar Claims of Certain Putative Class Members for the reasons set forth in the following

incorporated argument.

**Argument**

I.    **Claimants failing to file claim form should not be summarily dismissed.**

On May 24, 2001, the Court ordered that all claimants in this matter file an abbreviated

claim form by mail not later than July 2, 2001.  Approximately 20% of the claimants did not

received their claim forms due to the U.S. Mail's inability to perfect delivery.  Additional delays in

the mailing process afforded other potential class members a period of less than 30 days to

execute and return their respective claim forms.  Many other potential class members did not

received their claim forms due to absence or relocation.

Plaintiffs content that dismissing potential class members prior to a class certification

hearing will unduly deny their right to perfect their claim and deny their inherent right to due

process.

Exclusively using the U.S. Mail to contact plaintiffs, may not be sufficient to adequately notify all parties. Class action certification will afford claimants more effective notice and liberally allow an adequate amount of time to perfect the notice process. "Trial Court in a class action to recover for allegedly negligent discharge of phenol into river could order notice by publication and through television or radio advertisement." Ellis v. Georgia Pacific Corp., App. 1 Cir. 1989, 550 So.2d 1310. "Such means of notice by publication (newspapers, bulletin board, etc.) may suffice, as will, under the circumstances reasonably apprise those interested of action." Williams v. State, Sup. 1977, 350 So.2d 131.

Dismissing claimants in the early stages of this litigation will unduly deny their right to ultimately join named and unnamed class member in obtaining fair and adequate recovery for their injuries, in the event this proceeding is certified as a class action by this Honorable Court.

**II.    Claimants alleging they suffered "no injury" should not be dismissed.**

Generally, the word injury requires no explanation. In the context of this litigation, the word "injury" is a legal term, possibly requiring definition in order to preclude the lay reader from making an erroneous interpretation.

Many claimants in this case assumed injury to mean "physical injury" and failed to consider "fear and fright" and mental anguish as an injury.

Plaintiffs strongly content that further and more detailed discovery will certainly reveal that the vast majority of claimants responding in the negative to the question regarding "injury", did in fact suffer mental anguish due to "fear and fright".

Certain claimants who are the subject of this dismissal motion may not presently be aware of their injuries. The Manuel For Complex Litigation (3d) Sec 30.45 at 244 (1995) warns that "Persons who may not currently be aware that they have a claim or whose claim may not yet have

come into existence . . . cannot be given meaningful notice".

Claimants herein should therefore not be dismissed prior to expert involvement and additional discovery.

### III.    Dismissing claimants in the early stages of this litigation may adversely impact upon their statutory right to "opt out" of this litigation.

F.R.C.P. 23 (c)(2) affords each class member the right to "opt out" thereby excluding themselves from the class.  The claim forms which are the subject of this motion did not include language addressing "exclusion" under F.R.C.P. 23 (c)(2).  The claimants future rights under this provision could be jeopardized in the event they are summarily dismissed from this litigation.

Federal due process requires that at some stage of litigation, all identifiable prospective members of a class be given reasonable notice of pendency of litigation and opportunity to opt out of or join in class action.

Plaintiffs do concede that class action certification is not predictable or guaranteed, however, the "opt out" right of putative claimants should certainly be afforded proper protection.

### Conclusion

Plaintiffs contend that a summary dismissal of claims in the early stages of this litigation will diminish and in cases deny the opportunity to avail themselves of their legally protected rights.

Respectfully Submitted By:

Randal L. Gaines #17567
Attorney For Plaintiffs
311 Devon
LaPlace, LA  70068
(985) 652-3299

## CERTIFICATE OF SERVICE

I certify that I have sent a copy of the foregoing pleading by mailing a copy first class

mail properly addressed postage prepaid to all parties, this 27th day of September 2001.

_____
Randal L. Gaines