FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 18 AM 8:47

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "B"<br><br>MAG. (5) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION TO RECONSIDER AND VACATE COURT'S ORDER

**NOW INTO COURT**, through undersigned counsel, come Petitioners in Limitation who ask this Court for an Order reconsidering its Order of September 12, 2001 and vacating that Order, for those reasons set forth in the attached memorandum.

N0723518.1

Fee_____
Process____
X Dktd_____
__CtRmDep__
Doc.No.____

Respectfully submitted,

_____
GLENN G. GOODIER (#06130)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone:(504) 582-8174
Attorney for Defendants,
American Commercial Lines L.L.C. and
American Commercial Barge Line L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 14th day of September, 2001.

_____
GLENN G. GOODIER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN<br>COMMERCIAL LINES LLC as<br>Owner of the Barge LCD 4907<br>and AMERICAN COMMERCIAL<br>BARGE LINE LLC as Charterer and<br>Operator of the Barge LCD 4907,<br>Praying for Exoneration from and/or<br>Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w  00-2967<br>c/w  00-3147<br>SECTION "B"<br><br>MAG. (5) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM IN SUPPORT OF
MOTION TO RECONSIDER AND VACATE COURT'S ORDER

The Federal Rules of Civil Procedure and the related Local Rules are intended to foster the orderly prosecution of justice. Counsel for all parties involved in litigation are required to follow the same rules; otherwise, the system breaks down. Claimants filed a motion for continuance of hearings and a motion to suspend Magistrate's Order on September 11, 2001. The motion was not noticed for hearing, despite the fact that it was opposed, and an ex parte order was attached to the motion. Although the motion made reference to certain agreements of counsel, the recitation was not entirely accurate. The Court signed the ex parte order on September 12, 2001. Counsel for

N0723544 1

Petitioners in Limitation received the first copy of the motions and order on September 13, 2001, the day after the motion was signed by the Court. It is difficult for a party to respond to a motion in a timely manner when the motion is not properly noticed for hearing, and the order is signed before counsel receives a copy of the motion. This is a total breakdown of the system.

Counsel for Claimants filed his motion on September 11, 2001 and made certain recitations about what undersigned counsel, for American Commercial Barge Line LLC and American Commercial Lines LLC (hereafter referred to jointly as "ACL"), did or did not agree to in a telephone conversation. In that telephone conversation, counsel for Claimants suggested that all motions be postponed for a month. This was not agreed to.

Pursuant to the Magistrate's Order, ACL filed a motion to dismiss certain claims on August 13, 2001 with the motion set for hearing on September 5, 2001. Counsel for Claimants requested an extension of time by motion filed August 29, 2001, without objection by undersigned counsel. The Court reset the matter for hearing on September 26, 2001. Accordingly, the motion recently signed by the Court on September 12, 2001, was a request for a second postponement of the hearing. What undersigned counsel told counsel for Claimants was that there was no reason for the September 26, 2001 hearing date to be continued to October 3, 2001 because the matters being heard on October 3, 2001 were not "connected" to the matters to be heard on September 26, 2001 and further, the Court had not assigned oral argument.

Counsel for Claimants' September 11, 2001 motion, in its conclusion and request for relief, also asks for a suspension of the implementation of the Magistrate's Order with respect to discovery. There is no statement by plaintiffs' counsel as to whether or not there would be an objection by

undersigned counsel. Undersigned counsel advised counsel for Claimants that there was an objection to the suspension of the implementation of the Magistrate's Order. Failure to indicate the objection is a violation of the Rules of this Court.

Local Rule 7.2 (E) of the Uniform District Court Rules required that the September 11, 2001 motion be set for hearing, since it was a contested motion. There was no request for an expedited hearing. Undersigned counsel was not given the opportunity to respond.

Counsel for Claimants has filed an objection to the Magistrate's Discovery Order, which is now set for hearing on October 3, 2001. The objections made by counsel for Claimants were specific. There was no objection or request by counsel for Claimants for a stay of the Magistrate's Order, and this request is untimely and comes too late. (Federal Rule of Civil Procedure Rule 72).

Accordingly, Petitioners in Limitation ask that the Court vacate its previous Order, and require that counsel for Claimants follow the Rules of this Court.

> Respectfully submitted,
>
> _/s/ Glenn G. Goodier_
> GLENN G. GOODIER (#06130)
> Jones, Walker, Waechter, Poitevent,
>   Carrère & Denègre, L.L.P.
> 201 St. Charles Avenue, Suite 4800
> New Orleans, Louisiana 70170-5100
> Telephone:(504) 582-8174
> Attorney for Defendants,
> American Commercial Lines L.L.C. and
> American Commercial Barge Line L.L.C.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 14th day of September, 2001.

_____<br>
GLENN G. GOODIER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w  00-2967<br>c/w  00-3147<br>SECTION "B"<br><br>MAG. (5) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Petitioners in Limitation will bring on its Motion to Reconsider and Vacate Court's Order at a time and date to be set by the Court on an expedited basis.

N0723537.1

Respectfully submitted:

*[signature]*

GLENN G. GOODIER (#06130)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L. L. P.
201 St. Charles Avenue, Suite 4800
New Orleans, LA 70170-5100
Telephone:(504) 582-8174
Attorney for American Commercial
 Lines LLC and American
  Commercial Barge Line LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this __14__ day of __September__, 2001.

*[signature]*

GLENN G. GOODIER