FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 20 PM 12: 15

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO: 00-0252 c/w 00-2967 c/w 00-3147 SECTION "B" (5) |

### MEMORANDUM IN OPPOSITION OF RESPONDENT'S MOTION TO RECONSIDER AND VACATE COURT'S ORDER

NOW INTO COURT, through undersigned counsel, come movers, Aaron Brown, et al. who ask this Court to uphold its Order of September 12, 2001 for the reasons set forth below:

Movant's agree with Respondent in that The Uniform Local Rules of the United States District Court foster the "orderly prosecution of justice" which is why the undersigned has made considerable effort to comply with the spirit and language of the court's Joint Scheduling and Case Management Order of April 2, 2001 (stating that that the parties, each petitioner/claimants request for production of documents shall be submitted to each petitioner by all claimants jointly and to each claimant by all petitioners jointly. *See Joint Scheduling and Case Management Order paragraphs 6(b) and 6(c).* Our request for a continuance of all hearings in this matter October 3, 2001 evidences our interest and support of the orderly prosecution of justice.

First, movants' Motion for Continuance of Hearings and Motion to Suspend Magistrate's Order filed September 11, 2001 was not noticed for hearing due to

movants' understanding of the Local Rules that no memorandum or hearing is required by either movant or respondent, unless otherwise directed by the court, with respect to continuance of a hearing. *Local Rule 7.4.1W.* It is movants' interest for all parties to follow the same rules. Movants' September 11, 2001 Motion for Continuance was accompanied by a certificate reflecting Respondent ACBL's opposition to movants' Motion to Continue all Hearings and Suspension of Magistrate's Order as required by the federal rules. *Local Rule 7.9W.*

Movants accept full responsibility for Respondent ACBL receiving the delayed mailed copy of the Motion for Continuance and Order September 13, 2001. The September 11, 2001 mailing was delayed until September 12, 2001 due to movants' interest in mailing a filed copy of said motion to Respondent and the early release of movants' staff in light of the national tragic event that occurred September 11, 2001.

Second, movants' never suggested, desired, or requested Respondent ACBL that "all motions be postponed for a month". Movants requested of all three parties defendant (which includes Respondent ACBL) in a telephone conversation September 7, 2001, merely to concur in continuing September 19, 2001 and September 26, 2001 hearings on October 3, 2001. Counsel for Respondent ACBL expressed extreme doubt that federal court would grant movants' request to continue all hearings October 3, 2001 notwithstanding movants' grounds of judicial efficiency, and as a result, counsel for Respondent ACBL disagreed with movants' request to continue all hearings October 3, 2001.

Third, Respondent ACBL's motion to dismiss certain claims filed August 13, 2001 with the motion set for hearing September 5, 2001 was continued September 26, 2001 at movants' request, without objection by the parties defendant. Although September 11, 2001's Motion to Continue All Hearings may be a second request for continuance, judicial efficiency, movants assert, may be granted by the court if evidenced as a good cause. In addition, movers assert that Respondent ACBL's motion to dismiss filed August 13, 2001, the matter that was to be heard in the previously scheduled September 26, 2001 hearing, is "connected" to the October 3, 2001 hearing because the October 3, 2001 hearing addresses Respondent ACBL's dismissal of movers claim due to failure to timely submit discovery responses. These two hearings are clearly "connected" which is why movers urged consolidation of the two separately scheduled hearings.

Fourth, in movants' September 11, 2001 Motion to Continue All Hearings, movants incorporated a request for the suspension of the implementation of the Magistrate's pending Order with respect to discovery request because the discovery responses of 350 claimants were scheduled to be due to Respondent ACBL September 17, 2001, two days prior to the movants' granted September 19, 2001 hearing on its motion *objecting* to the Magistrate's Order instructing claimants discovery responses to be made on or before September 17, 2001. The next logical, efficient step for movers apparently was to incorporate suspension of the pending Magistrates' Order in its motion requesting continuance of all hearings to October 3, 2001, when all pending issues may

be resolved in this consolidated case. This, movers urge, is the most efficient use of the court's judicial time in a case so complex in nature.

Fifth, it is movants' understanding that no hearing is required to continue a hearing and that an extension and/or further extensions may be granted by the court if requested by the moving party and good cause is shown. *Local Rules 7.4W and 7.9E.* Moreover, it is understood that a motion for continuance or for an extension of time may be made by the movants' attorney even when there is an objecting respondent, such as ACBL, as long as the motion is accompanied by a certificate stating there is opposition to the request and the reason(s) thereof. *Local Rule 7.9W.* With this applicable Rule, and all other pertinent Rules of the court, movants have complied.

Accordingly, movants pray that the ACBL request to vacate the controlling Order of this honorable court be denied.

Respectfully submitted,

THE WILLARD FIRM

_____
WALTER I. WILLARD (Bar No. 2185)
Deer Park, Suite 3F
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this _20_ day of _Sept._, 2001.

Walter I. Willard