FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 21  PM 12: 03

LORETTA G. WHYTE
        CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO. 00-0252 c/w 00-2967 c/w 00-3147 Applies Only to 00-3147 SECTION "B" (5) |

## MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION

NOW INTO COURT comes defendant Orion Refining Corporation who, through undersigned counsel, respectfully requests this Honorable Court deny the Motion for Reconsideration filed on behalf of plaintiffs Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud, and Adele Adams. Plaintiff counsel is correct in that the procedural history of this litigation is somewhat complex, involving its removal to federal court and consolidation with an identical class action lawsuit and with a maritime limitation action. Nevertheless, the reasons requiring dismissal of the lawsuit are quite straightforward - the five named plaintiffs failed, despite a motion to compel and Order from the Court, to respond to discovery.

___Fee_____
___Process____
_X_Dktd_____
_✓_CtRmDep____
___Doc.No.____

## FACTUAL BACKGROUND

On July 21, 2000 and July 25, 2000, the Brown[1] and Richard[2] petitions respectively were filed in the 29th Judicial District Court for the Parish of St. Charles. Both petitions sought to assert class-action claims against Orion Refining Corporation ("Orion"), among other defendants, for an incident which occurred on or about July 28, 1999, when an unknown quantity of diesel fuel allegedly entered the St. Charles Parish water supply. Defendant Orion subsequently removed both suits to the United States District Court for the Eastern District of Louisiana. Once removed, both suits were consolidated with a Limitation of Liability action then pending in the Eastern District.[3]

On December 6, 2000, defendant Orion Refining Corporation ("Orion") propounded interrogatories and requests for production to all named plaintiffs, requesting a variety of relevant information necessary so that counsel for Orion could begin to prepare a defense in this matter.

Answers were originally due on January 5, 2001, yet undersigned counsel received no response. Subsequently, all counsel met and agreed to the Joint Report of Counsel, wherein it was determined that plaintiffs would respond to Orion's discovery by March 1,

---

[1] Aaron Brown et al. v. Orion Refining Corp. et al., Docket No. 53,737E, 29th JDC.

[2] Margie Richard et al. v. American Commercial Lines, L.L.C. et al., Docket No. 53,756E, 29th JDC.

[3] In the Matter of American Commercial Lines, L.L.C., Action No. 00-0252(B)(5) E.D.La. U.S.D.C.

2001. That date, too, passed without any proper response.

Later, on March 29, 2001, a status conference was held with the Court. It was agreed that plaintiffs would provide complete answers to Orion's discovery within a week. However, more than a month passed without any response.

On May 15, 2001, defendant Orion Refining Corporation, filed a Motion to Compel Responses to Orion's Interrogatories and Requests from Production. Prior to the May 23, 2001, hearing date, counsel for Orion received responses on behalf of Margie Richard, Gaynell Johnson, Felecia Macon, Bryant Devon, Alvin Smith, Jr. (the "Richard" plaintiffs). However, no response was received from the remaining plaintiffs, Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud, and Adele Adams (the "Brown" plaintiffs), and the hearing on the motion to compel proceeded as to them.

Immediately following the hearing, the Court Ordered as follows:

Granted. Plaintiffs are to answer Orion's outstanding discovery requests by June 17, 2001. Orion is to file the appropriate motion if plaintiffs fail to do so.

Despite the Court's order, as well as defendant Orion's forbearance from filing this motion for several days, plaintiffs Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud, and Adele Adams still had not responded to defendant's discovery by July 16, 2001, when Orion filed a Motion to Dismiss based on this failure to respond to discovery. The Motion to Dismiss was set for hearing on August 8, 2001.

Under Local Rule 7.5E, the Brown plaintiffs were required to file their opposition memorandum eight days prior to the hearing date. They failed to do so. For this reason, the

Court considered the Motion to Dismiss to be unopposed and granted it on August 6, 2001.

## ARGUMENT

Plaintiffs' Motion for Reconsideration puts forth several arguments in an attempt to justify their request to withdraw the Order dismissing this suit and allowing them even more time in which to respond to discovery. However, a review of each of these issues reveal that they fail to provide any basis for reversing this Court's August 6, 2001 Order dismissing this suit.

First, plaintiffs seem to suggest in their Motion that they needed more time than they had already been given to answer discovery on behalf of some 2,399 individuals. This argument, though, confuses the class action brought by the <u>Brown</u> plaintiffs and the limitation action brought by ACBL. The discovery submitted on December 6, 2000, by Orion was only addressed to the five named representatives in the <u>Brown</u> suit. There is absolutely nothing unduly burdensome, or even unusual, about asking five plaintiffs to respond to discovery.

