FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 SEP 24  PM 4: 04

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w  00-2967<br>c/w  00-3147<br>SECTION "B"<br><br>MAG. (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN OPPOSITION TO
### MOTION FOR RECONSIDERATION

American Commercial Lines, L.L.C. and American Commercial Barge Line, L.L.C. (hereinafter collectively referred to as "ACL") offer this Memorandum in Opposition to Motion for Reconsideration filed by the Claimants in Limitation ("Claimants").

**Claimants' Assertions of Fact Are Misleading**

If ACL interprets the Memorandum in Support of Motion for Reconsideration correctly, Claimants purport to have, at the "core" of the Motion or Reconsideration, objections relating to the Court's ruling on Orion Refining Corporation's (hereinafter referred to as "Orion") Motion to

N0726986.1

Dismiss. Orion is not a party to the limitation action but is a defendant in two putative class actions, one filed by Mr. Gaines and one filed by Mr. Willard. The putative class action that was dismissed was Mr. Willard's. Claimants state that:

> "in addition to the noted discovery claim forms responses, the individual named plaintiffs, movers herein, Brown, Smith, Spears, Reynaud and Adams, collectively, agree through counsel to provide individual discovery responses to the defendant, Orion. This request, and the failure to provide timely responses thereto, <u>remain at the core of this Motion to Dismiss and presently, Motion for Reconsideration of the Motion to Dismiss</u>."

Nevertheless, reference to ACL and misleading statements regarding ACL are included in this Motion and ACL is compelled to respond. The Motion filed by Claimants contains various misleading statements as noted below:

1. Claimants state that St. Charles Parish Water Works Department (hereinafter referred to as "St. Charles Parish") took four (4) days to purge "toxic substances" from the water system. No discovery received to date substantiates such a statement, and in fact, discovery produced by St. Charles Parish clearly refutes such statement. Nevertheless, if Claimants contend that such statement is fact, ACL has not been provided with discovery from Claimants which would support the claim.

2. Claimants state that discovery has been tendered to all 4,000 claimants by ACL, Orion, and St. Charles Parish. In fact, all 4,000 individuals in this consolidated proceeding have not been subject to individual discovery from each defendant outside of being compelled to file a Court-Approved Claim Form, designed by Magistrate Chasez.

    The Limitation case involving ACL is moving on a separate track from the putative class actions involving Orion and St. Charles Parish. ACL, acting on its own and not jointly

with the defendants in the consolidated cases, propounded discovery on individual Claimants over a year ago which was never answered. Orion and St. Charles Parish also propounded general discovery in the two putative class actions only to the named putative class representatives. As a result of Claimants failure to respond to ACL's discovery as well as failure of counsel to respond to the discovery of Orion and St. Charles Parish, Magistrate Chasez ordered on May 24, 2001 that all persons making a claim in any of the consolidated proceedings complete a Court Approved Claim Form. The purpose of such Order was to provide initial and minimal discovery to ACL, Orion and St. Charles Parish. Subsequently, Magistrate Chasez ordered that only individual Claimants in the Limitation action, not all individuals in the consolidated proceedings, respond to additional discovery propounded by ACL. This Court properly upheld the Magistrate's Order.

3.  Claimants state that the "case" is scheduled for class certification. The "case" referred to collectively in the Memorandum in Support of Motion for Reconsideration presumably refers to the consolidated proceedings. However, the Limitation action, while part of the consolidated proceedings, is not scheduled for class certification. Thus, Orion and St. Charles Parish may be engaged in discovery on class certification issues; however, the issues of class certification and procedure do not directly affect the separate Limitation proceeding.

4.  Claimants attach, as an exhibit to their Motion for Reconsideration, a "Memorandum in Opposition to Motion to Compel Discovery and Request for Additional Time Within Which to Complete Discovery Responses" which was never filed with the Court by Claimants. Attaching such an untimely motion to this Motion for Reconsideration is an attempt by counsel to bring untimely and moot objections before this Court. Further, raising the issue

of the time frame for completing discovery in a motion which purports to address the Court's ruling on Orion's Motion to Dismiss is disingenuous and confusing at best.

### Claimants Must Produce Discovery Ordered by the Court

Claimants state that the Court should grant the Motion to Reconsider "in order to complete discovery on behalf of the entire 2399 individual Claimants, and putative class members totaling approximately 3800 in actions against Orion and St. Charles Parish Water Works." It is difficult to interpret what relief Claimants are requesting by this statement and whether this statement applies to the "core" of the Claimants' Motion to Reconsider or whether it actually applies to the manner in which future discovery will proceed as to ACL. To the extent that this statement could impinge upon ACL's right to further discovery as Ordered by the Magistrate and this Court, ACL is compelled to respond.

First, reference to individual discovery to be completed by 3800 individual Claimants in the actions against Orion and St. Charles Parish is premature as the Magistrate and this Court have not ordered 3800[1] Claimants to produce discovery on an individual basis. Only those Claimants in the Limitation have been ordered to respond to discovery.

