FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 OCT -9 PM 4:57

LORETTA G. WHYTE
CLERK

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO: 00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "B" (5) |

## MEMORANDUM IN OPPOSITION TO PETITIONERS IN LIMITATION'S MOTION TO DISMISS

Now into court, through undersigned counsel, come Aaron Brown, et al., who oppose the Motion to Dismiss brought by Petitioners in Limitation ("Limitation Petitioners") for the following reasons:

At issue in this Motion and Opposition thereto is the court's schedule for discovery responses from the claimants. In bringing the Motion, Limitation Petitioners would urge that the court dismiss the entire first discovery group, numbering 300, in strict compliance with the court's schedule. However, Limitation Petitioners fail in this effort to alert the court of the utter lack of sufficiency of the initial listing of claimants, those required to respond by the September due date. By court design, the initial list of claimants were selected by Limitation Petitioners and sent to claimants. These were sent, however, with no addresses. (See Exhibit "A"). By order of Magistrate Chasez, the list was to include addresses. While addresses were forwarded in the revised list, no zip

codes were included. (See Exhibit "B"). [1] Efforts began immediately to locate the zip code information. Nonetheless, providing the addresses without zip codes did not serve to advance the discovery process, as intended by the court.

This list was further updated under the September 24, 2001 cover letter, seven days after the discovery due date of September 17, 2001. (See Exhibit "C"). This list, while most useful, failed to conform with the intent of the Magistrate's Order as it did not assist in fostering an orderly and timely compliance with the Order.

Claimants would respectfully urge that it is Limitation Petitioners who have violated the court order.

Limitation Petitioners urging that failure on part of the claimants to provide discovery responses constitutes grounds for dismissal of the initial 300 claimants, pursuant to FRCP 37(b)(2)(C), following their supply of the necessary information seven days after the due date, claimants assert, reflects a lack of good faith.

Claimants respectfully urge that it is indeed Limitation Petitioners that have failed to comply with the pertinent discovery order of Magistrate Judge Chasez in violation of Rule 37(b) of the Federal Rules of Civil Procedure.

Finally, claimants wish to point out to the court that while claimants have made efforts at every juncture to seek compliance with the adopted Discovery Plan in this case, as to all parties including the additional defendants Orion Refining Corporation and the

---

[1] Revised list was provided on a floppy disk encrypted in a computer language which precluded any useful function of the disk, e.g. claimants names and addresses could not be converted for ease of completing the mass mailing without retyping the complete information for claimant.

Parish of St. Charles Waterworks, such compliance remains a joint responsibility of all parties. Limitation Petitioners' reluctance to embrace this joint responsibility toward completing all discovery precipitated the claimants' Objection to the Magistrates Order, filed September 4, 2001. The principle thrust of said Objection was not to delay the discovery process, but rather to further refine the efficiencies of the process, seeking court guidance as the only means available to do so. This order remained effective until September 20, 2001; and in the interim, claimants continued diligently to complete discovery response process. In fact, as of the date of this filing, claimants have substantially completed and are prepared to mail the September/First Discovery Group responses.

For these reasons, claimants pray that the following relief will be considered by this honorable court:

(1) that all claimants be allowed to continue the discovery response process, subject to any court revisions to the Case Discovery Plan;

(2) the court convene a status conference on discovery to refine the working Discovery Plan toward good faith compliance among all parties; and

(3) that the court in its vast discretion, protect the interests of all parties to the prejudice of none allowing all cooperative claimants the opportunity to participate.

Respectfully submitted,

THE WILLARD FIRM

_____
WALTER I. WILLARD (Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this 9th day of October, 2001.

/s/ Walter I. Willard<br>
<b>Walter I. Willard</b>

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**