

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 OCT 18 AM 8:38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO: 00-0252 c/w 00-2967 c/w 00-3147 SECTION "B" (5) |

### SUPPLEMENTAL OPPOSITION TO PETITIONERS IN LIMITATION'S MOTION TO DISMISS AND MOTION TO MODIFY AND EXTEND DISCOVERY

NOW INTO COURT, through undersigned counsel, come Aaron Brown, et al. who wishes to supplement their opposition to the Motion to Dismiss Certain Claims against Limitation Petitioners for the reasons set forth herein. Further, assuming the role of movers, claimants request that the court modify the discovery plan for good cause shown. Fed. R. Civ. P. 16(b); *Brown v. United Airlines, Inc.*, 1999 U.S. Dist. Lexis 10236.

First, claimants in Limitation Action urge that the method to collect claimant information remains wrought with logistic problems, rendering futile efforts to furnish reliable responses in a timely manner. Presently, claimants face this Motion to Dismiss for failure to timely respond, i.e. by September 17, 2001, with the first 300 claimant responses. By court instruction, petitioners were to provide claimants with a universe of 330 names and addresses from which the required 300 responses would come. Through dialogue between counsel, the final version of this claimant list, including addresses, was forwarded one week following the initial discovery response date. In seeking good faith

Fee_____
Process_____
X  Dktd_____
   CtRmDep_____
Doc.No._____

compliance with this order, claimants mailed notice to the 330 names, at petitioner-supplied addresses, for the "First Discovery Group-Due 9/17/01", seeking the discovery responses.[1] However, of this number not less than 70 of the mailed notices have been returned. (See Exhibit "B").

Second, petitioners were instructed by the court to provide claimants with 330 names and addresses out of the pool of 2,399 claimants; with discoverable information due every 17th of the month until the complete list of claimants is exhausted. However, allowing petitioners to select names of claimants randomly, and to limit eligible claimant responses to those selected, serves only to thwart the discovery process. For example, petitioners' list has solicited a discovery response of one person in a given household/family of claimants, while postponing the claimant's household relatives, to be included in a later discovery group. This has proven unworkable, however, needlessly frustrating both the discovery process and the claimants.

Finally, as a remedy to the problem, claimants respectfully urge the court to allow the continuation of a "rolling" discovery process, while preserving all claimants' rights to respond until final completion of the discovery response time. Claimants will continue to provide 300 questionnaires, minimally, every 17th of the month until the list of all claimants (remaining) have been exhausted.

---

[1] Approximately 45 notices of the "First Discovery Group-Due 9/17/01" and the "Second Discovery Group-Due 10/17/01" combined were not mailed due to petitioner's failure to provide complete addresses. (See Exhibit "A").

**Conclusion and Requested Relief**

Claimants in this matter, presently numbering 2,399 and ultimately a group of nearly 4,000, should be allowed to provide petitioners with 300 discovery questionnaires every month until the final projected cycle ends late spring. The process initially prescribed by the court has not served the intended course.

WHEREFORE, movers, claimants in this limitation action, pray that this honorable court deny Petitioners' Motion to Dismiss the "First Discovery Group", extend the discovery period for group-1, and allow claimants an open listing to provide 300 claimant responses monthly until the list of all claimants have been reasonably exhausted, or as otherwise required by the court.

Respectfully submitted,

THE WILLARD FIRM

WALTER I. WILLARD (La. Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Supplemental Opposition and Motion has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this __16__ day of October, 2001.

_____
Walter I. Willard

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br><br>SECTION "B" (5) |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that claimants/movers in the limitation action and related causes of action, now bring on before this Honorable Court, the underlying Supplemental Opposition and Motion thereto, for hearing on the ___ day of _____, 2001 at 9:00 a.m., or as soon thereafter as counsel may be heard.

Respectfully submitted,

_____
WALTER I. WILLARD, (La. Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Boulevard
New Orleans, Louisiana 70127
Telephone: (504) 244-9922
Telefax: (504) 244-9921
Counselors for the Claimants Aaron Brown et al. and other similarly situated claimants, totaling 2399.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "B" (5) |

## ORDER

Considering the foregoing Supplemental Opposition and Motion;

**IT IS HEREBY ORDERED** that the Motion be granted.

New Orleans, Louisiana this _____ day of _____, 2001.

_____
JUDGE

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**