

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 NOV -2  AM 11: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., As Owner of the Barge LCD 4907 AND AMERICAN COMMERCIAL BARGE LINE, L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or limitation of Liability | CIVIL ACTION<br><br>NO:  00-0252 c/w<br>00-2967,<br>00-3147<br><br>SEC. "B"(5)<br><br>REF: 00-3147 |

## ORDER AND REASONS

Before the Court is the plaintiffs' Motion for Reconsideration of the granting (Rec. Doc. No. 47) of Orion Refining Corporation's Motion to Dismiss. (Rec. Doc. No. 56). The plaintiffs urge that their claims should be reinstated to prevent manifest injustice. In the opposition memorandum attached to the motion, they assert that the issues are complex, that the claimants have complied with the instructions of the court to the extent possible, and that nearly 600 Claims Forms were returned by the United States Post Office as undeliverable. Further, they claim that the defendants will not be prejudiced by additional time because the hearing on the class certification issue is not scheduled for ninety more days. For the following reasons, the motion is **DENIED**.

DATE OF ENTRY

NOV 0 2 2001

Fee_____
Process_____
X Dktd_____ σ
CtRmDep_____
Doc.No._____ 81

**DISCUSSION**

The Court finds that the plaintiffs have provided insufficient information to justify an alteration of the dismissal order rendered on August 6, 2001. Federal Rule of Civil Procedure 60(b)(1) permits relief from a ruling for "mistake, inadvertence, surprise, or excusable neglect," especially when default judgments are involved. *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999); and Fed. R. Civ. P. 60(b)(1). Because the dismissal at issue was granted in large part because the plaintiffs failed to answer or respond, the dismissal is akin to a default ruling. The Court therefore finds that the factors concerning the Rule 60(b) analysis of default judgments are instructive.

Three non-exclusive factors are used to evaluate whether to grant Rule 60(b) relief regarding a default judgment: (1) the extent of prejudice to the party obtaining the favorable judgment; (2) the merits of the non-responding party's asserted defense; and (3) the culpability of the non-responding party's conduct." *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992).

Here, the Court finds that the defenses asserted by the plaintiffs and the plaintiffs' culpable conduct preclude Rule 60(b) relief. The defenses articulated in the memorandum in opposition include the following: (1) the United States Post Office's return of 600 Claim Forms, (2) the plaintiffs have complied with the

Court's instructions to the extent possible, (3) the defendants are not prejudiced because the class certification hearing is 90 days away, (4) class certification would redefine the universe of claimants and will likely include the outstanding claimants, and (5) the case involves unresolved complex issues.

First, the Court does not find that the return of 600 of the 2,390 Claim Forms by the United States Post Office provides justification for ignoring delinquent discovery or a pending motion to dismiss.  In *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975), the court rejected an attempt to blame the United States Post Office for an unanswered complaint.  In that case, the defendant asserted that it failed to respond timely to the plaintiff's complaint because the Postal Service lost the litigation papers and never delivered them to the defendant's home office.  The *Baez* court affirmed the district court's refusal to grant relief under Rule 60(b) because the defendant's registered agent received a summons and complaint the defendant failed to establish the existence of minimal safeguards to ensure that the suit papers were successfully forwarded to the defendant's home office.

Similarly, in the present case, the plaintiffs cannot place entire blame for their lack of response on the United States Post Office.  First, the discovery was directed to the named plaintiffs, not the entire pool of 2,390 claimants.  Second, in eight months,

3

the plaintiffs should have sent the defendants responses, even if the responses required later supplementation. This is especially true in light of the order granting Defendant Orion's motion to compel and the approaching motion regarding class certification. The excuse regarding the undeliverable mail does not alleviate the plaintiffs' responsibilities concerning the delinquent discovery.

