FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 NOV 26 PM 1: 29

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator or the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w 00-2967<br>c/w 00-3147<br><br>SECTION "B" (5)<br><br>Ref.: 00-2967,<br>00-3147 |

### ORDER AND REASONS

Before this court are Movant American Commercial Lines' ("Limited Petitioners") Motions to Dismiss Certain Claims Against Limitation Petitioners and Orion Refining Corporation's Motion to Bar Claims of Certain Putative Class Members (Rec. Doc. No. 48, 50, 71) as well as Plaintiffs' Motion to Modify and Extend Discovery (Rec. Doc. No. 79). For the reasons that follow, the Motions to Dismiss Certain Claims are **GRANTED in part** and **DENIED in part**, and the plaintiffs' motion is **DENIED**.

DATE OF ENTRY
NOV 2 6 2001

Fee
Process
X Dktd
CtRmDoc
Doc.No. 89

BACKGROUND:

An oil spill occurred on July 28, 1999 (although Defendant's Memorandum in Support of Motion to Dismiss Certain Claims states that the spill occurred on June 12, 2000) at the Orion Refining Corporation dock in Norco, Louisiana. On January 31, 2000, this court issued an order restraining all claims against limitation petitioners arising out of this alleged incident. This order stated that all persons claiming damages from this incident must file a claim on or before March 9, 2000. The court subsequently extended this deadline to May 7, 2000. A total of 2,399 claimants filed a claim.

On June 9, 2000 the limitation petitioners presented interrogatories and requests for production of documents to these 2,399 claimants. Eleven months later not one claimant had responded to these requests; therefore, the limitation petitioners filed a motion to compel on May 4, 2001. The motion to compel was heard by Magistrate Chasez who issued a Minute Entry on May 24, 2001 and issued a court-approved claim form to be mailed to all the claimants by plaintiffs counsel no later than June 1, 2001. These forms were to be completed and returned to the clerk's office no later than July 2, 2001. In addition, Magistrate Chasez issued a discovery order on August 14, 2001. Under this order the limited petitioners were to provide claimants' attorneys with 330 names and addresses of claimants

from which a requisite 300 responses would be returned to petitioners on the 17th of each month until all claimants had responded.

**LAW AND ANALYSIS:**

The central issue in this case tying all of the parties' motions together is one of adherence to court orders. Each party in this case has failed to obey proper court orders regarding discovery, which has in turn led to extensive delay. In response to the petitioners' motion to dismiss certain claims, the claimants blame their lack of response on the imperfection of the United States Postal Service. The Court finds that this is not a sufficient excuse for failure to return the forms or for their untimely return. The plaintiffs in this action were given 30 days under the Magistrate Judge's order to complete the abbreviated claim forms. The plaintiffs were not restricted to using United States mail to deliver or provide notice of such claim forms. The plaintiffs suggest that this court employ more extensive means of notice, but the plaintiffs do not give this Court any reason why they did not employ such methods themselves. As mentioned by the petitioners in this matter, after almost a year of discovery delay, it is not the fault of the petitioners nor the United States Postal Service that plaintiffs' attorneys do not have the proper addresses for their own clients.

The Court also finds that the cover letter provided by

plaintiffs' counsel to the claimants provided sufficient notice that "injury" included any claim for "fear and fright." The cover letter specifically states in its list of potential injuries: "You may have... or simply fear or fright of affects of diesel in our drinking water." <u>Motion to Dismiss Certain Claims Against Limited Petitioners Exhibit "B"</u>. In light of the unambiguous wording of the cover letter, no further notice of this injury is needed.

With respect to the petitioners' second motion to dismiss the first 300 claimants, this Court denies this motion again for failure to comply with the Magistrate Judge's order. The August 14th Order issued by Magistrate Judge Chasez stated that the petitioners were to provide plaintiffs' counsel with a list of 330 names *and addresses* from which 300 responses would be returned by the 17th of each month (beginning with September 2001). The petitioners in this action did not originally provide complete addresses to the plaintiffs. The petitioners did not provide zip codes until September 24th, a week past the September 17th due date. Plaintiffs' counsel should have their own clients' addresses, and failure of the post office to perfect delivery is not an excuse if said addresses are incorrect. However, the Magistrate Judge's order provided that the petitioners provide names and addresses and in this first instance such addresses were not provided.

4

instance such addresses were not provided.[1]

Finally, with respect to the claimants' motion to modify and extend discovery,[2] this Court rejects this request to the extent it seeks a new schedule. The Magistrate Judge issued a discovery order on August 14, 2001. This order was reviewed and upheld by this Court on September 20, 2001. The plaintiffs have offered no evidence justifying why this Court should revisit this issue. The purpose of the monthly discovery requests, presumably is to expedite what seems to have been a delayed discovery process. Allowing claimants to reserve their right to respond until the completion of this process would thwart this discovery effort and directly violate the Magistrate Judge's order of completing a set of 300 per month.

In short, all parties to this action have sought the intervention of the courts to simplify and expedite the necessary discovery. The parties should now abide by both the Magistrate Judge's and this Court's decisions. Accordingly,

---

[1] Orion's motion piggybacks the reasons urged by the Limited Petitioners. The ruling and reasons given above are applicable to Orion's motion.

[2] All parties are warned that in the future this Court will not consider a motion buried within a memorandum in opposition to another motion or other pleading. A motion must be filed separately in order for it to be properly docketed by the Clerk of Court. As it stands, the plaintiffs' motion does not appear as a motion in the record because it is docketed solely as a supplemental memorandum. To avoid future confusion, the Court will ignore motions which failed to adhere to the local rules.

**IT IS ORDERED** that Limited Petitioners' Motions to Dismiss Certain Claims Against Limitation Petitioners and Orion Refining Corporation's Motion to Bar Claims of Certain Putative Class Members (Rec. Doc. No. 48, 50, 71) is **GRANTED in part and DENIED in part.** The claimants list on Exhibit E to the Petitioners' Motion to Dismiss (Rec. Doc. No. 48), who have not suffered any injury, are dismissed from the case. However, the putative class members who have not completed discovery will not be dismissed, provided that the discovery is produced no later than **December 1, 2001.** The first group of 300 claimants will not be dismissed provided that the claim forms are submitted, consistent with all other provisions of the Magistrate Judge's order, no later than **December 1, 2001.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Modify and Extend Discovery (Rec. Doc. No. 79) in any other respect is **DENIED.**

New Orleans, Louisiana this 21st day of November, 2001.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT COURT