FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 DEC -5 AM 10: 11

LORETTA G. WHYTE
CLERK

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO: 00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "B" (5) |

## MOTION WITH INCORPORATED MEMORANDUM TO ENLARGE THE EXTENDED DISCOVERY RESPONSE TIME

Now into court, through undersigned counsel, come Aaron Brown, et al., who request this court to enlarge the United State District Judge Ivan Lemelle's court-ordered December 1, 2001 discovery delay time, pursuant to Rule 6 of the Federal Rules of Civil Procedure, for the following reasons:

At issue in this Motion and Memorandum to Enlarge the Extended Discovery Response Time thereto is the court's ordered December 1, 2001 extension for the first discovery group's responses, originally having a discovery response due date of September 17, 2001. (*See Notice of Order and Judgments filed November 26, 2001 Exhibit "A"*).

In bringing the Motion, plaintiff/movants would urge that the court enlarge the first discovery group's December 1, 2001 extension because, although the court's Order was signed by the Honorable Ivan L.R. Lemelle on November 21, 2001, plaintiff/movants did not receive notice of this extension until Monday, November 26, 2001, four days prior to the extended discovery response due date.

DATE OF ENTRY
DEC - 7 2001

Plaintiff/movants urge that four days is not sufficient time to plan, notify, distribute, and receive discovery responses from many remaining claimants. These individuals have already suffered lost rights to respond to same discovery due to defendant/petitioners' knowing failure to comply with Magistrate Judge Chasez August 14, 2001 discovery order (*See Notice of Order and Judgments filed August 17, 2001 Exhibit "B"*). While claimant/movers are grateful for the court's intervention in granting the additional response time, the task simply cannot be accomplished within four days.

For these reasons, claimants pray that the following relief will be considered by this honorable court: that the December 1, 2001 court ordered discovery response extension be enlarged to allow a reasonable response time for all affected claimants.

Respectfully submitted,

THE WILLARD FIRM

*/s/ Walter I. Willard*

WALTER I. WILLARD (Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion and Incorporated Memorandum has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this 4th day of December, 2001.

*Walter I. Willard*
**Walter I. Willard**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO: 00-0252 c/w 00-2967 c/w 00-3147 SECTION "B" (5) |

NOTICE OF HEARING

PLEASE TAKE NOTICE that plaintiff/movers, now bring on before this Honorable Court, the underlying Motion and Incorporated Memorandum to Enlarge the Extended Discovery Response Time for hearing on _December 19_, 2001 at _9:00_ a.m., or as soon thereafter as counsel may be heard.

THE WILLARD FIRM

Respectfully submitted,

_Walter I. Willard_
WALTER I. WILLARD, (Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Boulevard
New Orleans, Louisiana 70127
Telephone: (504) 244-9922
Telefax: (504) 244-9921
Counselors for the Claimants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "B" (5) |

## ORDER

Considering the Motion and Incorporated Memorandum to Enlarge the Extended Discovery Response Time brought by the plaintiff/movants, the court rules as follows:

The court grants the Motion and hereby orders that the December 1, 2001 court ordered discovery response extension be enlarged to allow a reasonable response time for all affected claimants pursuant to FRCP 6.

New Orleans, Louisiana this ___6th___ day of ___December___, 2001.

*[Handwritten annotation: Denied. Insufficient basis presented to justify any additional extension. 12/6/01]*

_____
Judge, United States District Court

# United States District Court
## Eastern District of Louisiana



**Notice of Orders or Judgments**
Fed. R. Civ. P. 77(d)
Fed. R. Crim. P. 49(c)

11/26/01

**Date:**

**To:** Walter I. Willard
The Willard Firm
10555 Lake Forest Blvd. Suite 3A
New Orleans, LA 70127

2:00-cv-00252                                                89

**Re: Case Number:**                    **Document Number:**

**If this fax cannot be delivered as addressed, please call (504) 589-7654.**

8

Exhibit "A"

**Number of pages including cover sheet:**

Please visit our Web site at www.laed.uscourts.gov
Motion dates are now available on our web site.

**** NOTICE: Attached is an Official Announcement from the Clerk ****

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 NOV 26 PM 1:29

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF AMERICAN            CIVIL ACTION
COMMERCIAL LINES LLC as Owner
of the Barge LCD 4907                NO. 00-0252
and AMERICAN COMMERCIAL              c/w 00-2967
BARGE LINE LLC as Charterer and      c/w 00-3147
Operator or the Barge LCD 4907,
Praying for Exoneration from and/or  SECTION "B" (5)
Limitation of Liability

                                     Ref.: 00-2967,
                                           00-3147

### ORDER AND REASONS

Before this court are Movant American Commercial Lines' ("Limited Petitioners") Motions to Dismiss Certain Claims Against Limitation Petitioners and Orion Refining Corporation's Motion to Bar Claims of Certain Putative Class Members (Rec. Doc. No. 48, 50, 71) as well as Plaintiffs' Motion to Modify and Extend Discovery (Rec. Doc. No. 79). For the reasons that follow, the Motions to Dismiss Certain Claims are **GRANTED in part** and **DENIED in part**, and the plaintiffs' motion is **DENIED**.

DATE OF ENTRY
NOV 2 6 2001

Fee____
Process____
X Dktd____
____CtRmDep
Doc.No. 89

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NOTICE

TO:     The Bar of the Eastern District of Louisiana

Effective immediately a photo ID will be required for all persons entering the courthouse.

Please inform your clients and witnesses subpoenaed to appear before the court of this requirement.

October 30, 2001                              Loretta G. Whyte, Clerk

**BACKGROUND:**

An oil spill occurred on July 28, 1999 (although Defendant's Memorandum in Support of Motion to Dismiss Certain Claims states that the spill occurred on June 12, 2000) at the Orion Refining Corporation dock in Norco, Louisiana. On January 31, 2000, this court issued an order restraining all claims against limitation petitioners arising out of this alleged incident. This order stated that all persons claiming damages from this incident must file a claim on or before March 9, 2000. The court subsequently extended this deadline to May 7, 2000. A total of 2,399 claimants filed a claim.

On June 9, 2000 the limitation petitioners presented interrogatories and requests for production of documents to these 2,399 claimants. Eleven months later not one claimant had responded to these requests; therefore, the limitation petitioners filed a motion to compel on May 4, 2001. The motion to compel was heard by Magistrate Chasez who issued a Minute Entry on May 24, 2001 and issued a court-approved claim form to be mailed to all the claimants by plaintiffs counsel no later than June 1, 2001. These forms were to be completed and returned to the clerk's office no later than July 2, 2001. In addition, Magistrate Chasez issued a discovery order on August 14, 2001. Under this order the limited petitioners were to provide claimants' attorneys with 330 names and addresses of claimants

from which a requisite 300 responses would be returned to petitioners on the 17th of each month until all claimants had responded.

**LAW AND ANALYSIS:**

The central issue in this case tying all of the parties' motions together is one of adherence to court orders. Each party in this case has failed to obey proper court orders regarding discovery, which has in turn led to extensive delay. In response to the petitioners' motion to dismiss certain claims, the claimants blame their lack of response on the imperfection of the United States Postal Service. The Court finds that this is not a sufficient excuse for failure to return the forms or for their untimely return. The plaintiffs in this action were given 30 days under the Magistrate Judge's order to complete the abbreviated claim forms. The plaintiffs were not restricted to using United States mail to deliver or provide notice of such claim forms. The plaintiffs suggest that this court employ more extensive means of notice, but the plaintiffs do not give this Court any reason why they did not employ such methods themselves. As mentioned by the petitioners in this matter, after almost a year of discovery delay, it is not the fault of the petitioners nor the United States Postal Service that plaintiffs' attorneys do not have the proper addresses for their own clients.

The Court also finds that the cover letter provided by

plaintiffs' counsel to the claimants provided sufficient notice that "injury" included any claim for "fear and fright." The cover letter specifically states in its list of potential injuries: "You may have... or simply fear or fright of affects of diesel in our drinking water." <u>Motion to Dismiss Certain Claims Against Limited Petitioners Exhibit "B"</u>. In light of the unambiguous wording of the cover letter, no further notice of this injury is needed.

With respect to the petitioners' second motion to dismiss the first 300 claimants, this Court denies this motion again for failure to comply with the Magistrate Judge's order. The August 14th Order issued by Magistrate Judge Chasez stated that the petitioners were to provide plaintiffs' counsel with a list of 330 names *and addresses* from which 300 responses would be returned by the 17th of each month (beginning with September 2001). The petitioners in this action did not originally provide complete addresses to the plaintiffs. The petitioners did not provide zip codes until September 24th, a week past the September 17th due date. Plaintiffs' counsel should have their own clients' addresses, and failure of the post office to perfect delivery is not an excuse if said addresses are incorrect. However, the Magistrate Judge's order provided that the petitioners provide names and addresses and in this first instance such addresses were not provided.

4

instance such addresses were not provided.[1]

Finally, with respect to the claimants' motion to modify and extend discovery,[2] this Court rejects this request to the extent it seeks a new schedule. The Magistrate Judge issued a discovery order on August 14, 2001. This order was reviewed and upheld by this Court on September 20, 2001. The plaintiffs have offered no evidence justifying why this Court should revisit this issue. The purpose of the monthly discovery requests, presumably is to expedite what seems to have been a delayed discovery process. Allowing claimants to reserve their right to respond until the completion of this process would thwart this discovery effort and directly violate the Magistrate Judge's order of completing a set of 300 per month.

In short, all parties to this action have sought the intervention of the courts to simplify and expedite the necessary discovery. The parties should now abide by both the Magistrate Judge's and this Court's decisions. Accordingly,

---

[1] Orion's motion piggybacks the reasons urged by the Limited Petitioners. The ruling and reasons given above are applicable to Orion's motion.

[2] All parties are warned that in the future this Court will not consider a motion buried within a memorandum in opposition to another motion or other pleading. A motion must be filed separately in order for it to be properly docketed by the Clerk of Court. As it stands, the plaintiffs' motion does not appear as a motion in the record because it is docketed solely as a supplemental memorandum. To avoid future confusion, the Court will ignore motions which failed to adhere to the local rules.

**IT IS ORDERED** that Limited Petitioners' Motions to Dismiss Certain Claims Against Limitation Petitioners and Orion Refining Corporation's Motion to Bar Claims of Certain Putative Class Members (Rec. Doc. No. 48, 50, 71) is **GRANTED in part and DENIED in part.** The claimants list on Exhibit E to the Petitioners' Motion to Dismiss (Rec. Doc. No. 48), who have not suffered any injury, are dismissed from the case. However, the putative class members who have not completed discovery will not be dismissed, provided that the discovery is produced no later than **December 1, 2001.** The first group of 300 claimants will not be dismissed provided that the claim forms are submitted, consistent with all other provisions of the Magistrate Judge's order, no later than **December 1, 2001.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Modify and Extend Discovery (Rec. Doc. No. 79) in any other respect is **DENIED.**

New Orleans, Louisiana this 21st day of November, 2001.

———————————————
IVAN L.R. LEMELLE
UNITED STATES DISTRICT COURT

6

# United States District Court
## Eastern District of Louisiana



### Notice of Orders or Judgments
Fed. R. Civ. P. 77(d)
Fed. R. Crim. P. 49(c)

Date: 08/17/01

To: Walter I. Willard
The Willard Firm
10555 Lake Forest Blvd. Suite 3F
New Orleans, LA 70127

Re: Case Number: 2:00-cv-00252    Document Number:

If this fax cannot be delivered as addressed, please call (504) 589-7654.

Number of pages including cover sheet: 4

Please visit our Web site at www.laed.uscourts.gov
Motion dates are now available on our web site.

```
                                            FILED
                                        U.S. DISTRICT COURT
                                       EASTERN DISTRICT OF LA

                                       2001 AUG 16 PM 3: 11

                                        LORETTA G. WHYTE
                                              CLERK
```

MINUTE ENTRY
CHASEZ, M.J.
AUGUST 14, 2001

                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF AMERICAN          CIVIL ACTION
COMMERCIAL LINES, L.L.C., ETC.

                                       NUMBER: 00-252
                                       & cons. cases

                                       SECTION: "B"(5)

                                       REF: ALL CASES

      A status conference was conducted in the above matter this date.

      PRESENT:  Alan Zaunbrecher
                  Rick Houston
                  Glenn Goodier
                  Ruth Schuster
                  Walter Willard
                  Randal Gaines

      Based upon responses to the court-ordered claim forms, defense counsel has filed a motion to dismiss as to various claimants herein. That matter has been placed on the docket of the District

```
   DATE OF ENTRY            ___Fee_____
   AUG 1 7 2001             ___Process__
                            X_/Dktd_____
                            ✓_CtRmDep__
                            Doc.No._____
```

Judge for consideration.

On or before August 17th, defense counsel is to identify for plaintiffs' counsel the names of the individual claimants as to whom there is no current motion to dismiss which will be brought. Of these people, defense counsel may identify up to 350 individuals for whom defendant wishes to obtain answers to outstanding discovery on or before September 17, 2001. Plaintiffs' counsel is to provide discovery information as to at least 300 of these individuals by September 17th.

If the outstanding interrogatories and/or requests for production which defendants have propounded are too onerous in plaintiffs' estimation, the Court intends to resolve this issue on an expedited basis on Wednesday, August 22, 2001 at 11:00 a.m. **Plaintiffs' counsel shall notify opposing counsel and the Court on or before Friday, August 17th if this issue needs to be placed on the Court's August 22nd motion docket.**

On the 17th of each succeeding month following September, 2001, plaintiffs' counsel shall provide discovery responses for another 300 of their clients until the outstanding interrogatories and requests for production have been answered for all individuals represented by counsel herein. Should defense counsel not receive written responses to discovery for at least 300 individuals on the