FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 DEC -7 AM 10: 51

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
LEMELLE, J.
December 5, 2001

                UNITED STATES  DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., As Owner of the Barge LCD 4907 AND AMERICAN COMMERCIAL BARGE LINE, L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO: 00-0252<br>    c/w 00-2967,<br>    00-3147<br><br>SEC. "B"(5)<br><br>REF: ALL CASES |

    On this date, the Court held a status conference in this matter with the following counsel in attendance: Glenn G. Goodier for the petitioner/defendant vessel, Walter I. Willard and Randal L. Gaines for the claimants/plaintiffs, and Alan A. Zaunbrecher and Sidney J. Hardy for the other defendants. The following items were discussed and **ORDERED**:

(1) St. Charles Parish's Motion to Dismiss (Rec. Doc. No. 52) is **Granted in part and Denied in part** for the reasons articulated in this Court's Order and Reasons entered on November 26, 2001 (Rec. Doc. No. 89).

DATE OF ENTRY
DEC - 7 2001

(2)  The petitioner and defendants' claim that the portions of their motions to dismiss, which sought to bar the claims of certain putative class members identified in Exhibits "D" and "F" to the Petitioner's Motion to Dismiss (Rec. Doc. No. 48) who failed to timely submit claim forms were not completely resolved in the Order and Reasons entered on November 26, 2001 (Rec. Doc. No. 89). For the reasons stated in the Order and Reasons, that those portions of the motions are **DENIED**. The putative claimants identified in Exhibits "D" and "F" to the Petitioner's Motion to Dismiss will not be dismissed provided that the claim forms are submitted, consistent with all other provisions of the Magistrate Judge's and this Court's orders, no later than **December 19, 2001.**

(3) The court will not order counsel for the defendants or vessel to reformat disks, containing address information regarding the putative claimants, which were generously provided to the plaintiffs in the absence of any court obligation. The plaintiffs are not entitled to rely on other parties to do their work.

(4) Counsel for Civil Action No. 00-3147 shall file **within seven days of entry of this order,** a motion to adopt the proposed class representatives named in Civil Action No. 00-2967.

(5) The Court is not inclined at this juncture to continue the hearing on the Motion to Certify Class set for **February 6, 2002.** The parties must be able to make a showing that they have conducted substantial discovery (especially *via* depositions) on the class

certification issue before this Court will entertain a motion to continue. If this threshold is satisfied, any such motion shall be filed on an expedited basis.

(6) Adults may include on their claim forms information regarding their **minor** children. Children aged 18 and over as well as other adults living in a household shall complete a separate claim form. Nevertheless, the information for the minor children shall be complete information as requested on the form. The plaintiffs have until **January 5, 2002** to correct deficiencies regarding multiple claimants on the same claimant form. Any disputes regarding whether a particular claim form is deficient shall be directed to the assigned Magistrate Judge.

(7) The parties shall continue to pursue amicable resolution of this matter. A joint letter explaining the status of settlement efforts shall be submitted to chambers no later than **January 25, 2002.**

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE