*file in record — already noted for hearing on 1/9/02*

FILED DEC 31 2001
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF AMERICAN COMMERCIAL
LINES, L.L.C., as Owner of the Barge LCD 4907, and
AMERICAN COMMERCIAL BARGE LINE L.L.C., as
Charterer and Operator of the Barge LCD 4907, Praying
for Exoneration from and/or Limitation of Liability

CIVIL ACTION
NO: 00-0252
c/w 00-2967
c/w 00-3147

SECTION "N"

## OPPOSITION MOTION TO DISMISS WITH INCORPORATED MEMORANDUM AND REQUEST FOR EXPEDITED STATUS HEARING

MAY IT PLEASE THE COURT:

Movers, claimant/petitioners in the suit of Margie Richard, et al. v. American Commercial Lines, L.L.C. and American Commercial Barge Line, L.L.C. (hereinafter jointly referred to as "Limitation Petitioners"), Orion Refining Corporation, and St. Charles Parish Waterworks Department, case no. 00-0252, move for the dismissal of Limitation Petitioners' three Motions to Dismiss Claimants Failing to Produce Discovery by October 17, November 17, and December 1, 2001 respectively. Claimant/petitioners, citing Rule 7.5E of the Local Rules of this honorable court, in effort to correct the misrepresentations in Limitation Petitioners' Motions to Dismiss, move in opposition via dismissal of the Limitation Petitioners' said motions and request an expedited status hearing for the following reasons:

First, claimant/petitioners deny all of the assertions made by the Limitation Petitioners' Motion to Dismiss, particularly the assertion that claimants failed to produce discovery by October 17, 2001. Claimant/petitioners readily admit that two thousand, three hundred ninety-nine claimants timely filed a claim in this Limitation action,

C:\My Documents\The Willard Law Firm Client Files\Orion Refining Corporation-ACBL\Motions\Affirmative Motion for Dismissal and Expidited Status Hearing.doc

Fee_____
Process___
X Dktd___
CtRmDep___
Doc.No. 106

however, subsequent to Limitation Petitioners' submission of Interrogatories and Requests for Production of Documents to all named claimants June 9, 2000, the attorney of record in this matter tragically and unforeseeably died April 2001 before having an opportunity to notify, gather, and submit claimant/petitioners' discovery responses to Limitation Petitioners. Although counsel for claimant/petitioners acknowledge that Limitation Petitioners were dutifully patient, it was only approximately 1 month after his untimely demise that they filed their Motion to Dismiss May 4, 2001.

Subsequently, the current counsel for claimant/petitioners assumed this case as lead attorney for the claimant/petitioners. However, current counsel for claimant/petitioners had approximately one month (June 1, 2001-July 2, 2001), under order of Magistrate Chasez to deliver court-approved Claim Forms to all 2,399 claimants by June 1, 2001, to be returned July 2, 2001; a task successfully completed by counsel for claimant/petitioners less those claimants with returned, postal marked envelopes stamped "no mail receptacle". Thus, it is clearly unmitigated slur for Limitation Petitioners to assert that counsel for claimant/petitioners did not have a list of the names, addresses or other contact information of their clients.

Thereafter, on August 14, 2001, Magistrate Chasez issued an order stating that Limitation Petitioners were to provide counsel for claimant/petitioners with a list of 330 names and addresses from which 300 responses would be returned by the 17th of each month (beginning September 2001). Limitation Petitioners violated this order by not submitting a complete list until September 24, 2001, an entire week past the September 17, 2001 discovery response due date. As a result, District Judge Ivan L. Lemelle

ordered an extension of time within which the September 17, 2001 claimant/petitioners could submit discovery responses. Claimant/petitioners complied with the court ordered extension in addition to providing timely discovery responses October 17, 2001.

Second, claimant/petitioners deny the assertion made by the Limitation Petitioners' Motion to Dismiss that claimants failed to produce discovery by November 17, 2001 on the same grounds referenced above.

Third, claimant/petitioners deny the assertion made by the Limitation Petitioners' Motion to Dismiss that claimants failed to produce discovery by December 1, 2001. As previously mentioned above, on August 14, 2001, Magistrate Chasez issued an order stating that Limitation Petitioners were to provide counsel for claimant/petitioners with a list of 330 names and addresses from which 300 responses would be returned by the 17th of each month (beginning September 2001). Limitation Petitioners violated this order by not submitting a complete list until September 24, 2001, an entire week past the September 17, 2001 discovery response due date. As a result, on November 26, 2001, District Judge Ivan L. Lemelle entered an order for an extension of time (until December 1, 2001) within which the September 17, 2001 claimant/petitioners could submit discovery responses. Although this intervention of the court permitting an extension was generous, claimant/petitioners were notified only 4 days prior to the December 1, 2001 extension deadline that they were receiving an extension on the September 17, 2001 discovery response due date. Claimant/petitioners had ceased notifying claimants and collecting September 2001 discovery responses September 17, 2001 in order to comply with Magistrate Chasez's August 14, 2001 discovery scheduling order (300 discovery

responses due every 17th of the month commencing September 2001). And, although claimant/petitioners' Motion to Enlarge the December 1, 2001 the court ordered extension of time was denied, claimant/petitioners still yet successfully submitted said discovery responses on or before the December 1, 2001 court ordered extension deadline. Thus, Limitation Petitioners' misrepresented assertions indicating that counsel for claimant/petitioners had a two and one-half month extension of time within which to gather discovery and that claimant/petitioners failed to respond by the December 1, 2001 deadline are clearly erroneous.

WHEREFORE, claimant/petitioners request that the court dismiss the Limitation Petitioners' three Motions to Dismiss Claimants Failing to Produce Discovery by October 17, 2001, November 17, 2001, and December 1, 2001 respectively and expedite a status hearing regarding the matter herein.

Respectfully submitted,

*/s/ Walter I. Willard*
WALTER I. WILLARD (Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition Motion has been served upon all counsel of record by placing a copy of same in the U.S. Mail postage prepaid on this 31st day of December, 2001.

_Walter I. Willard_
Walter I. Willard

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br><br>SECTION "N" |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that claimants/petitioners in the suit of Margie Richard, et al. v. American Commercial Lines, LLC ("ACL"), American Commercial Barge Line, LLC. ("ACBL"), Orion Refining Corporation, and St. Charles Parish Waterworks Department now bring on before this Honorable Court, the underlying Opposition Motion to Dismiss and Request for Expedited Status Hearing to be set for a hearing on January 9, 2002 at 9:00 a.m., or as soon thereafter as counsel may be heard.

Respectfully submitted,

*/s/ Walter I. Willard/*
WALTER I. WILLARD, BAR NO. 2185
Deer Park, Suite 3A
10555 Lake Forest Boulevard
New Orleans, Louisiana 70127
Telephone: (504) 244-9922
Telefax: (504) 244-9921
Counselors for the Claimant/Petitioners

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N" |

## ORDER

Considering the foregoing Opposition Motion to Dismiss and Request for Expedited Status Hearing:

**IT IS HEREBY ORDERED** that Limitation Petitioners' assorted Motions to Dismiss be denied, and that limitation claimants' opposition motion be granted; the court further grants the request for an expedited hearing scheduling order for _____, 2002.

New Orleans, Louisiana this \_\_\_\_\_ day of _____, 2002.

_____
JUDGE