FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 16 PM 4:45

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:    00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N" |

### ~~MOTION IN OPPOSITION TO DISMISSAL AND A~~ REQUEST FOR AN EXTENSION TO RESPOND TO DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF

NOW INTO COURT, through undersigned counsel, come mover/claimants who move for an extension to respond to American Commercial Barge Lines, LLC and American Commercial Barge Line, LLC, et al. (hereinafter referred to collectively as "Limitation Petitioners") discovery requests, pursuant to Rule 6 of the Federal Rules of Civil Procedure; See also, Rule 26 of the Federal Rules of Civil Procedure.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N" |

**MEMORANDUM IN SUPPORT OF MOTION IN OPPOSITION TO DISMISSAL AND REQUEST FOR AN EXTENSION TO RESPOND TO DISCOVERY**

### A. Introduction

Movers/claimants are Margie Richard, et al. and Respondents are American Commercial Barge Lines, et al. ("Limitation Petitioners"), Orion Refining Corporation, and St. Charles Parish Waterworks Department.

Movers have sued Respondents for damages sustained as a direct consequence of the release of diesel fuel from the barge LCD 4907 and/or Orion Refining Corporation's facilities, and affected waters flowing into the public water supply for St. Charles Parish. This resulted in movers' physical, mental and/or emotional injuries, fright, inconvenience, and interruption of or intrusion into their personal lives.

On August 14, 2001, Magistrate Alma Chasez issued a discovery order instructing the Limitation Petitioners to provide claimants' attorneys with 330 *names and addresses* of claimants from which a requisite 300 responses would be returned to petitioners on the 17th of each month until all claimants have responded. (See Exhibit "A").

However, although the Limitation Petitioners finally provided a complete listing of the names of all claimants, they did not provide the addresses for approximately 550 named claimants. Moreover, in addition to the 550 named claimants without addresses, approximately 300 additional addresses were inaccurate, eg. physical addresses were given without their necessary, corresponding post office box address. Consequently, within days, movers were left with the challenge of finding missing addresses and investigating the accuracy of the addresses provided by Limitation Petitioners. This process has proven both burdensome and extremely time consuming. Furthermore, it has left movers without a remedy to notify the requisite number of claimants by the 17th of each month and it certainly violates the spirit and intentions of Magistrate Judge Chasez's August 14, 2001 Order. As a result, mover/claimants request an extension of time to respond to Limitation Petitioners' discovery requests.

B. **Law and Argument: Request for an Extension of Time to Respond to Discovery Request**

First, mover/claimants respectfully oppose efforts of Limitation Petitioners to dismiss on *enmass* claimants in the discovery response groups of October 17, 2001, November 17, 2001, December 1, 2001, and anticipatorily, movers oppose likely efforts to dismiss further discovery responses now due or scheduled to become due for the dates December 17, 2001, January 17, 2002, and beyond. Movers respectfully would urge that in this plan of "rolling discovery", as implemented by the court, remains an inherent and

necessarily binding joint responsibility to exchange the discovery between all parties in an open and cooperative flow consistent with the intentions of the rolling discovery plan of the court. In each and every instance of the monthly discovery batch, Limitation Petitioners have provided deficient claimant information, thereby causing delay of the processing of the discovery requests and return of the information by claimants due to the initially flawed data on the subject claimants. While the exact number of claimants is noted above, the number of 550 named claimants does not adequately reflect the difficulties encountered in mutual efforts to secure the requested information to allow Limitation Petitioners their individual case evaluations as to each claimant, man, woman, and child, to which they are most certainly entitled.

Movers have never requested of Limitation Petitioners that which Limitation Petitioners, as the requesting parties, were not the best source of information for the discovery purposes. The requirement which the court imposed upon claimants' request, that Limitation Petitioners provide claimant counsel with names and addresses of the individual claimants to be part of the respondent pool for each respective month, was designed in hopes to ensure the most current and accurate information on each claimant.[1]

Essentially, movers seek to purge from the list of qualified claimants in this limitation action, those claimants for whom Limitation Petitioners were initially obligated to provide the most updated contact information. In the face of the inaccuracies or

---

[1] Claimants who were present, working or living, in St. Charles Parish, eastbank in particular, as of the pertinent date, July 28, 1999, may not continue to reside or to work at the same addresses as has been tested in the discovery process of the case.

incompleteness of the information, Limitation Petitioners now seek to dismiss these same individuals. This, moving claimants pray, the court should not countenance. In each instance observed, the implementation of the discovery process in any given month has been delayed by the lack of complete and accurate information being provided, thus affecting the responses provided by each monthly due date.

While this is most unfortunate in causing delayed information and response results, this delayed information and response results has in no way prejudiced the interest or any rights whatsoever Limitation Petitioners may have. *Bryant v. Smith*, 165 B.R. 176, 182 (1994). The court's decision whether to grant an extension is discretionary. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 894-98, 110 S.Ct. 3177, 3191-93 (1990). As noted above, the information flow continues as it has and Petitioners have received substantial responses to the discovery, while admittedly, individual claimant responses have remained impossible to provide under the circumstances realized, while not anticipated in the initial discovery designs for the case which continue today.

Finally, movers request that the extension for response time be allowed not for purposes of delay, but rather to ensure that the case proceeds in a fair, orderly, and efficient manner, particularly in the crucial discovery phase of this complex litigation. The discovery responses in this matter will continue to directly impact the discovery process and the related and consolidated toxic tort claims now pending the remaining

defendant parties, Orion Refining Corporation and the St. Charles Parish Waterworks Department.

### C. Conclusion and Requested Relief

For these reasons, the movers request the court allow an extension of time for a reasonable time within which to respond to Limitation Petitioners' October 2001 through January 2002 discovery requests thus allowing an opportunity for movers to investigate the whereabouts of some 850 claimants in order to provide proper notification of discovery requests.

Respectfully submitted,

THE WILLARD FIRM

_[signature]_
WALTER I. WILLARD (Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion and Memorandum has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this 17th day of January, 2002.

/s/ Walter I. Willard
Walter I. Willard

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO:   00-0252 c/w 00-2967 c/w 00-3147 SECTION "N" |

## ORDER

Considering the foregoing, it is Ordered that mover/claimants be allowed until _____, 2002 or until further order by the court, to provide the outstanding discovery responses for missing claimants.

New Orleans, Louisiana this _____ day of _____, 2002.

_____
Judge, United States District Court