

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>No. 00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N"<br><br>MAG. (5) |

### MEMORANDUM IN OPPOSITION TO CLAIMANT'S REQUEST FOR AN EXTENSION OF TIME.

American Commercial Lines, LLC and American Commercial Barge Line LLC (hereinafter "Limitation Petitioners") respectfully submit that Claimants' most recent Motion for an Extension of Time is meritless and should be denied as its sole purpose is to vexatiously prolong the discovery process in this case.

**I   CLAIMANTS' OPPOSITION TO LIMITATION PETITIONERS' MOTIONS TO DISMISS IS UNTIMELY**

On December 20, 2001, Limitation Petitioners filed three Motions to Dismiss certain Claimants in the Limitation. Thereafter, Claimants, on December 31, 2001, filed an opposition to

N0776112.1

these three Motions. A fourth Motion to Dismiss was filed by Limitation Petitioners on January 7, 2002. Claimants have not filed an opposition to that Motion to Dismiss. All of the Motions are pending before this Honorable Court and the time for filing an opposition to these Motions has passed. Under Section B of their Motion for Extension of Time, Claimants assert an opposition to Limitation Petitioners' Motion to Dismiss. Claimants further state their opposition to any future Motions to Dismiss which Limitation Petitioners may make. The vague opposition set forth in Claimants request for an extension of time cannot be considered as plead because it is untimely.

II.     **CLAIMANTS' MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO RESPOND TO DISCOVERY IS MOOT**

Claimants filed an objection to the Magistrate Judge's discovery order requiring production of discovery for 300 Claimants by the 17th of each month. Judge Lemelle, on September 20, 2001, overruled the objection stating that the Order was not clearly erroneous nor was it an abuse of discretion. To date, Claimants have not provided a new argument explaining why the Magistrate's discovery order should be amended or why an extension of time should be granted rendering the request moot.

### III. CLAIMANTS MUST ACCEPT THE RESPONSIBILITY OF COMMUNICATING WITH THEIR CLIENTS AND CEASE THEIR ATTEMPTS TO OBTAIN THE WORK-PRODUCT OF LIMITATION PETITIONERS

It is the professional responsibility of every lawyer to maintain client contact information such as names and addresses, for the purpose of communicating with his clients. Claimants refuse to accept this responsibility and have repeatedly attempted to obtain a database created by Limitation Petitioners in the course of this litigation. Limitation Petitioners created a database of names, addresses, and other information, initially based upon the claim forms filed with the Court on July 2, 2001. The database constitutes the work-product of Limitation Petitioners. Limitation Petitioners agreed to provide limited information from the database in an effort to expedite the discovery process which has been unnecessarily and vexatiously delayed by Claimants. However, the only names and addresses which Limitation Petitioners possess was based on the information which was filed with the Court by the Claimants themselves. Therefore, the number of claimants and the accuracy of the addresses was based on each individual Claimant's claim form. To the extent Claimants argue that Limitation Petitioners have incomplete information, Counsel for Claimant should look to himself to provide the missing information to Limitation Petitioners. Limitation

Petitioners are in no way responsible for obtaining and maintaining a complete and accurate client database for the use and convenience of any party, particularly Claimant's own attorney.

It is astounding that Claimant's repeatedly argue that they need accurate information regarding their own client's derived from work-product of Limitation Petitioners. Again, of all parties to this litigation, counsel for Claimants, not Limitation Petitioners, should have the most accurate information available pertaining to their clients. Furthermore, if counsel for claimants himself cannot locate his own clients and does not have the names and addresses of his own clients readily available and is having difficulty contacting the clients or getting clients to participate in discovery, this supports Limitation Petitioners' Motion to Dismiss.

What is also troubling is the strong assertion in Claimant's Motion that they need more information than they currently posses in order to contact their clients. This argument flies in the face of Claimants' recent Memorandum in Opposition to the Motion to Dismiss which contained the accusation that Limitation Petitioners engaged in "unmitigated slur" by pointing out the obvious - that Counsel does not have an accurate list of names and addresses of its clients. It is difficult to find the truth in Claimants arguments. Either counsel does or does not have the ability to contact his clients. Either way, Limitation Petitioners should not be forced to withstand more delays in this case based on the arguments presented in Claimants' Motion. Further delay is unwarranted and would

N0776112.1                                    4

prejudice Limitation Petitioners rights to obtain discovery, evaluate and formulate a defense in this case.

IV. **LIMITATION PETITIONERS WERE NOT ORDERED TO PROVIDE A COMPLETE CLIENT LIST TO CLAIMANTS' COUNSEL AND HAVE FULFILLED ITS OBLIGATIONS UNDER THE COURT ORDERS**

Claimants' argument that an extension of time is necessary because they don't have a complete client list and that the reason they don't have a complete client list is somehow the fault, burden or responsibility of Limitation Petitioners is absurd and meritless. Contrary to the statements made by Claimant's in their "Memorandum in Support of Motion in Opposition to Dismissal and Request for an Extension to Respond to Discovery", Magistrate Alma Chasez did not order Limitation Petitioners to provide Claimant's with a complete client list, replete with names and addresses, in her August 14, 2001 Minute Entry which was entered on August 17, 2001. That Minute Entry states as follows:

> On or before August 17th, defense counsel is to identify for plaintiffs' counsel the names of the individual claimants as to whom there is no current motion to dismiss which will be brought. Of these people, defense counsel may identify up to 350 individuals for whom defendant wishes to obtain answers to outstanding discovery on or before September 17, 2001. Plaintiffs' counsel is to provide

N0776112.1                                5

>discovery information as to at least 300 of these individuals by September 17th.

The Minute Entry further states:

>On the 17th of each succeeding month following September, 2001, plaintiffs' counsel shall provide discovery responses for another 300 of their clients until the outstanding interrogatories and requests for production have been answered for all individuals represented by counsel herein. Should defense counsel not receive written responses to discovery for at least 300 individuals on the 17th of each month, the appropriate motion shall be filed with the Court immediately.

*See* Magistrate Chasez' Minute Entry entered August 17, 2001.

Therefore, the Minute Entry states that Limitation Petitioners must provide a list of up to 350 names for those individuals in the first discovery group only.

Subsequently, upon request by Claimants, in light of the delays presented in this case, and in an effort to expedite the discovery process, Limitation Petitioners agreed to provide additional names and addresses to Claimant's counsel on a monthly basis. Claimants were not satisfied with the monthly provision of names and address of their clients and requested that Magistrate Chasez order Limitation Petitioners to provide a list of all of the names and addresses Limitation Petitioners had obtained.

N0776112.1                            6

Limitation Petitioners were never ordered but did agree to provide a list of names and addresses of Claimants that filed forms with the Court to the extent that Limitation Petitioners had been provided with that information as noted in the November 15, 2001 Minute Entry of Magistrate Chasez. That Minute Entry states as follows:

> Defendant has agreed to furnish plaintiff with a diskette containing the names and addresses of all the claimants who filed forms with the Court. . . . The Court opines that defendant's obligation to provide information is met by the furnishing of the diskette containing all the information pertaining to name and last known address. If this information is not in the format which is usable for printing of mailing labels, plaintiff will simply have to utilize other methods for generating those labels.

Therefore, Limitation Petitioners have complied with the Court's Orders relating to this issue and all names and addresses which Limitation Petitioners had access to through the claim forms filed with the Court were provided to Claimants. Limitation Petitioners, in the opinion of the Court, have no other obligation in this regard.

Furthermore, counsel's interpretation of the intent of Magistrate Chasez's Order is inappropriate and incorrect. Counsel for Claimants states that the Court imposed the requirement that Limitation Petitioners provide names "in hopes to ensure the most current and accurate

information on each claimant." Limitation Petitioners respectfully submit that this sentiment is expressed nowhere in any Order and indeed was never expressed by the Court.

## CONCLUSION

Limitation Petitioners have endured well over one and one-half years of discovery delays in this case. Claimants have stated no new or compelling reason to delay discovery for any period of time. Accordingly, Claimants' motion should be denied.

Respectfully submitted,

_____
GLENN G. GOODIER (#06130)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8438
Attorney for American Commercial Lines L.L.C. and
American Commercial Barge Line, L.L.C.

N0776112.1

8

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 23rd day of January, 2002.

_____
GLENN G. GOODIER