

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 29 PM 3: 38

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>No. 00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N"<br><br>MAG. (5) |

## MOTION TO COMPEL

NOW INTO COURT through undersigned counsel comes American Commercial Lines, L.L.C. and American Commercial Barge Lines, L.L.C., who move this Honorable Court to enter an Order compelling claimants to comply with the Court's Scheduling Order and the Court's Minute Entries of August 14, 2001 and November 21, 2001, for the reasons fully explained in the attached Memorandum.

Respectfully submitted,

_____

GLENN G. GOODIER (#06130)
RUTH B. SCHUSTER (#26506)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8438
Attorney for American Commercial Lines L.L.C. and
American Commercial Barge Line, L.L.C.

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc.No. _____

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this _____ day of January, 2002.

GLENN G. GOODIER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF AMERICAN                      CIVIL ACTION
COMMERCIAL LINES LLC as
Owner of the Barge LCD 4907                    No. 00-0252
and AMERICAN COMMERCIAL                        c/w 00-2967
BARGE LINE LLC as Charterer and                c/w 00-3147
Operator of the Barge LCD 4907,                SECTION "N"
Praying for Exoneration from and/or
Limitation of Liability                        MAG. (5)

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

MAY IT PLEASE THE COURT:

This Memorandum is submitted on behalf of American Commercial Lines, L.L.C. and American Commercial Barge Line, L.L.C. ("Limitation Petitioners") in support of its Motion to Compel claimants' compliance with the Court's Scheduling Order and its Minute Entries of August 14, 2001 and November 21, 2001.

## I.    CLAIMANTS ARE IN VIOLATION OF THIS COURT'S SCHEDULING ORDER.

Claimants' inexplicably refuse to comply with the Court's Scheduling Order regarding depositories.  The Court's Scheduling Order reads as follows:

> The claimants in the limitation action and the claimants in the proposed class action (hereinafter called 'claimants') will designate

a single depository of copies of documents produced by the petitioners and defendants. The petitioners in the limitation action and the defendants in the proposed class action (hereinafter called "Petitioners") will designate a single depository of copies of documents produced by the claimants. The producing party will maintain and preserve the originals.

During the months of September, October and November of 2001, Claimants produced documents directly to Limitation Petitioners who were presumably the initial designated depository for Claimants. Likewise, Limitation Petitioners produced their discovery directly to Claimants. On December 17, 2002, the day discovery was due for the month of December, Claimants, without prior notice of any sort, inappropriately designated the One on One Copy Center to be the depository for Claimants' documents. (Exhibit A). In an effort to work with Claimants, Limitation Petitioners repeatedly requested, over the phone and in writing, to discuss the unilateral designation of the copy center by claimants. (Exhibits B, C and D). After repeatedly attempting to contact claimants, to no avail, Limitation Petitioners designated Docusource as the depository in accordance with the Scheduling Order. (Exhibit C)

Limitation Petitioners brought this error to the attention of Claimants and demanded that the discovery be transported to Docusource prior to the January 17, 2002 production. Claimants again refused to comply with Limitation Petitioners' designation of depository. Claimants violated the

Court's order and Limitation Petitioners clear demand and continued to deliver discovery, namely January 17th discovery, to the One on One Copy Center.

Limitation Petitioners oppose the unilateral designation of a depository on several grounds. First and foremost, the designation of a copy center by counsel for claimants is not in accordance with the Scheduling Order quoted above. In accordance with the Scheduling Order quoted above, Limitation Petitioners' depository should prevail. Second, the One on One Copy Center has been contacted by Limitation Petitioners on numerous occasions and has failed to deliver a single copy of the December or January discovery to Limitation Petitioners. Therefore, to date Limitation Petitioners have received no discovery for the months of December and January despite repeated attempts to contact the copy center and despite an attempt to convince the Willard firm to stimulate the copy center into action (Exhibit D). It is inexplicable why a copy center would have difficulty producing copies of Claimants' claim forms. Unfortunately, the inferences that can be drawn from such conduct are not favorable to Claimants. The One on One Copy Center is more expensive per copy according to the rate quoted to Limitation Petitioners than Limitation Petitioners' own copy service.

Despite clear communications, both verbal and written, with Claimants, the December 17, 2001 and January 17, 2002 discovery was not delivered to the appropriate depository and was actually never produced to Limitation Petitioners. Therefore, in accordance with the foregoing,

N0776208.1                                      5

Claimants should be ordered to comply with the clear language of the Court's Scheduling Order and immediately transport all discovery to Docusource at 201 St. Charles Avenue, New Orleans, Louisiana 70170.

## II.    CLAIMANTS HAVE NOT COMPLIED WITH THE COURT'S ORDER OF AUGUST 14, 2001

Limitation Petitioners submit that Claimants have failed to comply with the Court's Order of August 14, 2001, which mandates that all discovery must be produced to Limitation Petitioners by the 17th of each month. Limitation Petitioners have not received the December 17, 2001 and January 17, 2002 discovery at the designated depository. In an effort to avoid further motion practice and in an effort to expedite the discovery process which has heretofore been unreasonably delayed by Claimants' tactics in this case, Limitation Petitioners repeatedly communicated by mail and by phone their objections to the unilateral designation of an independent copy center in violation of the Court's Order. Limitation Petitioners attempted to obtain copies from the One on One Copy Center, to no avail. Therefore, Limitation Petitioners move this Honorable Court to order claimants to produce discovery without delay to Docusource at 201 St. Charles Avenue, New Orleans, Louisiana 70170.

### III.    CLAIMANTS ARE IN VIOLATION OF MAGISTRATE CHASEZ' ORDER OF NOVEMBER 21, 2001

Limitation Petitioners refuse to provide a list of names of Claimants from whom discovery was sought in for December 17, 2001 and January 17, 2002.  Limitation Petitioners are entitled to such list in accordance with Magistrate's Chasez's Order of November 21, 2001 that specifically states:

> In the event that information for 300 people is not provided for any given month, the names of the individuals who plaintiff attempted to contact to make up those 300 people shall be given to defendant so that the appropriate motions may be filed with the court.

Despite requests for this Court ordered information, counsel for claimants has failed to respond to Limitation Petitioners repeated requests.  Claimants should be compelled to provide a list of names for December and January.  Claimants should also be ordered to provide this list to Limitation Petitioners upon production of discovery on the 17th of each month to avoid further delay.

### CONCLUSION

Accordingly, Limitation Petitioners move that this Honorable Court compel Claimants to comply with the Court's Scheduling Order and Minute Entry of August 14, 2001 by producing discovery on the 17th of each month to the depositary designated by limitation petitioners.  Further, Claimants must also be compelled to comply with the Magistrate's Minute Entry of November 21, 2001 by providing a list of names used for the December and January discovery, and for each month

N0776208.1                                    7

discovery is produced thereafter.  Further delay in this case is undeniably prejudicial to Limitation Petitioners.

Respectfully submitted,

GLENN G. GOODIER (#06130)
RUTH B. SCHUSTER (#26506)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana  70170-5100
Telephone: (504) 582-8438
Attorney for American Commercial Lines L.L.C. and
American Commercial Barge Line, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 2 5 day of January, 2002.

GLENN G. GOODIER

# THE WILLARD FIRM
## ATTORNEYS AND COUNSELORS AT LAW
### DEER PARK, SUITE 3A
### 10555 LAKE FOREST BOULEVARD
### NEW ORLEANS, LOUISIANA 70127

WALTER I. WILLARD *
BOBBIE F. MASON

NEW ORLEANS: (504) 244-9922
LAPLACE: (985) 652-9923
FACSIMILE: (504) 244-9921

* LL.M., ENERGY AND
  ENVIRONMENTAL LAW
  ALSO ADMITTED IN NJ & PA

## VIA FACSIMILE AND U.S. MAIL

December 17, 2002

Glenn G. Goodier, Esq.
Ruth Schuster, Esq.
Jones Walker, Waechter, Poitevent
Carrere & Denegre, L.L.P.
201 St. Charles Ave., Suite 4800
New Orleans, LA 70170

      **Re:** Depository: *Brown, et al. v. Orion Refinery Corporation, et al.*

Dear Mr. Goodier and Mrs. Schuster:

This comes to notify you that we will be submitting questionnaires into the designated depository located at **One On One Copy Center**, **5741 Crowder Boulevard, New Orleans, Louisiana 70127** by the close of business today, January 17, 2002. You can reach the Copy Center by telephone at (504) 244-8927.

We ask that you make copies of these questionnaires for your purposes in anticipation of co-defendants' need for copies of the same questionnaires.

If you have any questions, certainly feel free to call. Thank you.

Sincerely,

*Bobbie F. Mason*

Bobbie F. Mason

EXHIBIT
4

# THE WILLARD FIRM
## ATTORNEYS AND COUNSELORS AT LAW
DEER PARK, SUITE 3A
10555 LAKE FOREST BOULEVARD
NEW ORLEANS, LOUISIANA 70127

WALTER I. WILLARD *
BOBBIE F. MASON

* LL.M., ENERGY AND
ENVIRONMENTAL LAW
ALSO ADMITTED IN NJ & PA

NEW ORLEANS: (504) 244-9922
LAPLACE: (985) 652-9923
FACSIMILE: (504) 244-9921

**VIA FACSIMILE AND U.S. MAIL**

December 17, 2001

Glenn G. Goodier, Esq.
Jones Walker, Waechter, Poitevent
Carrere & Denegre, L.L.P.
201 St. Charles Ave., Suite 4800
New Orleans, LA 70170

Re: ***Brown, et al. v. Orion Refinery Corporation, et al.***

Dear Mr. Goodier:

This comes to notify you that our office has previously submitted courtesy sets of questionnaires to your office in order to meet our court-ordered deadline quota every 17th of the month commencing September 2001 in the above referenced matter. However, under recommendation of the court, we now request that you please forward all originals of these previously submitted questionnaires into the designated repository located at **One On One Copy Center, 5741 Crowder Boulevard, New Orleans, Louisiana 70127.** You can reach the Copy Center by telephone at (504) 244-8927.

We ask that you make copies of these questionnaires for your purposes; and forward the originals in the Copy Center in anticipation of co-defendants' need for copies of the same questionnaires.

In addition, we have submitted the original December 17, 2001 questionnaires to the Copy Center to be copied for you as needed. Please contact them directly.

If you have any questions, certainly feel free to call. Thank you.

Sincerely,

Bobbie F. Mason

cc: All Counsel



# JONES WALKER

Ruth Brewer Schuster
Direct Dial 504-582-8438
Direct Fax 504-589-8438
rschuster@joneswalker.com

December 18, 2001

**Via Fax No. 244-9921**
**and Via Regular Mail**
Bobby F. Mason
The Willard Law Firm
Deer Park, Suite 3A
10555 Lake Forest Boulevard
New Orleans, LA 70127

> Re:   In the Matter of American Commercial Lines
>       LLC as Owner of the Barge LCD 4907
>       and American Commercial Barge Line LLC as Charterer and Operator of
>       the Barge LCD 4907, Praying for Exoneration from
>       and/or Limitation of Liability
>       U.S.D.C., E.D. La, Civil Action No. 00-0252, Section "B", Mag. (5)
>       Our File:  00775/75911-00

Dear Ms. Mason:

I am writing in response to your letter of December 17, 2001. In that letter you request that we copy and return your September discovery responses. Obviously, this request is surprising to us because it is the first indication that we have had that you did not keep copies of your discovery responses from September. It is also the first indication that you have given that you were attempting to have ACBL pay for copies of the discovery responses. Nevertheless, if you require copies of the discovery, we will copy them at your expense, and send the copies to you. However, we will keep the discovery responses which you originally provided to us as we feel that the handwriting and information contained therein is important.

Furthermore, the December 17, 2001 responses were due to be produced in our offices on December 17, 2001. However, you have unilaterally, by your December 17, 2001 letter, indicated that you will not provide discovery responses to us directly. I interpret your December 17th letter to mean you wish for us to undertake the burden and expense of copying the December 17th discovery responses. We do not believe that the Federal Rules require us to pay for copying your responses to our Interrogatories and Requests for Production of Documents. Also, you have not indicated before today's date that such discovery responses would not be delivered to us on time. Therefore, we consider your discovery to be late and the subject of an appropriate motion.

N0763610.1

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE   NEW ORLEANS, LOUISIANA 70170-5100   504-582-8000   FAX 504-582-8583   E-MAIL info@joneswalker.com
BATON ROUGE   HOUSTON   LAFAYETTE   MIAMI   NEW ORLEANS   WASHINGTON, D.C.



EXHIBIT
B

With kindest regards, I remain

Yours truly,

Ruth B. Schuster

RBS/geo



# JONES WALKER

Ruth Brewer Schuster
Direct Dial 504-582-8438
Direct Fax 504-589-8438
rschuster@joneswalker.com

December 19, 2001

**Via Fax No. 244-9921**
Bobby F. Mason
The Willard Law Firm
Deer Park, Suite 3A
10555 Lake Forest Boulevard
New Orleans, LA 70127

> Re:   In the Matter of American Commercial Lines
>       LLC as Owner of the Barge LCD 4907
>       and American Commercial Barge Line LLC as Charterer and Operator of
>       the Barge LCD 4907, Praying for Exoneration from
>       and/or Limitation of Liability
>       U.S.D.C., E.D. La, Civil Action No. 00-0252, Section "B", Mag. (5)
>       Our File:  00775/75911-00

Dear Ms. Mason:

It was a pleasure speaking with you this morning. This is to confirm that we have agreed to designate a depository for the original September and December production of documents. However, please send me the name of the depositary you wish to use and contact person who has agreed to be responsible for handling and safeguarding the original documents at the deposit location. Further, as we discussed, ACBL has agreed to make copies of the September discovery responses at your expense. We await your response on this issue.

Finally, we have not received copies of the December production due on December 17, 2001. You made the unilateral decision to produce discovery to a copy center without discussing this issue with us or consulting us. As you are aware, this is not how the documents were handled in September, October or November. In the past you delivered the documents to us at our offices, at your expense. Your last minute, unilateral change in delivery and cost bearing practices concerns us. We maintain that we are not responsible for the cost and expense of copying your discovery responses, and question why you never raised this issue with us in the past. Please let us know how you wish to proceed.

With kindest regards, I remain

Yours truly,

Ruth B. Schuster

N0764517.1

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE  NEW ORLEANS, LOUISIANA 70170-5100  504-582-8000  FAX 504-582-8583  E-MAIL info@joneswalker.com  www.joneswalker.com
BATON ROUGE    HOUSTON    LAFAYETTE    MIAMI    NEW ORLEANS    WASHINGTON, D.C.



# JONES WALKER

Ruth Brewer Schuster
Direct Dial 504-582-8438
Direct Fax 504-589-8438
rschuster@joneswalker.com

January 7, 2002

**Via Fax No. 244-9921**
**and Via Regular Mail**
Walter Willard
Bobby F. Mason
The Willard Law Firm
Deer Park, Suite 3A
10555 Lake Forest Boulevard
New Orleans, LA 70127

Re:    In the Matter of American Commercial Lines
       LLC as Owner of the Barge LCD 4907
       and American Commercial Barge Line LLC as Charterer and Operator of
       the Barge LCD 4907, Praying for Exoneration from
       and/or Limitation of Liability
       U.S.D.C., E.D. La, Civil Action No. 00-0252, Section "B", Mag. (5)
       Our File:  00775/75911-00

Dear Mr. Willard:

    Despite several telephone conversations with Bobby Mason of your office, we have not been contacted by you regarding agreement on a depositary or the allocation of costs related to discovery. As we have continued to indicate, we have not received your December 17, 2001 discovery responses and  consider them to be long overdue.  However, because we have not heard from you and in an attempt to prevent even further delays, we are instructing your copy center to send us duplicates of the documents that they currently have.  We will bill you for the copies.

    Further, in accordance with Magistrate Judge Chasez's November 21, 2001 Order, we would like a list of the 300 individuals who constituted the December discovery group.

    With kindest regards, I remain

                    Yours truly,

                    Ruth B. Schuster

RBS/geo

N0769874.1

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE  NEW ORLEANS, LOUISIANA 70170-5100  504-582-8000  FAX 504-582-8583  E-MAIL info@joneswalker.com  www.joneswalker.com
BATON ROUGE    HOUSTON    LAFAYETTE    MIAMI    NEW ORLEANS    WASHINGTON, D.C.



# JONES WALKER

Ruth Brewer Schuster
Direct Dial 504-582-8438
Direct Fax 504-589-8438
rschuster@joneswalker.com

January 14, 2002

<u>**Via Fax No. 244-9921**</u>
<u>**and Via Regular Mail**</u>
Walter Willard
The Willard Law Firm
Deer Park, Suite 3A
10555 Lake Forest Boulevard
New Orleans, LA 70127

> Re:   In the Matter of American Commercial Lines
>         LLC as Owner of the Barge LCD 4907
>         and American Commercial Barge Line LLC as Charterer and Operator of
>         the Barge LCD 4907, Praying for Exoneration from
>         and/or Limitation of Liability
>         U.S.D.C., E.D. La, Civil Action No. 00-0252, Section "B", Mag. (5)
>         Our File:  00775/75911-00

Dear Mr. Willard:

We have recently sent letters to you regarding cost of discovery, appointment of a depositary, and Claimants lists but have not received a response. Nevertheless, in accordance with our previous letters, we hold you responsible for producing, at your expense, answers to our interrogatories and other requests. We have not been advised of your objection to paying for copies of your answers to discovery, particularly interrogatories, and therefore expect that you will forward reimbursement of copying expenses of $1956.59 which was incurred by us in accordance with the attached invoice.

Further, we have repeatedly attempted to contact you regarding your unilaterally appointed depository. In accordance with the Magistrate's Order, both ACBL and Claimants were to mutually agree upon a depository. You have not not given us the opportunity to fully discuss your choice of depository with you and have not given us assurances that the documents will be handled appropriately by the depository. Therefore, given your lack of responsiveness, we propose that all of the documents be moved to Docusource at 201 St. Charles Avenue, Suite 1401, New Orleans, LA 70170. Docusource is a reputable company which has handled cases involving large document production. They have given assurances that they are sensitive to the needs of all counsel to have the documents remain segregated and secure. Further, Docusource is cheaper per copy than the company which you have chosen. Unless you indicate an objection to this proposal, we will forward

N0772382.1

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE  NEW ORLEANS, LOUISIANA 70170-5100   504-582-8000   FAX 504-582-8583   E-MAIL info@joneswalker.com
BATON ROUGE    HOUSTON    LAFAYETTE    MIAMI    NEW ORLEANS    WASHINGTON, D.C.



**EXHIBIT**

the discovery responses we have received to Docusource on Wednesday, January 16, 2002. We would appreciate your cooperation in having any outstanding discovery you have, including the December 17, 2001 discovery, sent to Docusource by Wednesday, January 16, 2002 as well.

Finally, we have not received a list of the 300 December Claimants from whom discovery was sought. We are entitled to this list in accordance with Magistrate Chasez's Order of November 21, 2001.

We are, attempting to amicably, and without resort to the court, resolve the issues that have arisen recently with regard to expenses, depository designation, and Claimant lists. However, if we do not hear from you regarding the resolution of the issues presented in this letter by Wednesday, January 16, 2002, we will have no choice but to resort to the Court yet again in this matter. I look forward to speaking with you as soon as possible.

With kindest regards, I remain

Yours truly,

Ruth B. Schuster

RBS/geo
Encl.

N0772382.1



# DOCUSOURCE
## litigation support solutions

---

INVOICE

---

DATE 1/10/02

INVOICE NO 86004

Bill To Customer # 38          QP: JONE     Originals From

| | |
|---|---|
| Firm/Co: JONES WALKER ET AL | Name: |
|    Name: EFFIE ALFONSO | Address: |
| Address: 201 ST.CHARLES AVE. |        P |
|       SUITE 4800 | |
|    City: NEW ORLEANS, St:LA Zip: 70170 |    Phone: ( ) |
| Phone: (504) 582-8000 AM : | |

SR: KLC

Reference Number: 75911-00 (ANN CRITCHLOW)                    25269

========= Special Instructions ==========================
PLEASE MAKE 1 COPY OF ALL.
THANK YOU!

| Orig. | Copies | Description | Unit Price | Total |
|---|---|---|---|---|
| 13808 | 1 | 001 Litigation Copy Rate | $0.1300 | 1795.04 |

*Display your trial exhibits in a*
*※ FLASH ※*
*Using The Trial-Link Presentation System*

*Call us Today for a free Demo*

| | |
|---|---|
| Sub-Total: | 1795.04 |
| Freight: | |
| Tax: | 161.55 |
| Total: | 1956.59 |

**REMIT PAYMENT TO:**
201 ST. CHARLES AVE. • SUITE 1401 • NEW ORLEANS, LOUISIANA 70170-1401 • (504) 588-2679 • FAX (504) 588-2689

**NET 15 DAYS**



# JONES WALKER

Ruth Brewer Schuster
Direct Dial 504-582-8438 Direct Fax 504-589-8438
rschuster@joneswalker.com

January 15, 2002

**Via Fax No. 244-9921**
**and Via Regular Mail**
Walter Willard
The Willard Law Firm
Deer Park, Suite 3A
10555 Lake Forest Boulevard
New Orleans, LA 70127

>      Re:    In the Matter of American Commercial Lines
>             LLC as Owner of the Barge LCD 4907
>             and American Commercial Barge Line LLC as Charterer and Operator of
>             the Barge LCD 4907, Praying for Exoneration from
>             and/or Limitation of Liability
>             U.S.D.C., E.D. La, Civil Action No. 00-0252, Section "B", Mag. (5)
>             Our File:  00775/75911-00

Dear Mr. Willard:

Our brief conversation yesterday morning did not resolve the discovery issues presented in this case.  You were unable to discuss the case with me in any detail due to an impending deposition scheduled to take place at your office.  While I understand that your schedule is pressing, I never received a return call from you which has prompted me to write yet another letter in an effort to resolve issues which have arisen relating to discovery in this matter.

There has been confusion as to the Joint Scheduling and Case Management Order issued on April 2, 2001.  Specifically, with regard to depositories, the Order states as follows:

>      The claimants in a limitation action and the plaintiff in the proposed
>      class action (hereinafter called 'claimants') will designate a single
>      depository of copies of documents produced by the petitioners and
>      defendants.   The petitioners in the limitation action and the
>      defendants in the proposed class actions (hereinafter called
>      'petitioners') will designate a single depository of copies of
>      documents produced by the claimants.  The producing party will
>      maintain and preserve the originals.

N0773031.1

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE  NEW ORLEANS, LOUISIANA 70170-5100  504-582-8000  FAX 504-582-8583  E-MAIL info@joneswalker.com  www
BATON ROUGE   HOUSTON   LAFAYETTE   MIAMI   NEW ORLEANS   WASHINGTON, D.C.



EXHIBIT

tabbies

12

Previously, it appeared to be understood for the September, October and November production that Jones, Walker would be the depository for copies of Claimants' discovery and that the Willard Firm would be the depositary for production by Limitation Petitioners. However, we received a letter from your office designating a third party depository which indicated to us that a separate depository was now desired by the Willard Firm. You indicated to me yesterday, by phone, that a separate depositary would be of use because the other parties could access the documents more rapidly.

Upon review of the above language, it is clear that the Court's Order does not require mutual agreement regarding depositary designations. In accordance with the above-referenced Order, Limitation Petitioners have the ability to unilaterally appoint a depository for all discovery produced by Claimants. Therefore, your unilateral designation of a depository for Claimants documents was not in conformity with the Court's Order. Nevertheless, in an effort to accommodate you and work with you toward a mutually agreeable depository, we have attempted to contact you to discuss this issue. You failed to contact us and we therefore have designated Docusource as the depositary for Claimants production in accordance with our previous letter.

Of further concern, we still have not received the December discovery. We have repeatedly advised you that we consider this discovery to be late and not properly produced. In an attempt to prevent further delay we have made attempts to obtain copies through your unilaterally appointed copy center but have yet to receive copies. I personally spoke with the copy center last week and they could give me no solid time frame within which the copies would be made.

Finally, we repeat our demand for a copy of your list of the 300 December Claimants from which you sought discovery.

Obviously, we need to converse to rectify the issues which have arisen. Please contact us at your earliest convenience.


With kindest regards, I remain

                              Yours truly,

RBS/geo                       Ruth B. Schuster

N0773031.1

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF AMERICAN      CIVIL ACTION
COMMERCIAL LINES LLC as
Owner of the Barge LCD 4907       No. 00-0252
and AMERICAN COMMERCIAL      c/w 00-2967
BARGE LINE LLC as Charterer and     c/w 00-3147
Operator of the Barge LCD 4907,     SECTION "N"
Praying for Exoneration from and/or
Limitation of Liability         MAG. (5)

## LOCAL RULE 37.1(E) CERTIFICATE

Undersigned counsel for American Commercial Lines, L.L.C. and American Commercial Barge Lines, L.L.C. certifies pursuant to Local Rule 37.1(E) that she has repeatedly attempted to confer with counsel regarding failure of Claimants to comply with certain Court Orders with no success. To date, counsel for Claimants has yet to deliver the December and January discovery to the properly designated depository and has failed to provide lists of Claimant names as required. Accordingly, undersigned counsel has no choice but to file the attached Motion to Compel.

Respectfully submitted,

GLENN G. GOODIER (#06130)
RUTH B. SCHUSTER (#26506)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8438
Attorney for American Commercial Lines L.L.C. and
American Commercial Barge Line, L.L.C.

N0777224.1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this ⟨24⟩ day of January, 2002.

_[signature]_

RUTH B. SCHUSTER