FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 31 PM 2: 43

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N"<br><br>MAG: (5) |

### MEMORANDUM IN OPPOSITION TO PETITIONERS IN LIMITATION'S MOTION TO COMPEL

NOW INTO COURT, through undersigned counsel, come movers, Margie Richard, et al. who oppose defendants' Motion to Compel for the reasons set forth in the following incorporated Memorandum in Opposition:

A. **Argument**

I.   **CLAIMANTS HAVE COMPLIED WITH THIS COURTS SCHEDULING ORDER:**

Claimants acknowledge Judge Lemelle's Minute Entry of November 26, 2001 stating that the claimants in the limitation action and the plaintiffs in the proposed class action (hereinafter called "claimants") will designate a single depository of copies of documents produced by the petitioners and defendants, and that, petitioners in the limitation action and the defendants in the proposed class actions (hereinafter called "Petitioners") will designate a single depository of copies of documents produced by the claimants. However, this order does not outline each party's responsibility in bearing the cost of copying these same documents.

On or around December 17, 2001 claimants conferred by telephone with Mrs. Ruth Schuster, co-counsel for the American Commercial Lines, LLC and the American Commercial Barge Line (hereinafter referred to as "ACBL"), who assented to the depository's location at the One on One Copy Center, 5741 Crowder Boulevard, New Orleans, LA 70127. After the apparent telephone agreement, claimants confirmed the designated location in writing by facsimile and United States mail. (*See Exhibit "A"*). Subsequently, all questionnaires were forwarded to the depository, which now includes both December 2001 and January 2002. Expressing concern about copy costs through the One on One Copy Center, movers/ACBL and claimants had been engaged in discussion working toward resolving the depository issue. It was not until petitioners filed a Motion to Compel January 24, 2002, claimants discovered that petitioners did not desire to use the previously designated depository. In fact, the petitioners' assertion that after repeatedly attempting to contact claimants to no avail, they designated "Docusource" as their designated depository, and their assertion that they designated named depository prior to January 17, 2002 is simply untrue. Therefore, in view of these reasons, the claimants have complied with the court's scheduling order.

## II. CLAIMANTS HAVE COMPLIED WITH THE COURT'S ORDER OF AUGUST 14, 2001

Claimants have fully complied with the Court's Order of August 14, 2001, which mandates that all discovery be produced to petitioners by the 17th of each month commencing September 2001. Claimants have forwarded the December 17, 2001 and

January 2002 discovery at the depository location previously agreed to by petitioners. As mentioned previously, it was not until January 24, 2002, after petitioners filed their Motion to Compel, claimants were made aware of petitioners dissatisfaction with the previously designated depositary location at the One on One Copy Center, 5741 Crowder Boulevard, New Orleans, LA 70127.

### III. CLAIMANTS HAVE COMPLIED IN GOOD FAITH WITH THE COURT'S ORDER OF NOVEMBER 21, 2001

Claimants, in attempting to contact as many claimants as possible, have complied with the court's order of November 21, 2001, despite the challenge of multiple returned discovery notification letters due to petitioners failure to provide accurate and sufficient addresses to effect mail delivery. (*See Exhibit "B"*). In fact, claimants have spent multiple, time consuming hours researching, correcting, and updating claimant addresses provided by petitioners. Moreover, counsel for claimants are currently in the process of hiring a private investigator in a more aggressive attempt to locate claimants. Because claimants are continuing to make a good faith effort to notify all identified claimants in the pending case (all of the missing claimants' addresses are currently being updated and confirmed for accuracy), they have been unable to provide a list of the names of the individuals who have had attempted notification. As a result, the movers request that this court allow claimants to provide these names at a later completion date, but certainly not beyond the completion of the rolling discovery schedule May 1, 2002.

CONSIDERING THE FOREGOING, mover/claimants pray that this honorable court resolve the issues surrounding the depository's location, each parties copy costs obligation, and the missing claimants' list regarding attempted notification at the February 6, 2002 hearing date currently set with Magistrate Judge Chasez.

> Respectfully submitted,
>
> THE WILLARD FIRM
>
> /s/ Walter I. Willard
> WALTER I. WILLARD (Bar No. 2185)
> Deer Park, Suite 3A
> 10555 Lake Forest Blvd.
> New Orleans, LA 70127
> Telephone No. (504) 244-9922
> Telefax No. (504) 244-9921

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Opposition Memorandum has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this 31st day of January, 2002.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br><br>SECTION "N"<br><br>MAG: 5 |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that claimants/petitioners in the limitation action and related causes of action, now bring on before this Honorable Court, the underlying Memorandum in Opposition to Petitioners in Limitation's Motion to Compel, for hearing on February 20th, 2002 at 11:00 a.m. or as soon thereafter as counsel may be heard.

Respectfully submitted,

/s/ Walter I. Willard
WALTER I. WILLARD, BAR NO. 2185
Deer Park, Suite 3A
10555 Lake Forest Boulevard
New Orleans, Louisiana 70127
Telephone: (504) 244-9922
Telefax: (504) 244-9921
Counselors for the Claimant/Petitioners

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**