

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00–0252<br>c/w   00-2967<br>c/w   00-3147<br><br>SECTION "N" (5) |

### MOTION AND INCORPORATED MEMORANDUM TO STRIKE WITNESSES

NOW INTO COURT, through undersigned counsel, comes defendant Orion Refining Corporation ("Orion"), who respectfully requests that this Honorable Court strike four witnesses from defendant's Witness List and Answers to Interrogatories and bar said individuals from testifying at either the Class Certification Hearing currently scheduled for April 24, 2002 or at trial on the merits.

On August 10, 2001, both the <u>Brown</u> and <u>Richard</u> plaintiffs listed Aaron Brown, Terrance Fenderson, Adam Reynaud, and Aaron Smith as witnesses whom plaintiffs intend to call at the Class Certification Hearing. Furthermore, the Witness and Exhibit Lists filed by plaintiffs on February 19, 2002 stated that plaintiffs reserve the right to call at trial all other previously identified witnesses, which would include the four above named individuals.

In order to properly prepare for the Class Certification Hearing, defendants sought to take the depositions of Aaron Brown, Terrance Fenderson, Adam Reynaud, and Aaron Smith on March 5th



and 6th. A Notice of Deposition was issued to this effect.[1] Additionally, defendant Orion made several attempts to obtain from plaintiffs correct addresses so these individuals could be subpoenaed.[2] Despite Orion's best efforts to obtain information on plaintiff's witnesses, correct addresses were not received for Terrance Fenderson, Adam Reynaud, or Aaron Smith.[3] Orion was able to successfully subpoena Aaron Brown.[4] Despite the Notice of Deposition submitted to plaintiffs and the subpoena issued to Mr. Aaron Brown, none of the four above named individuals appeared for their depositions.

The failure of these witnesses to appear for deposition unfairly prejudices the ability of defendant Orion to prepare for the Class Certification Hearing. Without depositions, Orion cannot know what areas and issues to which these individuals would testify. Without this information, Orions' ability to present an effective defense at the Class Certification Hearing or at trial is seriously compromised.

Orion respectfully suggests that the only fair and equitable solution to the failure by plaintiffs' witnesses to appear for deposition is to bar those individuals from testifying at the Class Certification Hearing or at trial. This would allow the hearing to go forward without any unfair prejudice to defendant. For this reason, defendant Orion Refining Corporation respectfully requests that this Honorable Court bar Aaron Brown, Terrence Fenderson, Adam Reynaud and Aaron Smith

---

[1] See Exhibit 1.

[2] See Exhibit 2 in globo.

[3] Plaintiffs did provide an address for Mr. Fenderson, but it turned out to be an abandoned building.

[4] See Exhibit 3.

from testifying at the Class Certification Hearing or at the trial on the merits and further order plaintiffs to strike said individuals from the list of witnesses whom plaintiffs intend to call at the Class Certification Hearing or at trial.

Respectfully submitted:

SIDNEY J. HARDY (1938) (T.A.)
RICHARD A. HOUSTON, III (25100)
CAMPBELL, McCRANIE, SISTRUNK,
  ANZELMO & HARDY
3445 N. Causeway Boulevard
Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Counsel for Defendant Orion Refining
Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing the same in the U.S. Mail, postage prepaid and properly addressed, this 19 day of March, 2002.

Sidney J. Hardy
Richard A. Houston

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00–0252<br>c/w   00-2967<br>c/w   00-3147<br><br>SECTION "N" (5) |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that defendant, Orion Refining Corporation ("Orion") will bring on before this Honorable Court, the attached Motion to Strike Witnesses for hearing on April 3, 2002 at 9:30 a.m. or as soon thereafter as counsel may be heard.

Respectfully submitted:

_____
SIDNEY J. HARDY (1938) (T.A.)
RICHARD A. HOUSTON, III (25100)
CAMPBELL, McCRANIE, SISTRUNK,
  ANZELMO & HARDY
3445 N. Causeway Boulevard
Suite 800
Metairie, Louisiana  70002
Telephone:  (504) 831-0946
Counsel for Defendant Orion Refining Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing the same in the U.S. Mail, postage prepaid and properly addressed, this 19 day of March, 2002.

_____
Sidney J. Hardy
Richard A. Houston

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00–0252<br>c/w   00-2967<br>c/w   00-3147<br><br>SECTION "N" (5) |

## RE-NOTICE OF DEPOSITIONS

TO:  Randal L. Gaines, Esq.
311 Devon
LaPlace, Louisiana 70068

Alan Zaunbrecher, Esq.
Brett Bollinger, Esq.
Law Office of Alan Zaunbrecher
3850 N. Causeway Boulevard
Suite 1070
Metairie, Louisiana 70002

Glenn G. Goodier, Esq.
JONES, WALKER
201 St. Charles Avenue
New Orleans, Louisiana 70170-8174

Walter I. Willard, Esq.
10555 Lakeforest Blvd. Suite 3E
New Orleans, LA 70127

PLEASE TAKE NOTICE that defendant, Orion Refining Corporation, through their attorney of record, Sidney J. Hardy, will take the depositions of the following:

| | |
|---|---|
| Ethyl Mae Douglas | March 5, 2002 at 9:30 a.m. |
| Deborah Melancon | March 5, 2002 at 11:00 a.m |
| Aaron Brown | March 5, 2002 at 1:00 p.m. |
| Holly Tortorich | March 5, 2002 at 2:30 p.m. |



| | |
|---|---|
| Terrence Fenderson | March 5, 2002 at 4:00 p.m. |
| Adam Reynaud | March 6, 2002 at 9:30 a.m. |
| Aaron Spears | March 6, 2002 at 11:00 a.m. |
| Shelly Moliere-Rainey | March 6, 2002 at 1:00 p.m. |
| Samuel Price, III | March 6, 2002 at 2:30 p.m. |
| Aaron Smith | March 6, 2002 at 4:00 p.m. |

at the offices of Sidney J. Hardy, 3445 N. Causeway Blvd., Suite 800, Metairie, Louisiana 70002. The depositions will be taken before a court reporter or other officer duly authorized to administer oaths and record oral testimony. You are invited to attend and participate as you deem appropriate.

Respectfully submitted,

_____
SIDNEY J. HARDY #1938
CAMPBELL, MCCRANIE, SISTRUNK,
  ANZELMO & HARDY
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing same in the United States mail, postage prepaid, and properly addressed, this 30 day of January, 2002.

_____

# THE WILLARD FIRM, PLC
## ATTORNEYS AND COUNSELORS AT LAW
DEER PARK, SUITE 3A
10555 LAKE FOREST BOULEVARD
NEW ORLEANS, LOUISIANA 70127

WALTER I. WILLARD *
BOBBIE F. MASON

NEW ORLEANS: (504) 244-9922
LAPLACE: (985) 652-9923
FACSIMILE: (504). 244-9921

* LL.M., ENERGY AND
ENVIRONMENTAL LAW
ALSO ADMITTED IN NJ & PA

RECEIVED JAN 18 2002

January 17, 2002

Sidney J. Hardy, Esq.
Richard A. Houston, Esq.
Campbell, McCranie, Sistrunk, Anzelmo, & Hardy
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002

   Re: **January 24, 2002 Deposition**
     *Brown, et al. v. Orion Refinery Corporation, et al.*

Dear Mr. Hardy and Mr. Houston:

The deponents to be subpoenaed January 24, 2002 are as follows:

Shelly Mohere-Rainey
23 Barreca Street
P.O. Box 397
Norco, Louisiana 70079
(504) 712-3236 (cell)
(504) 559-7890 (work)

Thomas Jenkins
524 Turtle Creek
St. Rose, Louisiana 70087
(504) 466-5418

Samuel Price, III
206 East Club Drive
Apartment C
St. Rose, Louisiana 70087
(504) 466-6964

Also, we will forward the confirmed addresses of Terrence Fenderson and Aaron Smith within the next couple of days. As of date, the contact information for Mr. Aaron Brown is as follows:

Aaron Brown
256 Meadow Drive
Destrehan, Louisiana 70047
(985) 764-0424

Very truly yours,

Bobbie F. Mason

cc Randal Gaines


EXHIBIT 2

# CAMPBELL, MCCRANIE, SISTRUNK, ANZELMO & HARDY
A PROFESSIONAL LAW CORPORATION

3445 N. CAUSEWAY BLVD., SUITE 800
METAIRIE, LOUISIANA 70002
(504) 831-0946 / FAX (504) 831-2492

NEW ORLEANS AFFILIATE
THE LAW OFFICE OF SALVADOR ANZELMO
365 CANAL STREET, SUITE 2800
NEW ORLEANS, LOUISIANA 70130

FREDERICK R. CAMPBELL
BURGESS E. McCRANIE, JR.
MICHAEL R. SISTRUNK
THOMAS P. ANZELMO
SIDNEY J. HARDY•
ROY C. BEARD
GRACE RATNESAR HANSON º
CHARLES E. SUTTON, JR
ISIDRO RENE DeROJAS
MARK E. HANNA
GEOFFREY J. ORR
PETER J. WANEK*
• Also Admitted in Alabama
º Also Admitted in Georgia
* Also Admitted in Texas

ERIN M. HART
Of Counsel

CATHERINE M. WILLIAMS
RICHARD A. HOUSTON III
HEATHER G CONNOR ▪
MARTY R. DUPUY
MICHELE B. PROKOP
KEN D. BROWN
SCOTT A. DECKER
KYLE P. KIRSCH
JAMES C. RATHER, JR.
LYNDA A. TAFARO
DONNA BRAMLETT WOOD
PHILIP A. DOMINIQUE
JACQUELINE BLANKENSHIP
▪ Also Admitted in North Carolina

January 17, 2002

**VIA FACSIMILE - 225-647-6771**
**& U.S. MAIL**
Randal L. Gaines, Esq.
311 Devon
LaPlace, Louisiana 70068

**VIA FACSIMILE - 244-9921**
**& U.S. MAIL**
Walter I. Willard, Esq.
10555 Lakeforest Blvd. Suite 3E
New Orleans, LA 70127

Re:  In the Matter of American Commercial Lines, L.L.C.
U.S.D.C. NO. 00-0252 c/w 00-2967 c/w 00-3147
Our Ref: 2000-99-0

Dear Counsel:

We would like to reschedule the depositions of the fact witnesses. In an abundance of caution, we would like to subpoena them for their depositions. We do not have the physical addresses of Terrence Fenderson, Aaron Brown and Aaron Smith. Therefore, please forward the physical addresses to us no later than Wednesday, January 30, 2002.

Further, enclosed please find a copy of the Re-Notice of Deposition for Thomas Jenkins scheduled for January 24, 2002 at 9:30 a.m., the original which we have filed with the court

Should you have any questions, do not hesitate to contact me directly.

Sincerely,

Sidney J. Hardy
Richard A. Houston

/emh

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF AMERICAN COMMERCIAL LINES
LLC as Owner of the Barge LCD 4907 and
AMERICAN COMMERCIAL BARGE LINE LLC as
Charterer and Operator of the Barge LCD 4907,
Praying for Exoneration from and/or
Limitation of Liability
V.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 00-0252; c/w 00-2967; c/w 00-3147

TO: Aaron Brown
    256 Meadow Drive
    Destrehan, LA  70047

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| CAMPBELL, MCCRANIE, 3445 N. Causeway Blvd., #800, Metairie, LA 70002 | March 5, 2002 at 1:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premise at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30 (b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Defendant, Orion Refining Corp | 1/31/02 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sidney J. Hardy   Campbell, McCranine, Sistrunk, Anzelmo & Hardy
3445 N. Causeway Blvd., Suite 800, Metairie, LA 70002  (504) 831-0946

(See Rule 45, Federal Rules of Civil Procedure, Parts C and D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.



AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | FEB 6, 02 | MARLIN BROWN 256 MEADOW DRIVE DESTREHAN, LA 70047 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| X MARLIN BROWN | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BARRETT BOURGEOIS | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____FEB. 6, 02_____
                        DATE

_____Barrett Bourgeois_____
SIGNATURE OF SERVER

3445 N. CAUSEWAY
METAIRIE, LA 70002
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C and D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party, or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research development or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

