FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAR 19 PM 1: 40

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00–0252<br>c/w   00-2967<br>c/w   00-3147<br><br>SECTION "N" (5) |

### MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

NOW INTO COURT, through undersigned counsel, comes defendant Orion Refining Corporation, who respectfully requests that all claims asserted by plaintiffs in these two putative class actions be dismissed with prejudice and at plaintiffs' costs. For reasons set forth in the accompanying Memorandum in Support, plaintiffs' claims are entirely preempted by the Safe Drinking Water Act, 42 U.S.C. § 300f, *et seq*. For this reason, dismissal is warranted pursuant to Fed. R. Civ. Pro. 12(b)(6) because plaintiffs have failed to set forth claims upon which relief may be granted.

Respectfully submitted,

_____
SIDNEY J. HARDY (1938) (T.A.)
RICHARD A. HOUSTON, III (25100)
CAMPBELL, McCRANIE, SISTRUNK,
  ANZELMO & HARDY
3445 N. Causeway Boulevard
Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946
Counsel for Defendant Orion Refining
Corporation

___Fee_____
___Process___
_X_Dktd_____
___CtRmDep___
___Doc. No.___

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing the same in the U.S. Mail, postage prepaid and properly addressed, this 19th day of March, 2002.

_____
Sidney J. Hardy
Richard A. Houston

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00–0252<br>c/w   00-2967<br>c/w   00-3147<br><br>SECTION "N" (5) |

MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

On July 21, 2000 and July 25, 2000, the Brown[1] and Richard[2] petitions respectively were filed in the 29th Judicial District Court for the Parish of St. Charles.  Both petitions sought to assert class-action claims against Orion Refining Corporation ("Orion"), among other defendants, for an incident which occurred on or about July 28, 1999, when an unknown quantity of diesel fuel was allegedly spilled while a tanker barge at an Orion Refinery dock on the Mississippi River was being loaded. Plaintiffs allege that this spilled diesel fuel then made its way into the St. Charles Parish water system and was distributed to consumers, thereby causing both physical and emotional injuries.

Recognizing that the claims asserted against it were maritime in nature, defendant Orion, with the consent of co-defendant St. Charles Parish, removed both suits to this Court pursuant to

---

[1] Aaron Brown et al. v. Orion Refining Corp. et al., Docket No. 53,737E, 29th JDC.

[2] Margie Richard et al. v. American Commercial Lines, L.L.C. et al., Docket No. 53,756E, 29th JDC.


46 U.S.C. § 740 ("The Admiralty Extension Act") which provides in pertinent part:

> The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, *notwithstanding that such damages or injury be done or consummated on land.*

46 U.S.C. § 740 (emphasis added).

Neither set of plaintiffs objected to removal. Both suits were subsequently consolidated with a Limitation of Liability action filed by the barge company then pending in the Eastern District.[3]

## LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 61 F.3d 288, 289 (5th Cir.1995). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. Id. It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995) (alterations and citations omitted). "However, 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" Id. (quoting 3 Wright & Miller, Federal Practice & Procedure: Civil 2d § 1216, pp. 156-59). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir.1995).

---

[3] In the Matter of American Commercial Lines, L.L.C., Action No. 00-0252(B)(5) E.D.La. U.S.D.C.

## PREEMPTION OF PLAINTIFFS' MARITIME CLAIMS

The general maritime claims set forth by plaintiffs in their petitions are preempted by the Safe Drinking Water Act, 42 U.S.C. § 300f, et seq. A federal statute is said to preempt federal common law claims if that statute has "occupied the field through the establishment of a comprehensive regulatory program supervised by an expert administrative agency." Milwaukee v. Illinois, 451 U.S. 304, 317, 101 S.Ct. 1784, 1792, 68 L.Ed.2d 114 (1981); Mattoon v. City of Pittsfield, 980 F.2d 1, 4 (1st Cir. 1992). The First Circuit in Mattoon defined this "comprehensiveness inquiry" as turning

> on "whether the field has been occupied, not whether it has been occupied in a particular manner." Connor v. Aerovox, Inc., 730 F.2d 835, 841 (1st Cir. 1984) quoting Milwaukee, 451 U.S. at 324, 101 S.Ct. at 1796). In other words, "once Congress has addressed a national concern, our fundamental commitment to the separation of powers precludes the courts from scrutinizing the sufficiency of the congressional solution." Id.
> Mattoon, 980 F.2d at 5.

Specifically, in conducting an analysis into the scope of preemption, whether a potential litigant is left without a remedy is simply not a factor for consideration. Howard v Northwest Airlines, Inc., 739 F.Supp. 129, 132 (S.D. Tex. 1992); Caterpillar, Inc. v. Williams, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

In Mattoon, the First Circuit found that the Safe Drinking Water Act 42 U.S.C. § 300f et seq. preempted federal common law claims for injuries allegedly arising out of the drinking of contaminated water. Plaintiffs in that case claimed that they were made sick by a pathogen which infected the City's reservoir after a major malfunction of the chlorination system. Suit was brought against the City which supplied the contaminated water as well as several other defendants involved in the design, installation and maintenance of the faulty chlorination equipment. Plaintiffs asserted a claim under the SDWA, federal common law claims, and civil rights claims under 42 U.S.C. §

1983.[4]

During its analysis in <u>Mattoon</u> of whether the Safe Drinking Water Act preempted plaintiffs' federal common law claims, the First Circuit provided a cogent summary of the substantial breadth of the Safe Drinking Water Act and its preemptive effects:

> We have little hesitation in concluding that Congress occupied the field of public drinking water regulation with its enactment of the SDWA. "The purpose of the [SDWA] is to assure that water supply systems serving the public meet minimum national standards for protection of public health." <u>City of Evansville, Inc. v. Kentucky Liquid Recycling</u>, 604 F.2d 1008, 1016 n. 25 (7th Cir. 1979) (quoting H.R. Rep. No. 93-1185, reprinted in [1974] U.S. Code Cong. & Admin. News at 6454), <i>cert. denied</i>, 444 U.S. 1025, 100 S.Ct. 689, 62 L.Ed.2d 659 (1980) (emphasis added). With minor exceptions, the SDWA applies "to each public water system in each State." 42 U.S.C. § 300g. The SDWA enables the Administrator of the Environmental Protection Agency ("Administrator") to "publish maximum contaminant level goals and promulgate national primary drinking water regulations." <u>Id.</u> § 300g-1(b)(1). The maximum contaminant level is to "be set at the level at which no known or anticipated adverse effects on the health of persons or persons occur and which allows an adequate margin of safety." <u>Id.</u> §300g-1(b)(4). The Administrator is authorized to list treatment techniques to achieve compliance with the maximum allowable contaminant levels and, in certain circumstances, to require particular treatment techniques. <u>Id.</u> §300g-1(b)(6-7). The federal regulations are to be "amended whenever changes in technology, treatment techniques, and other means permit greater protection of the health of persons, but in any event such regulations shall be reviewed at least once every three years." <u>Id.</u> § 300g-1(b)(9). Finally, although the primary responsibility for enforcement remains with the States, the Administrator is empowered to enforce State compliance. <u>Id.</u> §§ 300g-2, 300g-3. **Thus, the regulatory scheme established under the SDWA evinces a clear congressional intention to entrust the regulation of the public drinking water systems to an expert regulatory agency rather then the courts.**
> <u>Mattoon</u>, 980 f.2d at 4-5 (emphasis added.)

Just as the SDWA preempts the <u>Mattoon</u> plaintiffs' federal common law claims, it also preempts the general maritime claims asserted by the plaintiffs in this litigation. In <u>In the Matter of Oswego Barge Corp.</u>, the Second Circuit recognized that judge-made general maritime law is simply

---

[4] For reasons not directly pertinent to this case, the plaintiffs' § 1983 claims were also dismissed by the First Circuit.

one branch of a larger federal common law. 664 F.2d 327, 333-334 (2d Cir. 1981). Because the whole of federal common law is preempted by the SDWA, so too is that portion of federal common law constituting general maritime law.

The scope of the SDWA is too broad to allow for plaintiffs to recover damages under federal maritime law. The purpose of the Act, the creation of minimal national safety standards in the field of public drinking water, would be undercut if recovery of damages outside of the SDWA is permitted.[5] Because federal common law claims are preempted by the Safe Drinking Water Act, and general maritime claims are simply a branch of the federal common law, the plaintiffs maritime claims must, as a matter of law, fail.

### PLAINTIFFS HAVE NO CLAIMS UNDER SDWA

Although plaintiffs have not explicitly asserted a claim under the SDWA, defendant Orion anticipates that they may attempt to do so.[6] The SDWA allows anyone to bring a civil action "against any person...who is alleged *to be in violation* of any requirement prescribed by or under this subchapter...". 42 U.S.C. § 300j-8(a). (Emphasis added.) Identical language in other environmental statutes has been interpreted by the United States Supreme Court as prohibiting citizens' suits absent a "continuous or intermittent violation." Gwaltney of Smithfield, Ltd. v.Chesapeake Bay Foundation, Inc., 484 U.S. 49 (1987). In the words of the Supreme Court, "the harm sought to be

---

[5] The SDWA contains its own provision for a suit by private citizens to recover damages. 42 U.S.C. § 300j-8. Plaintiffs' inability to assert a claim under this provision will be discussed below.

[6] A discussion of the possibility of plaintiffs asserting a claim under the SDWA is relevant at this time because the original petitions were filed in Louisiana state court, which is a fact-pleading state. A plaintiff in Louisiana courts must set forth the facts of his claim but need not set forth every possible theory of recovery. State ex rel. Ieyoub v. Racetrac Peteroleum, Inc., 2000-0458 (La. App. 3d Cir. 6/20/01), 790 So. 2d 673.

addressed by the citizen suit lies in the present or the future, not in the past." Id. at 59. The First Circuit has applied this requirement of a "continuous or intermittent violation" when analyzing citizen's suits brought under the SDWA. Mattoon, 980 F.2d at 6.

The plaintiffs had not included in their petitions any allegations which even suggest that the necessary continuous or intermittent violations are occurring. Instead, both petitions are entirely based on one discrete and isolated incident -- the July 28, 1999 diesel spill. There is absolutely nothing in the plaintiffs' pleadings to suggest that these suits were brought to address any present or future harm. As such, plaintiffs cannot state a claim under the SDWA.

## CONCLUSION

The plaintiffs in this matter have failed to state a claim for which relief may be granted. Plaintiffs petition set forth general maritime claims against defendant Orion Refining Corporation. The Safe Drinking Water Act, however, preempts any such maritime claims. Moreover, the plaintiffs' petitions contain no allegations of a "continuous or intermittent violation," a prerequisite before a citizens' suit can be brought under the Safe Drinking Water Act. For these reasons, plaintiffs' petitions should be dismissed with prejudice in accordance with Federal Rule of Civil Procedure 12(b).

Respectfully submitted:

_____
SIDNEY J. HARDY (1938) (T.A.)
RICHARD A. HOUSTON, III (25100)
CAMPBELL, McCRANIE, SISTRUNK,
 ANZELMO & HARDY

                3445 N. Causeway Boulevard
                Suite 800
                Metairie, Louisiana 70002
                Telephone: (504) 831-0946
                Counsel for Defendant Orion Refining
                Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing the same in the U.S. Mail, postage prepaid and properly addressed, this 19 day of March, 2002.

                _____
                Sidney J. Hardy
                Richard A. Houston


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:     00–0252<br>c/w    00-2967<br>c/w    00-3147<br><br>SECTION "B" (5)<br>Applies to 00-2967 ONLY |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that defendant, Orion Refining Corporation ("Orion") will bring on before this Honorable Court, the attached Motion to Dismiss for hearing on April 3, 2002 at 9:300 a.m. or as soon thereafter as counsel may be heard.

Respectfully submitted:

_____
SIDNEY J. HARDY (1938)
RICHARD A. HOUSTON (25100)
CAMPBELL, McCRANIE, SISTRUNK,
   ANZELMO & HARDY
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing the same in the U.S. Mail, postage prepaid and properly addressed, this 19 day of March, 2002.

 

SIDNEY J. HARDY
RICHARD A. HOUSTON