FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAR 25 PM 3:56

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO. 00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N"<br>MAG. (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION IN OPPOSITION TO MOTION FOR AN EXTENSION OF TIME

NOW INTO COURT, through undersigned counsel, comes American Commercial Lines, L.L.C. and American Commercial Barge Line, L.L.C. ("Limitation Petitioners"), who oppose Claimants' Motion for an extension the Court's discovery deadline to the extent that it would impact Claimants' obligation to produce discovery to Limitation Petitioners which is the

N0802899.1

subject of Limitation Petitioners' Motion to Dismiss now pending before this Court. In all other respects, the Motion to extend the discovery deadline is not opposed by Limitation Petitioners.

Respectfully submitted,

*/s/ Ruth B. Schuster*

GLENN G. GOODIER (#06130)
RUTH B. SCHUSTER (#26506 )
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone:(504) 582-8174
Attorney for Defendants,
American Commercial Lines L.L.C. and
American Commercial Barge Line L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 25 day of March, 2002.

*/s/ Ruth B. Schuster*
RUTH B. SCHUSTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN<br>COMMERCIAL LINES LLC as<br>Owner of the Barge LCD 4907<br>and AMERICAN COMMERCIAL<br>BARGE LINE LLC as Charterer and<br>Operator of the Barge LCD 4907,<br>Praying for Exoneration from and/or<br>Limitation of Liability | CIVIL ACTION<br><br>NO.  00-0252<br>c/w  00-2967<br>c/w  00-3147<br>SECTION "N"<br><br>MAG. (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO MOTION FOR AN EXTENSION OF TIME

Limitation Petitioners object to any extensions of time that Claimants request in their Motion for Extension of Time which would, in any way, enlarge the time in which Claimants have to respond to the discovery of Limitation Petitioners. In all other respects, Limitation Petitioners do not have an objection to the requested extension of time within which to complete discovery.

N0802908.1

Limitation Petitioners have been subjected to inordinate and inexplicable delays in this proceeding due to the lack of responsiveness of Claimants to discovery and further delay is unwarranted. Limitation Petitioners have been prejudiced and will continue to be prejudiced by the continued delays relating to discovery issued to Claimants almost two years ago. Nothing set forth in the Memorandum in Support of Motion to Extend March discovery deadline sets forth any reason why Claimants should have more time to respond to discovery propounded by Limitation Petitioners. Further extensions would only delay these proceedings even further and would be an undue burden and expense on this Court and Limitation Petitioners.

Additionally, Claimants sent Limitation Petitioners a copy of the motion by mail on February 19, 2002 which motion was receive on February 22, 2002. (See Exhibit "A"). Claimants left telephone messages for Limitation Petitioners regarding the proposed extension, however, Limitation Petitioners did not consent to the extension or speak with counsel for Claimants before the Motion was filed on February 19, 2002. Notwithstanding this fact, Limitation Petitioners are listed to have consented to the extension.

Limitation Petitioners were also served with an incomplete copy of the motion which contains no signature page and which references exhibits that were not provided in the service copy. If, upon receiving a complete copy of the motion, Limitation Petitioners determine that the remainder

of the motion merits a response, Limitation Petitioners specifically reserve the right to file such response or objection.

In accordance with the foregoing, Limitation Petitioners respectfully oppose any extension of time for Claimants to respond to discovery which was propounded by Limitation Petitioners almost two years ago. In all other respects, Limitation Petitioners do not oppose Claimants' request for an extension of time to complete discovery.

Respectfully submitted,

GLENN G. GOODIER (#06130)
RUTH B. SCHUSTER (#26506 )
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone:(504) 582-8174
Attorney for Defendants,
American Commercial Lines L.L.C. and
American Commercial Barge Line L.L.C.

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this 25 day of March, 2002.

                                                      RUTH B. SCHUSTER

# THE WILLARD FIRM, PLC
### ATTORNEYS AND COUNSELORS AT LAW
DEER PARK, SUITE 3A
10555 LAKE FOREST BOULEVARD
NEW ORLEANS, LOUISIANA 70127

WALTER I. WILLARD *
BOBBIE F. MASON

\* LL.M., ENERGY AND
ENVIRONMENTAL LAW
ALSO ADMITTED IN NJ & PA

NEW ORLEANS: (504) 244-9922
LAPLACE: (985) 652-9923
FACSIMILE: (504) 244-9921

**VIA U.S. MAIL**

March 19, 2002

Sidney J. Hardy, Esq.
Richard A. Houston, Esq.
Campbell, McCranie, Sistrunk, Anzelmo, & Hardy
3445 N. Causeway Boulevard, Suite 800
Metairie, LA 70002

Alan A. Zaunbrecher, Esq.
Law Offices of Alan A. Zaunbrecher
Lakeway II, Suite 1070
3850 N. Causeway Blvd.
Metairie, LA 70002-1752

Glenn G. Goodier, Esq.
Ruth B. Schuster, Esq.
Jones Walker, Waechter, Poitevent
Carrere & Denegre, L.L.P.
201 St. Charles Ave., Suite 4800
New Orleans, LA 70170

Randall Gaines, Esq.
Law Office of Randal Gaines
311 Devon Road
LaPlace, LA 70068

Re: Motion to Extend March 19, 2002 Discovery Deadline
*Richard, et al. v. Orion Refining Corporation, et al.*
Case No.: 00-0252, Division "N", Mag. 5

Dear Counselors:

Attached is our Motion to Extend the March 19, 2002 Discovery Deadline and Memorandum in Support, which we have filed without any opposition from any of the parties. You will note that this is per our previous discussion at our last status conference.

Certainly, call if you have any questions.

Very truly yours,

Walter I. Willard

Encl.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO: 00-0252 c/w 00-2967 c/w 00-3147 SECTION "N" |

## MOTION TO EXTEND MARCH 19, 2002 DISCOVERY DEADLINE AND MEMORANDUM IN SUPPORT

NOW INTO COURT, through undersigned counsel, come mover/claimants who move for an enlargement of time to facilitate ongoing discovery among all parties, petitioner/claimants, Margie Richard, et al, along with Orion Refining Corporation, St. Charles Parish Waterworks Department, and American Commercial Barge Line, LLC, pursuant to *Rule 6 of the Federal Rules of Civil Procedure*; See also, *Rule 26 of the Federal Rules of Civil Procedure*. The original deadline for discovery is March 19, 2002. Movers request, and without opposition from any parties hereto, that the court extend the discovery timeline to facilitate further reasonable exchange of discovery.

Respectfully submitted,

THE WILLARD FIRM

_____
WALTER I. WILLARD (La. Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO:  00-0252 c/w 00-2967 c/w 00-3147 SECTION "N" |

### MEMORANDUM IN SUPPORT OF MOTION TO EXTEND MARCH 19, 2002 DISCOVERY DEADLINE

MAY IT PLEASE THE COURT:

Movers request an extension of time for the March 19, 2002 discovery deadline because of the complex nature of this litigation, the ongoing claimant notification process, as well as further ongoing discovery between the parties. Movers request this extension in response to the December 12, 2001 court scheduling order (*See Notice of Order and Judgments Exhibit "A"*).

As discussed among the parties, with his honor, in the last pretrial conference, the complexity of the proceeding, with ongoing discovery in two separate proceedings under one consolidated caption, ongoing discovery is necessary to facilitate exchange between the parties, and thereby and perhaps best enhance opportunities to resolve the case wholly or partially before trial.

For these reasons, claimants pray that the following relief will be considered by this honorable court: that the March 19, 2002 court ordered discovery deadline be enlarged for the reasons as stated in this motion, as this need not delay these proceedings. *See Rule 6(b)* of the *Federal Rules of Civil Procedure.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO:   00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N" |

## ORDER

Considering the foregoing, it is Ordered that mover/claimants be allowed until _____, 2002 or until further order by the court, to provide the outstanding discovery.

New Orleans, Louisiana this _____ day of _____, 2002.

_____
Judge, United States District Court