

```
            FILED
      U.S. DISTRICT COURT
      EASTERN DISTRICT OF LA

      2002 MAR 26  PM 4:28

        LORETTA G. WHYTE
              CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO:   00-0252 c/w 00-2967 c/w 00-3147 SECTION "N" |

### MEMORANDUM IN OPPOSITION TO ACBL'S MOTION TO DISMISS CLAIMANTS FAILING TO PRODUCE DISCOVERY

#### A. Introduction

Movers/claimants are Margie Richard, et al. and Respondents are American Commercial Barge Lines, et al. ("Limitation Petitioners"), Orion Refining Corporation, and St. Charles Parish Waterworks Department.

Movers have sued Respondents for damages sustained as a direct consequence of the release of diesel fuel from the barge LCD 4907 and/or Orion Refining Corporation's facilities, and affected waters flowing into the public water supply for St. Charles Parish. This resulted in movers' physical, mental and/or emotional injuries, fright, inconvenience, and interruption of or intrusion into their personal lives.

On August 14, 2001, Magistrate Alma Chasez issued a discovery order instructing the Limitation Petitioners to provide claimants' attorneys with 330 *names and addresses* of claimants from which a requisite 300 responses would be returned to petitioners on the 17th of each month until all claimants have responded.



However, although the Limitation Petitioners finally provided a complete listing of the names of all claimants November 21, 2001, they did not provide the addresses for approximately 550 named claimants. Moreover, in addition to the 550 named claimants without addresses, approximately 300 additional addresses were inaccurate, e.g., physical addresses were given without their necessary, corresponding post office box address. Consequently, movers were left with the challenge of finding missing addresses and investigating the accuracy of the addresses provided by Limitation Petitioners which has proven both burdensome and extremely time consuming. Furthermore, it has left movers without a remedy to notify the requisite number of claimants by the 17th of each month even now with the assistance of two private investigators.

The pursuit of discovery should not be converted into a procedural bar to seeking relief in the United States courts for harm realized by the affected communities along the Mississippi River. Yet, on March 12, 2002, Limitation Petitioner moved to dismiss claimants failing to produce discovery December 17, 2001, and January and February 2002, which respondents believe clearly violates the spirit and intentions of Magistrate Judge Chasez's initial August 14, 2001 Order. The Limitation Petitioners have turned the discovery phase of this case into a calculated series of burdensome motions targeted to eliminate claimants, whether or not these individuals wish or intend to participate further in their cause of action. This certainly should not be Limitation Petitioner's primary objective when conducting discovery. Movers only urge remaining claimants to have a reasonable amount of time to be located and notified.

Defining "reasonable", respondents urge is easily accomplished herein. Judge Chasez's order contemplated a schedule extending only through April 2002. As a result, mover/claimants must request an extension of time to respond to Limitation Petitioners', but only through the month of April 2002, the originally projected time limit for completion of the rolling discovery effort as ordered by Magistrate Judge Chasez.

B. <u>Law and Argument: Request for an Extension of Time to Respond to Discovery Request</u>

First, mover/claimants respectfully oppose efforts of Limitation Petitioners to dismiss on *enmass* claimants in the discovery response groups of December 17, 2001, January 17, 2002, February 17, 2002. Movers further would oppose likely efforts to dismiss discovery responses now due or scheduled to become due for the dates March 17, 2001 and April 17, 2002. Movers respectfully urge that in the plan of rolling discovery, as implemented by the court, remains an inherent and necessarily binding joint responsibility to exchange the discovery between parties in an open and cooperative flow, consistent with the intentions of the court's rolling discovery plan. In each and every instance of the monthly discovery batch, Limitation Petitioners have provided deficient claimant information, thereby causing delay of the processing of the discovery requests and return of the information by claimants due to the initially flawed data. While the exact number of claimants is noted above, the number of 550 named claimants does not adequately reflect the difficulties encountered in efforts to secure the requested information for Limitation Petitioners' claimant evaluations.

Essentially, movers seek to purge from the list of qualified claimants, those claimants for whom Limitation Petitioners were initially obligated to provide the most updated contact information. In the face of the inaccuracies or incompleteness of the information, Limitation Petitioners now seek to dismiss these same individuals. In each instance observed, the implementation of the discovery process in any given month has been delayed by the lack of complete and accurate information being provided, thus affecting the responses provided by each monthly due date.[1]

While this is most unfortunate in precipitating delayed information responses, these delayed results has in no way prejudiced the interest or any rights of Limitation Petitioners. For this reason, time allowances are not unreasonable, but are appropriate. *See Bryant v. Smith*, 165 B.R. 176, 182 (1994). The court's decision whether to grant an extension is discretionary. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 894-98, 110 S.Ct. 3177, 3191-93 (1990). As noted above, the information flow continues as it has and Limitation Petitioners have received substantial responses to the discovery.

Finally, movers request that the ongoing discovery process should be allowed to ensure that the case proceeds in a fair, orderly, and efficient manner. This remains particularly crucial in the discovery phase considering the complex nature of this

---

[1] Moreover, claimants who were present, working or living, in St. Charles Parish, eastbank in particular, as of the pertinent date, July 28, 1999, may not continue to reside or to work at the same addresses as has been tested in the discovery process of the case. Effectively the cycle has been less than thirty day per month which remains insufficient for many families to be located, and secondly, to respond.

litigation. The ongoing discovery responses in this matter will continue as well to impact the discovery process for the related and consolidated toxic tort claims now pending against the remaining defendants, Orion Refining Corporation and the St. Charles Parish Waterworks Department.

### C. Conclusion and Requested Relief

For these reasons, the movers request the court allow for a reasonable time frame within which to respond to Limitation Petitioners' December 2001 through February 2002 (and beyond) discovery requests, and up through only April 2002, allowing an opportunity for claimants to respond on behalf of some 850 lost or inaccurately reported claimants, including minors after providing proper notification of discovery requests to each of them. While some may decline to respond, the rights of those wishing to be heard by the court should and must be protected by this honorable court.

Respectfully submitted,

THE WILLARD FIRM

_____
WALTER I. WILLARD (La. Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion and Memorandum has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this 26th day of March, 2002.

_____
Walter I. Willard

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO:   00-0252 c/w 00-2967 c/w 00-3147 SECTION "N" |

## ORDER

Considering the foregoing, it is Ordered that mover/claimants be allowed until _____, 2002 or until further order by the court, to provide the outstanding discovery responses for missing claimants.

New Orleans, Louisiana this _____ day of _____, 2002.

_____
Judge, United States District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO:   00-0252 c/w 00-2967 c/w 00-3147 SECTION "N" |

### STATEMENT OF MATERIAL FACTS AT ISSUE

In response to Petitioners in Limitation's Motion, claimants assert that the case of *Richard, et al. v. Orion Refining Corporation, et al.* contains numerous disputed material facts at issue as follows:

Response to Asserted Fact No. 3:

To this day, of the 2,399 claimants who timely filed a claim in this limitation action, requested claimants including children, have indeed responded to discovery request. All claimants responding to limitation petitioners' discovery have done so timely.

Response to Asserted Fact No. 7:

Claimants did have a list of names, addresses and other contact information for their clients. Counsel for Claimants insisted upon production of list information from counsel for Petitioners in effort to assure consistency of the date. Claimants requested a list of 330 names and addresses per month under the judge's instructions that limitation petitioners immediately provide the names and addresses of specific claimants they

needed discovery responses commencing September 2001. Claimants did not receive this list until after court ordered deadlines.

Response to Asserted Fact Nos. 8, 9, and 10:

Claimants dispute all numerical reports regarding the number of claimants dismissed in this present action cited in limitation petitioners' Motion to Dismiss.

Response to Asserted Fact Nos. 12, 13, 14, 15:

Claimants dispute the assertions based upon unsubstantiated database information provided by Petitioners in Limitation.

Respectfully submitted,

THE WILLARD FIRM

_____
WALTER I. WILLARD (La. Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion and Memorandum has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this 26th day of March, 2002.

_____
**Walter I. Willard**