*B*

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 MAR 26  PM 4: 30

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF AMERICAN COMMERCIAL
LINES, L.L.C., as Owner of the Barge LCD 4907, and
AMERICAN COMMERCIAL BARGE LINE L.L.C., as
Charterer and Operator of the Barge LCD 4907, Praying
for Exoneration from and/or Limitation of Liability

CIVIL ACTION
NO.: 00-0251 WHYTE    00-252
c/w 00-2967 CLERK
c/w 00-3147
SECTION "B" (5)
N

## MEMORANDUM IN OPPOSITION TO ORION REFINING CORPORATION'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

### A. Introduction

NOW INTO COURT, through undersigned counsel, come movers, Aaron Brown, et al. who oppose defendants' Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff files this response asking the court to deny defendant's motion for the reasons set forth in the following Memorandum in Opposition.

### B. Argument

#### 1) 12(b)(6) Motion overcome as factual allegations entitles claimants to relief

When considering defendant's motion, the court must construe the factual allegations in the Complaint in the light most favorable to the claimants. *Citizens Bank & Trust Company*, et al., 68 F.R.D. 697 (E.D. La., 1975); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. G.E. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle claimant to relief should the court grant defendant's motion. *Sandra W. West, et al. v. Zapata Gulf Marine Corp.*, 1990 WL 124251 (E.D. La., 1990); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in claimants' complaint support any

Fee
Process
X Dktd    16
CtRmDep
Doc. No. 157

legal theory that entitles claimants to some, relief, the court should overrule defendant's motion.

In this case, claimants alleged a cause of action of negligence for all of whom have sustained damages, physical, mental and/or emotional injuries, fright, inconvenience, and interruption of or intrusion into their personal lives as a direct consequence of the release and/or emission(s) of diesel fuel from the barge LCD 4907 and the Orion Refining Corporation's facilities, on or about July 28, 1999, pursuant to *Louisiana Code of Civil Procedure Article 2315.*

Specifically, in this case, claimants alleged a cause of action for negligence, through their officers, employees and agents, in the following manner:

1.  In failing to properly maintain control of the refining facilities while loading and unloading and unloading hazardous substances;

2.  In failing to use proper workmanship in all maintenance of the refining facility to assure its safe use and operations for handling hazardous substances at all times;

3.  In failing to properly supervise and train employees;

4.  In failing to establish and follow safe operating, maintenance, proper workmanship, and emergency procedures;

5.  In failing to do what should have been done to avoid the release and subsequent contamination of the public water supply;

6.  In failing to create, implement, and enforce policies and regulations on the safe operation of the refining facility; and

7. In acting in a careless and grossly negligent manner without regard for the safety of its own workers and all others, in addition to other acts of negligence to be shown at the trial of this matter.

All of which the aforesaid acts of negligence are in violation of the laws of the State of Louisiana and the ordinances of the Parish of St. Charles, and as such, the defendant's conduct constituted *negligence per se*.

Alternatively, and in addition hereto, the Orion Refining Corporation's plant facility, components and appurtenances were at all times relevant hereto in the custody and garde of Orion Refining Corporation, and as a result, the defendant is strictly liable under provisions of La. Code Article 2317 for the damages caused.

In the above provisions of the Original Petition, claimants' sufficiently allege facts necessary to articulate a claim upon which relief may be granted. This, respondents respectfully urge, is the Rule 12(b)(6) test. This test, respondents urge once again, is met.

## 2) Claimants assert a state cause of action and Safe rinking Water Act ("SDWA") not applicable

Claimants do not assert a cause of action under the Safe Drinking Water Act ("SWDA"). Procedurally this matter was brought as a state court cause of action under two separate cases now consolidated. Accordingly, the petitioners' respective causes of action in the two distinct cases articulate theories of their cases' rights and remedies to which they are entitled within the scope of state law. Procedurally, the matter has been removed for consolidation with the federal question jurisdiction-based limitation action in

this court.  While the petitioners might otherwise welcome applicability of the SWDA, 42 U.S.C.A. s 300f, *et seq*, the applicability of this statute is not at issue.

Movers' argument falls under its own weight.   Movers wish to suggest applicability of the SDWA, *id.*, for a narrow purpose and then urge the same Act's preemption of federal maritime law.  However, the state law-based claims brought in the two respective suits in state court, now removed to this court, need not rest conclusively upon the federal statutory enactment of Congress, the "SDWA".  The claims brought and now pending before this honorable court sufficiently state a cause of action to survive and defeat movers' Rule 12(b)(6) effort.

The principal case on the preemption of the SDWA, *supra,* is *Matoon v. City of Pittsfield*, 980 F.2d 1 (1st Cir. 1992).   This case is distinguished from the present consolidated cases in that the *Matoon* petitioners specifically bring claims under the SDWA.   Plaintiffs in *Matoon* allege claims under the SDWA specifically.   While respondents would not disavow allegiance to the provisions of the SDWA, as the original actions were brought in state court, they were grounded in state law.

Claimants concedes that the regulatory scheme established under the SDWA evinces a clear congressional intention to entrust the regulation of the public drinking water systems to an expert regulatory agency rather than courts. *See Milwaukee v. Illinois*, 451 U.S. 304, 317, 101 S.Ct. 1784 (1981).  However, claimants assert that the federal statutory law preempts state law only if the state law poses a significant conflict with or impairment with federal interest. *See Willy and Young v. The Costal Corporation, 855 F.2d 1160 (FN 10); Martin, et al. v. Cenac Towing Co., Inc.*, et al, 2001 WL 333129 (April 4, 2001); *also see, In the Matter of BASF Corporation's  Exemption Permit From*

*Hazardous Waste Land Disposal Restrictions*, 765 So.2d 1171 (1st Cir. 2000). To the extent that the underlying claims in the instant case raise no legal inconsistencies with the SDWA, petitioner/claimants welcome the applicable of any provisions of the act in further defining parameters of the movant/defendants obligations under law to act in accordance therewith.

### C. Conclusion

Because claimants' factual allegations support a claim upon which relief can be granted, the court should deny defendant's motion. In the alternative, if the court determines petitioners have failed to state a claim, petitioners/claimants in limitation pray that the court grant leave to amend the Complaint in each of the consolidated cases.

Respectfully submitted,

THE WILLARD FIRM

WALTER I. WILLARD (Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on this 26th day of March 2002.

Walter I. Willard