```
                                           FILED
                                     U.S. DISTRICT COURT
                                    EASTERN DISTRICT OF LA

                                    2002 APR -4  AM 8: 38

                                      LORETTA G. WHYTE
                                            CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC as Owner of the Barge LCD 4907 and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N"<br><br>MAG. (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### REPLY MEMORANDUM TO CLAIMANT'S OPPOSITION TO ACBL'S MOTION TO DISMISS CLAIMANT'S FAILING TO PRODUCE DISCOVERY

American Commercial Lines, L.L.C. and American Commercial Barge Line, L.L.C. ("Limitation Petitioners"), respectfully submit that Claimant's Memorandum in Opposition to ACBL's Motion to Dismiss sets forth no grounds upon which Limitation Petitioners' Motion to Dismiss could be denied and that the purpose of the motion is to vexatiously prolong the discovery process in this case.

**I.   CLAIMANTS' MEMORANDUM IN OPPOSITION IS MOOT AS THE MERITS HAVE BEEN RULED UPON BY JUDGE ENGELHARDT ON JANUARY 28, 2002.**

The purported "Memorandum in Opposition to ACBL's Motion to Dismiss Claimants' Failing to Produce Discovery" is in reality a Motion for Extension of Time. To the extent that the purported Memorandum in Opposition is a Motion for Extension of Time, it has been improperly

N0805988.1                                    1



pled and is untimely, as all deadlines to produce discovery had passed as of the date of the Claimants' Motion.

Nevertheless, Claimants motion is also moot as the merits of the motion for an extension of time have been ruled upon by Judge Englehart as follows:

> It is pellucid that yet another extension of time will only serve to further delay the process of this action and will likely garner yet another request for delay when the new deadline draws neigh.
>
> The court will not reiterate the continuing saga of repeated failure to comply with the Court orders entered in this case. Moreover, the role in discovery schedule entered in this case and the claims forms procedure utilized were the subject of agreement by the parties. These agreed upon schedules have been the subject of numerous orders and extensions. Less the case completely stagnate, it is clear that further extensions of time will only ensure that event. Numerous extensions of time and other assistance provided by the Magistrate Judge in the hopes of streamlining discovery in this matter have not gone unpunished.
>
> Accordingly, and for all of the foregoing reasons;
>
> IT IS ORDERED, that the individual Claimant's Motion to Extend Discovery Response Time is DENIED. . . .

The Court's Order is clear and no new grounds for an extension of time have been set forth in the Claimants' Memorandum. In fact, exactly the same arguments which were denied previously have been set forth in this newest Memorandum in Opposition.

## II.    CLAIMANTS INACCURATELY CITE MAGISTRATE CHASEZ'S MINUTE ENTRY AND CASELAW

Claimants argue that Magistrate Chasez's August 14, 2001 discovery order "contemplated a schedule extending only through April 2002." However, Magistrate Chasez's order does not state

that April is the cut-off date for discovery. The order actually states: "On the 17th of each succeeding month following September, 2001, plaintiffs' counsel shall provide discovery responses for another 300 of their clients <u>until the outstanding interrogatories and requests for production have been answered for all individuals represented by counsel herein</u>." Nothing in the Order contemplates that Claimant's have until the month of April to complete discovery. In accordance with the 300 a month requirement and Limitation Petitioners' Motion to Dismiss, Claimants have no remaining time in which to respond to discovery.

Additionally, Claimants cite <u>Bryant v. Smith</u>, 165 B.R. 176 (W.D.Va. 1994) for the proposition that Limitation Petitioners have not been prejudiced in their defense of this litigation and that "time allowances are not unreasonable, but are appropriate." The <u>Bryant</u> case is not relevant as that case deals with the rules of the bankruptcy court and late filing of schedules under Bankruptcy Procedure Rules. Limitation Petitioners have been sorely prejudiced by the delay in the discovery process caused by Claimants and the bankruptcy case cited by Claimants is irrelevant, non-persuasive, and inapposite.

### III. CLAIMANTS MUST ACCEPT THE RESPONSIBILITY OF COMMUNICATING WITH THEIR CLIENTS

Once again Claimants attempt to blame their lack of client contact information on Limitation Petitioners by arguing that the discovery process is "joint" and that Limitation Petitioners provided counsel for Claimants with insufficient address and contact information for counsel for claimants own clients! It is the professional responsibility of every lawyer to maintain client contact

information such as names and addresses, for the purpose of communicating with his clients. Claimants refuse to accept this responsibility.

Limitation Petitioners created a database of names, addresses, and other information, initially based upon the claim forms filed with the Court on July 2, 2001. Limitation Petitioners agreed to provide limited information from the database in an effort to expedite the discovery process which has been unnecessarily and vexatiously delayed by Claimants. However, the only names and addresses which Limitation Petitioners possess was based on the information which was filed with the Court by the Claimants themselves. Therefore, the number of claimants and the accuracy of the addresses was based on each individual Claimant's claim form.

Claimants argue that Limitation Petitioners did not give them the contact information for some 550 of counsel's clients and that they had to hire <u>private investigators to find their own clients</u>. It is likely that those individuals did not file claim forms and Limitation Petitioners have no way of obtaining contact information from these people. To the extent Claimants argue that Limitation Petitioners have incomplete information, Counsel for Claimant should look to himself to provide the missing information to Limitation Petitioners. Limitation Petitioners are in no way responsible for obtaining and maintaining a complete and accurate client database for the use and convenience of any party, particularly Claimant's own attorney.

It is absurd that Claimant's repeatedly argue that Limitation Petitioners should be charged with providing accurate information regarding their own client's. Again, of all parties to this litigation, counsel for Claimants, not Limitation Petitioners, should have the most accurate

information available pertaining to their clients. Furthermore, if counsel for claimants himself cannot locate his own clients and does not have the names and addresses of his own clients readily available and is having difficulty contacting the clients or getting clients to participate in discovery, this supports Limitation Petitioners' Motion to Dismiss.

Claimants' argue that they need contact information from Limitation Petitioners in order to locate their clients. In the same motion they argue that they have contact information for their clients. The inconsistencies of their arguments abound. Either counsel does or does not have the ability to contact its clients. Either way, Limitation Petitioners should not be forced to withstand more delays in this case based upon the arguments presented in the Claimants' opposition motion. Further delay is unwarranted and would be prejudicial to Limitation Petitioners' rights to obtain discovery and evaluate and formulate a defense in this case.

### IV. LIMITATION PETITIONERS HAVE FULFILLED ITS OBLIGATIONS TO PROVIDE A LIST OF CLAIMANTS UNDER THE COURT ORDERS

Claimants' argument that an extension of time is necessary because they don't have a complete client list and that the reason they don't have a complete client list is somehow the fault, burden or responsibility of Limitation Petitioners is absurd and meritless. Contrary to the statements made by Claimant's, Magistrate Alma Chasez did not order Limitation Petitioners to provide Claimant's with a complete client list, replete with names and addresses, in her August 14, 2001 Minute Entry which was entered on August 17, 2001. That Minute Entry states as follows:

> On or before August 17th, defense counsel is to identify for plaintiffs' counsel the names of the individual claimants as to whom there is no current motion to dismiss which will be brought. Of these people, defense counsel may identify up to 350 individuals for whom defendant wishes to obtain answers to outstanding discovery on or before September 17, 2001. Plaintiffs' counsel is to provide discovery information as to at least 300 of these individuals by September 17th.

The Minute Entry further states:

> On the 17th of each succeeding month following September, 2001, plaintiffs' counsel shall provide discovery responses for another 300 of their clients until the outstanding interrogatories and requests for production have been answered for all individuals represented by counsel herein. Should defense counsel not receive written responses to discovery for at least 300 individuals on the 17th of each month, the appropriate motion shall be filed with the Court immediately.

*See* Magistrate Chasez' Minute Entry entered August 17, 2001.

Therefore, the Minute Entry states that Limitation Petitioners must provide a list of up to 350 names for those individuals in the first discovery group only.

Subsequently, upon request by Claimants, in light of the delays presented in this case, and in an effort to expedite the discovery process, Limitation Petitioners agreed to provide additional names and addresses to Claimant's counsel on a monthly basis. Claimants were not satisfied with the monthly provision of names and address of their clients and requested that Magistrate Chasez order Limitation Petitioners to provide a list of all of the names and addresses Limitation Petitioners had obtained.

Limitation Petitioners were never ordered but did agree to provide a list of names and addresses of Claimants that filed forms with the Court to the extent that Limitation Petitioners had

been provided with that information as noted in the November 15, 2001 Minute Entry of Magistrate Chasez. That Minute Entry states as follows:

> Defendant has agreed to furnish plaintiff with a diskette containing the names and addresses of all the claimants who filed forms with the Court. . . . The Court opines that defendant's obligation to provide information is met by the furnishing of the diskette containing all the information pertaining to name and last known address. If this information is not in the format which is usable for printing of mailing labels, plaintiff will simply have to utilize other methods for generating those labels.

Therefore, Limitation Petitioners have complied with the Court's Orders relating to this issue and all names and addresses which Limitation Petitioners had access to through the claim forms filed with the Court were provided to Claimants. Limitation Petitioners, in the opinion of the Court, have no other obligation in this regard.

## V.    CLAIMANTS MISCHARACTERIZED THE COURSE OF THE PROCEEDINGS

Claimants state "Limitation Petitioners have turned the discovery phase of this case into a calculated series of burdensome motions target to eliminate Claimants, whether or not these individuals wish or intend to participate further in their cause of action." Limitation Petitioners take issue with Claimants' characterization of the "intent" of Limitation Petitioners. Limitation Petitioners have been waiting for discovery in this case for approximately two years in an effort to determine whether or not individual claimants "wish or intend to participate further in their cause of action." The intent of Claimants not to participate is evidenced by their failure to respond to

discovery. Claimants failing to respond to discovery have no apparent interest in their cause of action and should certainly be dismissed after two years of nonresponsiveness.

Claimants further state that dismissal "certainly should not be the Limitation Petitioners' primary objective when conducting discovery." Limitation Petitioners take issue with this mischaracterization of the course of proceedings. Again, Limitation Petitioners have patiently waited approximately two years for any response to discovery in this case, which response has not been forthcoming. Each step of discovery compliance has required the Limitation Petitioners to request the assistance of the Court in order to force Claimants to respond to simple discovery. Such actions are unwarranted and have vexatiously delayed the case and proceeding.

Claimants' mischaracterizations of the course of procedure in this case is clearly an attempt to deflect the Court's attention away from the discovery abuses committed by Claimants in this case and should not be tolerated.

## VI.  CLAIMANT'S STATEMENT OF MATERIAL FACTS ARE INCORRECT AND REFUTED BY THE DISCOVERY ABUSES APPARENT IN THIS CASE

Claimants set forth a "response" to Limitation Petitioners' Statement of Material Facts no in Issue. These responses are not supported by any information, evidence or argument upon which this Court could base a denial of Limitation Petitioners Motion to Dismiss.

Claimants stated in their "Response to Asserted Fact No. 3" that "of the 2,399 who timely filed a claim . . . . requested claimants . . have indeed responded to discovery request. All claimants responding to limitation petitioners' discovery have done so timely." It is self evident from the

record in this case that this statement is untrue. There were originally 2,399 claimants in the limitation proceeding; however, most have not responded to discovery on time and some have been dismissed as a result. This statement is therefore unsupportable.

In "Response to Asserted Fact No. 7" Claimants make unsupportable allegations which are clearly refuted by the evidence of discovery abuse in this case and by the Court's numerous discovery orders as discussed above in sections III, IV and V.

In their response to Nos 8-10 and 12-15, Claimants make the statement that they dispute the numbers of Claimants that have been dismissed and that information from Limitation Petitioners's database information is "unsubstantiated." Without more in the way of argument or evidence, these statements are meaningless and superficial. Accordingly, no basis has been set forth upon which to deny Limitation Petitioners' Motion to Dismiss.

## CONCLUSION

Limitation Petitioners have endured about 2 years of discovery delays in this case. Claimants have yet to state any new or compelling reason to delay discovery for any period of time. Accordingly, Limitation Petitioners' Motions to Dismiss should be granted and Claimants' improperly pled Motion for an extension of time should be denied.

Respectfully submitted,

_____
GLENN G. GOODIER (#06130)
RUTH B. SCHUSTER (#26506 )
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, Suite 4800
New Orleans, Louisiana 70170-5100
Telephone:(504) 582-8174
Attorney for Defendants,
American Commercial Lines L.L.C. and
American Commercial Barge Line L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been properly mailed to all known potential parties and/or their counsel on this ____ day of _____, 2002.

_____
GLENN G. GOODIER

N0805988.1                                10