FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR -4 AM 9:38

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**ENGELHARDT, J.**
**APRIL 3, 2002**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES,L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO. 00-252 c/w 00-2967 c/w 00-3147 SECTION:"N" |

    Before the Court is Limitation Petitioners' Motion to Dismiss Claimants failing to produce discovery by December 17, 2001, and January and February 17, 2002, as required by the operative scheduling order. Claimants filed a formal opposition memorandum, but do not contest the petitioners' premise (*i.e.*, that they have failed to comply with the scheduling order). Instead, claimants argue that the "Limitation Petitioners have turned the discovery phase of this case into a calculated series of burdensome motions targeted to eliminate claimants, whether or

1

DATE OF ENTRY
APR 4 2002



not these individuals wish or intend to participate further in their cause of action," and again seek additional time to locate and notify claimants, suggesting that the Court has not afforded a reasonable time to respond to discovery.[1] Claimants' counsel essentially foists blame on initially flawed data; then Limitation Petitioners' alleged failure to ferret out the present location of lost potential claimants adverse to them; and then the complex nature of this litigation; and the already extended rolling discovery schedule (previously agreed to by counsel) hand-tooled by the Magistrate Judge, making every effort to accommodate claimants and yet, to facilitate the flow of discovery that remained stymied far too long at the outset of the proceedings.

Limitation Petitioners, American Commercial Lines, L.L.C. and American Commercial Barge Line, L.L.C. (collectively "ACBL"), filed a formal reply memorandum noting that: (1) Claimants'

---

[1] See Memorandum in Opposition to ACBL's Motion to Dismiss Claimants Failing to Produce Discovery, at unnumbered pages 2,3-5.

memorandum in opposition is in actuality a Motion for Extension of Time (*i.e.*, a request that has already been denied by this Court); (2) their brief inaccurately represents that Magistrate Judge Chasez' scheduling order contemplated discovery through the month of April 2002; (3) it is high time that claimants accept responsibility for their own participation in "joint" discovery; and (4) that only in the spirit of comity and cooperation did Limitation Petitioners agree and did in fact accomplish more than their fair share, taking the laboring oar and spoon feeding opposing counsel lists, providing to claimants' counsel all of the names and addresses of potential claimants (adverse to ACBL) that they had obtained.

    The Court is of the opinion that two years constitutes more than adequate time for discovery, and additional time beyond the present rolling discovery schedule would not only be unreasonable, but would work at cross-purposes with the efficient, orderly and just disposition of the limitation proceeding.

3

Accordingly, considering the all of the written submissions, and the record of this already protracted proceeding,

IT IS ORDERED that the Limitation Petitioners' Motion to Dismiss Claimants Failing to Produce Discovery by December 17, 2001, and January and February 17, 2002 is GRANTED.

```
_____
   UNITED STATES DISTRICT JUDGE
```

cc: Magistrate Judge Alma L. Chasez

4