

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR 11 PM 3: 24

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO: 00–0252<br>c/w 00-2967<br>c/w 00-3147<br><br>SECTION "N" (5) |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE AND REQUEST FOR EXPEDITED HEARING

Preliminarily, defendant Orion Refining Corporation ("Orion"), has no objection to plaintiffs efforts to bar Dr. Earl Alleman from testifying at the Class Certification Hearing. For the sake of clarity of the record, however, Orion would point out that Dr. Alleman is <u>not</u> an expert for defendant St. Charles Parish Department of Waterworks, but instead is one of plaintiffs' treating physicians. Undersigned counsel was told by counsel for plaintiffs that plaintiffs intended to call Dr. Alleman at the Class Certification Hearing. When informed of this, counsel for St. Charles Parish renewed his efforts to schedule Dr. Alleman's

1



deposition.[1] This effort apparently precipitated plaintiffs Motion in Limine. If plaintiffs wish to strike their own expert, this defendant will not object.

However, in addition to striking plaintiffs' own witness, plaintiffs' Motion in Limine also seeks to bar Orion from submitting any "additional would-be expert testimony" at the class certification hearing because of Orion's "failure to identify an expert witness for the class certification hearing to date." Plaintiffs' Memorandum fails to explain why defendant Orion should be denied an opportunity to defend itself at the class certification hearing. Instead, plaintiffs' simply assert that, "allowing the testimony of...any expert witnesses yet to be identified for purposes of the eminent class certification hearing would undermine the utility of the discovery process in this litigation." (Plaintiffs' Memorandum in Support, pg. 1.)

What plaintiffs fail to point out, though, is that *they never once asked defendant Orion whom it may call at the class certification hearing.* No discovery was submitted on this point, despite the fact that early in the litigation Orion requested such information from plaintiffs. (See Joint Interrogatories, dated July 17, 2001, attached as Exhibit A.) Had plaintiffs wished to know whom defendants might call at the class certification hearing, all they needed to do was ask. The fact that Orion made such a request to plaintiffs was an

---

[1] It should be noted for the record that counsel for St. Charles Parish, on behalf of all defendants, sought, for several months without success to schedule the deposition of Dr. Alleman.

2

obvious signal that they should do the same. Plaintiffs assert that allowing the testimony of Orion's expert witnesses at the class certification hearing would "undermine the utility of the discovery process." If the discovery process has in fact been "undermined," which Orion denies, it was done so by plaintiffs' failure to participate in it. To the extent that the plaintiffs may be unduly prejudiced by the fact that they did not know whom Orion may call at the class certification hearing, they have no one to blame but themselves.

However, in an effort to cooperate with plaintiffs in their preparation for the class certification hearing, Orion will interpret plaintiffs' Motion in Limine as a request for the listing of defendant's expert witnesses whom it may call at the class certification hearing. At this time, Orion may call Dr. William George to testify at that time.[2] Dr. George was listed on Orion's Preliminary Witness and Exhibit List or trial purposes which was filed pursuant to this Court's Scheduling Order. A copy of his curriculum vitae was attached with that filing, again pursuant to the Scheduling Order.

In conclusion, plaintiffs have offered absolutely no legitimate reason why Orion should be prevented from presenting a vigorous and complete defense at the class certification hearing. The plaintiffs' failure to know whom Orion may call at the class

---

[2] Currently pending are motions in limine seeking to bar plaintiffs experts from testifying. The resolution of those motions may have some effect on the need for Dr. George to testify.

3

certification hearing is problem which is entirely of their own making.

        Respectfully submitted:

        _____
        SIDNEY J. HARDY (1938) (T.A.)
        RICHARD A. HOUSTON, III (25100)
        CAMPBELL, McCRANIE, SISTRUNK,
         ANZELMO & HARDY
        3445 N. Causeway Boulevard
        Suite 800
        Metairie, Louisiana 70002
        Telephone: (504) 831-0946
        Counsel for Defendant Orion Refining
        Corporation

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing has been served on all counsel of record by placing the same in the U.S. Mail, postage prepaid and properly addressed, this 11th day of April, 2002.

        _____
        Sidney J. Hardy
        Richard A. Houston

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC, as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE LLC, as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w 00-2967<br>c/w 00-3147<br><br>SECTION "B" (5) |

* * * * * * *

## JOINT INTERROGATORIES

TO:   MARGIE RICHARD, INDIVIDUALLY, AND
      ALL OTHERS SIMILARLY SITUATED
      Through their attorney of record:
      Randal L. Gaines, Esq.
      311 Devon
      LaPlace, LA 70068

      AARON BROWN, INDIVIDUALLY AND
      ALL OTHERS SIMILARLY SITUATED
      Through their attorney of record:
      Walter I. Willard, Esq.
      1540 N. Broad Street
      New Orleans, LA 70119

Pursuant to the Federal Rules of Civil Procedure, defendants, St. Charles Parish Department of Waterworks and Orion Refining Corporation, propound the following Joint Interrogatories, to be answered separately, in writing, under oath, by August 10, 2001, as discussed by the Magistrate Judge at the status conference held on July 13, 2001:

## INTERROGATORY NO. 1:

For each individual seeking to be a member of the class, please provide the following:

a)   name;



b)  address;

c)  social security number;

d)  claimed injuries; and

e)  a description of how the individual claims to have become injured, including the date, time, and location of any alleged exposure to contaminated water, an explanation of the nature of such exposure, and the names, addresses, and telephone numbers of any witnesses to such exposure.

### INTERROGATORY NO. 2:

List all witnesses you intend to call at the class certification hearing in this matter.

### INTERROGATORY NO. 3:

List all exhibits you intend to introduce at the class certification hearing in this matter.

### INTERROGATORY NO. 4:

Identify how you propose that a class be defined in this matter.

### INTERROGATORY NO. 5:

Identify all evidence you intend to rely on to establish that each individual class member used, ingested, or came in contact with contaminated water.

### INTERROGATORY NO. 6:

Identify all tests you are aware of regarding the drinking water in St. Charles Parish which suggest, or tend to suggest that the drinking water was harmful as alleged in the petition.

### INTERROGATORY NO. 7:

Identify all evidence that suggests, or tends to suggest that any defendant was negligent

**INTERROGATORY NO. 8:**

For each expert witness you intend to call at the class certification hearing in this matter, please provide the following:

- a) name;
- b) address;
- c) field of expertise;
- d) whether such expert has prepared a written report;
- e) a summary of all of the expert's opinions which pertain to this matter; and
- f) a list of every case in which the expert has testified at trial.

Respectfully submitted,

_____
ALAN A. ZAUNBRECHER (#13783)
BRETT M. BOLLINGER (#24303)
3850 N. Causeway Boulevard
Lakeway II - Suite 1070
Metairie, Louisiana 70002
(504) 833-7300
Counsel for Defendant, St. Charles Parish

_____
SIDNEY J. HARDY (#1938)
RICHARD A. HOUSTON, III (#25100)
CAMPBELL, McCRANIE, SISTRUNK,
ANZELMO & HARDY
3445 N. Causeway Boulevard, Ste. 800
Metairie, Louisiana 70002
(504) 831-0946
Counsel for Defendant Orion Refining Corp.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record by depositing same in the United States Mail, properly addressed and postage prepaid, this ___July___ day of _____, 2001.

_____