

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO: 00–0252<br>c/w  00-2967<br>c/w    00-3147<br><br>SECTION "N" (5) |

### REPLY MEMORANDUM IN SUPPORT OF MOTIONS IN LIMINE, OR ALTERNATIVELY, TO LIMIT TESTIMONY

In the Motions in Limine filed concerning Drs. Goldman, Evans, Englande, and Rusnak, defendants Orion Refining Corporation and St. Charles Parish provided analysis, with supporting citations from the relevant depositions, of the substantial flaws which permeate the testimony of plaintiffs' experts and renders their opinions entirely worthless at the class certification hearing. The plaintiffs, though, fail to rebut any of the numerous errors pointed out by defendants.

Several of the comments contained in plaintiffs' opposition memorandum must be directly addressed. In trying to rehabilitate Dr. Evan's testimony, plaintiffs argued that

> Each person's body reacts differently when exposed to diesel. No test exists that can accurately predict the reaction. Neither Dr. Evans nor any members of his profession have access to any test that will establish a minium illness threshold upon exposure to diesel. The symptoms experienced by St. Charles

> Parish residents are generally subjective in nature and are not determinable by available scientific tests.
> 
> Plaintiffs' Memorandum in Opposition, pg. 4.

Plaintiffs argument, though, is contrary to the testimony of his own purported expert witnesses. Dr. Evans admitted that there is a level of diesel /water concentration below which exposure would not cause harm to the average human being. he simply did not know what that level was. (Deposition of Dr. Evans, attached to Motion in Limine, pg. 50.) Similarly, Dr. Goldman testified at his deposition that he would pass along reference materials which contain a minimum concentration level of diesel that would be harmful. (Deposition of Dr. Goldman, attached to Motion in Limine, pg 108.)[1]

Moreover, not only is plaintiffs' position contrary to their own experts' testimony but, if correct, also unwittingly demonstrates that class certification cannot be appropriate in this matter. If there is no way to establish a minimum illness threshold upon exposure to diesel and if the effects of diesel exposure upon the putative class members is subjective in nature and not determinable by available scientific tests, then the requirements of Federal Rule of Civil Procedure 23 cannot be met. If the complaints are all subjective in nature and unique to each putative class member, then the claims of the named representatives cannot be typical of claims and defenses of the class. Additionally, the type of individualized analysis of the purported effects of the alleged diesel exposure will require that the questions of fact common to the members of the class will not predominate over those questions affecting only

---

[1] Plaintiffs assert on page 4 of their Opposition that, "[c]ausation and the resulting injuries in this case is obvious." Orion respectfully disagrees.

individual members.

Plaintiffs efforts to rehabilitate the testimony of Dr. Englande and Mrs. Rusnak are just as unpersuasive. Dr. Englande's evaluation of the amount of diesel fuel which allegedly made its way into the St. Charles Parish water system is unreliable because he adopts testing done in an entirely separate case without knowing some of the most fundamental aspects of that incident. The dilution factors he uses, then, are utterly worthless.

Plaintiffs, in an attempt to divert attention from this glaring failure on the part of Dr. Englande's testimony, point out that there is a dispute as to the size of the spill. Orion readily admits that there is a dispute as to the size of the spill. This dispute, though, by no means validates Dr. Englande's decision to adopt the results of testing *which he has not even seen.* The results of a dilution test, conducted in a different portion of the Mississippi River, designed to mimic an unknown "oily type material," and using an unknown type of dye simply provide this Court with no reliable evidence to determine how much diesel, if any, actually entered the St. Charles Parish water works.

Plaintiffs also do not even attempt to rebut the second substantial error affecting both Dr. Englande's and Mrs. Rusnak's testimony. Dr. Englande does not even purport to attempt to show how much diesel fuel, if any, actually reached the putative class members. Despite this, Mrs. Rusnak nevertheless concludes based on Dr. Englande's calculations that there was enough diesel in the water used by the putative class members to make them ill. This conclusion simply cannot be reconciled with the limited nature of Dr. Englande's

3

calculations.

For the reasons set forth herein, as well as in the Motions in Limine filed on its behalf, defendant Orion Refining Corporation respectfully requests that this Honorable Court exclude Dr. Evans, Goldman, Englande, and Rusnak from testifying at the class certification hearing.

Respectfully submitted:

_____
SIDNEY J. HARDY (1938)
RICHARD A. HOUSTON (25100)
CAMPBELL, McCRANIE, SISTRUNK,
  ANZELMO & HARDY
3445 N. Causeway Boulevard, Suite 800
Metairie, Louisiana 70002
Telephone: (504) 831-0946

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing the same in the U.S. Mail, postage prepaid and properly addressed, this 15 day of April, 2002.

_____
SIDNEY J. HARDY
RICHARD A. HOUSTON