Moreover, these five plaintiffs had over seven months to respond to the discovery between the time that Orion submitted the discovery requests and the time that it filed its Motion to Dismiss. Other than several promises to provide the discovery responses shortly -- none of which were kept -- plaintiff appear to have made no effort to respond prior to the dismissal of their suit.[4]  Additionally, they did not even move for an extension of time to

---

[4] On page four of their Motion for Reconsideration, plaintiffs note "that three of the plaintiffs have supplied discovery responses to the defendant Orion prior to the court hearing."

4

respond. There is no excuse for this extensive delay in answering discovery and dismissal of the suit is the only adequate solution.

In addition to discussing the complexities of this case in their Motion for Reconsideration, plaintiffs also argue that the lawsuit should be reinstated to prevent the putative class members from being unjustly harmed by the failure of the five named plaintiffs to answer the discovery. Candidly, of course, defendant wishes that the dismissal of the Brown suit at this stage of the litigation process would bar claims of all putative class members. Nevertheless, undersigned counsel has an obligation to the court to point out that this is not the case. An order entered in an uncertified case binds solely the individual representative plaintiffs and not the absentee class members. Shelton v. Pargo, Inc., 582 F.2d 1298, 1303 (4th Cir. 1978). Because this litigation has not been certified, the effect of this dismissal is limited to the five named plaintiffs. For this reason, plaintiff counsel's plea that "the lot of the whole [not be] made to suffer due to the inadvertence of five, and indeed, perhaps, the inadvertence of one," while eloquent, is mistaken. The only parties to "suffer" are the named plaintiffs who failed to answer discovery, thereby creating this situation in the first place.

---

While this may be technically true, Orion must, in turn, point out that the partial discovery responses referred to by plaintiffs were not turned over to counsel for Orion until *after the suit had been dismissed*. The apparent discrepancy here is due to the fact that plaintiffs did not even oppose Orion's Motion to Dismiss. Because plaintiffs failed to even object to Orion's Motion to Dismiss, the Court dismissed this suit on August 6th, two days prior to the originally scheduled hearing date. It is also of some interest to note that the August 8th hearing date was *without* oral argument.

5

Finally, plaintiffs argue that "the opposing party defendant [Orion] are [sic] not prejudiced by allowing the five plaintiffs, as well as the putative class as a whole numbering 2,399 to proceed toward an orderly resolution of the case." (Plaintiffs' Motion for Remand, pg 4.)

Orion respectfully disagrees and would suggest to the court that it would very much be prejudiced by allowing this matter to continue, especially in light of the named plaintiffs' continuing failure to respond to even the most basic discovery. The United States Fifth Circuit has recognized the profound disadvantages faced by defendants in class action litigation:

> In the context of mass tort class actions, certification dramatically affects the stakes for defendants. Class certification magnifies and strengthens the number of unmeritorious claims. Aggregation of claims also makes it more likely that a defendant will be found liable and results in significantly higher damage awards. In addition to skewing trial outcomes, class certification creates insurmountable pressure on defendants to settle, whereas individual trials would not. The risk of facing an all-or-nothing verdict presents too high a risk, even when the probability of an adverse judgment is low. These settlements have been referred to as judicial blackmail.
> Castano v. American Tobacco Co., 84 F.3d 734, 746-47 (5th Cir. 1996) (citations omitted).

This "judicial blackmail" is even more effective if, as here, plaintiffs attempt to eliminate the one shield defendants have against unmeritorious claims: the ability to conduct discovery. Without question, plaintiffs' actions have unnecessarily delayed this litigation, thereby placing an additional burden on this defendant. Reinstating this lawsuit -- a lawsuit of five plaintiffs who are apparently so uninterested in the litigation that they cannot even be

bothered to keep their own counsel informed of their current addresses[5] -- will only create further undue prejudice for this defendant.

For the reasons set forth above, defendant Orion Refining Corporation respectfully request s that the Motion for Reconsideration filed on behalf of plaintiffs Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud, and Adele Adams be denied.

Respectfully submitted:

_____
SIDNEY J. HARDY (1938) (T.A.)
RICHARD A. HOUSTON, III (25100)
CAMPBELL, McCRANIE, SISTRUNK,
  ANZELMO & HARDY
3445 N. Causeway Boulevard
Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Counsel for Defendant Orion Refining
Corporation

---

[5] Plaintiffs' footnote number one states that plaintiffs' counsel has been unable to locate his clients. Under the circumstances, it is difficult to envision how they can ever be considered adequate class representatives.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing the same in the U.S. Mail, postage prepaid and properly addressed, this 21st day of September, 2001.

*[signature]*

Sidney J. Hardy
Richard A. Houston