Additionally, Claimants make a blanket statement regarding "manifest injustice." However, such statement is simply set forth and no reasons or argument regarding the existence of manifest injustice is presented. The Magistrate ordered that the individual Claimants respond to interrogatories and requests for production propounded by ACL. This discovery was approved and

---

[1] On page 2 of Claimant's Memorandum in Support of Motion for Reconsideration, Claimants refer to a "universe of nearly 4,000 claimants." On page 3 of that same motion, the "universe" has been reduced to 3800 claimants. Obviously, Counsel for Claimants does not have a firm grasp of the scope of this suit which gives further credence to ACL's request for further discovery.

N0726986.1    4

found not to be "too onerous" by the Magistrate. This Court upheld the Magistrate's ruling regarding completion of ACL discovery in the Limitation action only. Initial responses by 300 claimants should have been made on September 17, 2001; however, in keeping with Claimant's actions in this case, not a single interrogatory nor request for production has been answered. The Court's Orders should be upheld as no reason for overturning such order has been presented by Claimants.

**FRCP 59(e) and FRCP 60(b) Do Not Provide Relief from Judgement In This Case**

Claimants state that Federal Rule of Civil Procedure 59(e) allows a district court to grant or deny a Motion for Reconsideration. FRCP 59 relates to requests for a new trial. Specifically, Rule 59(e) cited by Claimants states:

> (e) Motion to alter or amend judgement. Any motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment.

Claimants may actually be referring to FRCP 59(d) which states that "a judge may grant a timely motion for a new trial"; however, since no trial has occurred in this case, Rule 59 is not applicable. Thus, Claimants request that the Court "essentially set aside a judgment dismissing the claim" is not supported.

As stated, Claimants asserted no argument or reason why this Court should grant Claimants' Motion and rely upon opposing counsel and this Court to read and interpret the cases cited to make their argument. In doing so, this Court cannot be persuaded as to the merit of Claimants claim of "manifest injustice." In the first case cited by Claimants, *Fields v. Pool Offshore, Inc.*, 1998 WL 43219 (E.D.La. 1998), the court stated that a new trial could be granted if necessary to prevent manifest injustice citing *Atlantic States Legal Found., Inc v. Karg Bros., Inc.*, 841 F.Supp. 51, 53 (N.D.N.Y. 1993). While the *Fields* decision did not turn on this issue, *Atlantic* noted that a court

may reconsider its ruling if there is an intervening change in controlling law, new evidence not previously available comes to light, or it becomes necessary to remedy a clear error of law to prevent obvious injustice. *Atlantic*, 841 F.Supp. at 53. None of these factors have been alleged. There has been no change in controlling law, neither the Magistrate nor this Court have committed an error of law, and no new evidence has been obtained, particularly from Claimants who refuse to answer discovery.

Claimants next contend that under FRCP 60(b) that relief from judgement is available because the named individual plaintiffs in Mr. Willard's putative class action have inadvertently failed to respond to discovery. Counsel stated "<u>counsel readily acknowledges that it is in fact the omission of counsel, and the inability to locate the five named Claimants/petitioners, which has produced the current case posture</u>" See *Memorandum in Support of Motion for Reconsideration*, p. 3, n. 1.

FRCP 60(b)(6), cited by counsel, allows the Court to relieve a party or a party's representative from a final judgment order or proceeding for "any other reason justifying relief from the operation of the judgment." However, counsel fails to delineate or explain a single reason other than counsel's failure to locate his own clients as a basis of relief from the operation of the judgment.

Next, citing the case of *Pioneer Inv. Services Co. v Brunswick Association Ltd. Partnership*, 507 U.S. 380 (1993), in lieu of specific reference to 60(b)(1), counsel refers to the concept of "excusable neglect". FRCP 60(b)(1) states that on motion and upon such terms that are just the court may relieve a party from a final judgment or order or proceeding if "(1) mistake, inadvertence, surprise or excusable neglect" exists. Counsel states that excusable neglect is a "somewhat elastic concept."

While counsel argues that excusable neglect is an elastic concept, the Fifth Circuit has held that failure of the mail to be delivered on time and failure of counsel to comply with rules and orders is not grounds for claiming excusable neglect. *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999); *Midwest Employers Cas. Co. v. Willaims*, 161 F.3d 877 (5th Cir. 1998); *Allemand Boat Co. v. Kirk*, 141 F.R.D. 438 (E.D.La. 1992). In this case, counsel admits that he is unable to locate his own clients well over one year after the case was filed despite this Court's Order. Such an omission is not excusable neglect and does not constitute grounds for relief under FRCP60(b).

## CONCLUSION

To reinstate individuals into this case or to allow Claimants to continue to refuse to file discovery responses in direct contempt of a court order is not equitable and does not provide for the "fair and just resolution" of this case. Claimants have not stated any grounds upon which relief from a ruling can be granted or upon which the Court must set aside its ruling. Accordingly, ACL asks that the Court deny Claimants' Motion for Reconsideration.

Respectfully submitted,

_____
GLENN G. GOODIER (#06130)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone:(504) 582-8174
Attorney for Defendants,
American Commercial Lines L.L.C. and
American Commercial Barge Line L.L.C.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this _24²_ day of September, 2001.

                                                /s/ Glenn G. Goodier
                                                GLENN G. GOODIER