Second, the record does not support the plaintiffs' conclusory statement that they have complied with the Court's instructions to the extent possible. The five named plaintiffs in the *Brown* case (Civil Action No. 00-3147) failed to respond to the defendants' discovery propounded December 6, 2000, even after the defendant's motion to compel was granted May 24, 2001. The plaintiffs' memorandum in opposition fails to identify any discovery given to the defendants before their case was dismiss. Similarly, their opposition is void of a justification for their failure to respond to the delinquent discovery and their lack of opposition to the motion to dismiss. The named plaintiffs in the *Richard* case (Civil Action No. 00-2967) responded to their discovery prior to the May 23, 2001 hearing date regarding Orion's motion to compel. The plaintiffs in the *Brown* case have not explained circumstances peculiar to them that prevented them from responding within the same amount of time or within the subsequent two months. Further, the plaintiffs did not formally seek a motion for extension of time to respond after the granting of the motion to compel.

4

Moreover, the memorandum in opposition does not explain how they have complied with the Court's instructions. The plaintiffs' history in this case does not reflect one of compliance. The Court has not witnessed compliance with this Court order on January 25, 2001 that "counsel for the parties shall exchange, on or before January 29, 2001, with all other counsel of record any non-privileged documents (including but not limited to reports, evaluations, medical examinations/reports) in their possession or in the possession of their clients, which relate to the spill at issue in this case" or on March 29, 2001 that "[t]he parties shall continue working toward completing the initial disclosures which remained incomplete at the time of the conference." They did not abide by the terms of the May 24, 2001 order compelling their discovery responses. Further, neither the opposition to the motion to dismiss nor the motion to certify class were filed within the delays allowed by the local rules. Failure to adhere to the rules regarding discovery and submission of pleadings has required this Court to waste time and resources evaluating their non-compliance and deciding whether to provide the plaintiffs' additional time for filings or submissions. Thus, the Court finds no merit to the plaintiffs' claim that they have complied to the extent possible.

Third, the alleged minimal prejudice to the defendants does not absolve the five plaintiffs' failure to comply with this Court's May 24, 2001 order within a sixty day period, and it does

not lessen the plaintiffs' blatant disregard of the local rules or orders of this Court.   Presumably, the defendants have been prejudiced by the need to file unnecessary pleadings to respond to the plaintiffs' rehabilitative motions.   Also, they have been prejudiced by the delays because the slow progression of the plaintiffs' prosecution has impeded the possibility of settlement.

Fourth, the future of the possible class certification does not justify the plaintiffs' delinquent responses and filings for the reasons explained above.   Further, the uncertainty of that motion eliminates its influence on these proceedings.

Fifth, although the plaintiffs note that the case involves complex issue, the plaintiffs do not identify the specific complexities that prevented them from responding to the discovery after eight months.   The presence of a large number of claimants may increase the need for organization; it does not, in and of itself, convert an average case to a complex one.   This Court makes no comment on whether the instant case is "complex."   The plaintiffs here have not presented evidence justifying the classification here.  Accordingly, the Court finds that the alleged complexity does not provide a basis for not answering discovery pending since December, 2000.   Thus, the plaintiffs have provided inadequate defenses to the motion to dismiss.

As explained above, the plaintiffs' inexcusable neglect has contributed significantly to the dismissal.   The neglect combined

with the absence of an adequate defense make Rule 60(b) relief inappropriate here.  Thus, the Court will refrain from exercising its discretion to relieve the plaintiffs from the order of dismissal.

Contrary to the plaintiffs' assertions, the Court finds that manifest injustice will not occur because the members of the putative class may proceed with new representatives.  Finding that the plaintiffs have not provided the Court any basis for altering its ruling on the motion to dismiss,

**IT IS ORDERED** that the plaintiffs' Motion for Reconsideration (Rec. Doc. No. 56) is **DENIED**.  The claims against the five named plaintiffs in the *Brown* case, Aaron Brown, Aaron Smith, Aaron Spears, Adam Reynaud, and Adele Adams, are dismissed with prejudice.  This ruling does not affect the claims of the remaining putative class members.

New Orleans, Louisiana, this 2nd day of November, 2001.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE
