

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES LLC, as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE LLC, as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-0252<br>c/w 00-2967<br>c/w 00-3147<br><br>SECTION "N" (5) |

\* \* \* \* \* \* \*

### RESPONSE TO REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

MAY IT PLEASE THE COURT:

Defendant, St. Charles Parish, feels compelled to respond to plaintiffs' latest "Reply Memorandum." This memorandum, while titled a "reply," seeks to completely transform plaintiffs' Motion in Limine. At the outset, defendants wish to point out that, in order to fully prepare for the class certification hearing, on July 17, 2001, defendants sent discovery to plaintiffs asking for plaintiffs to identify all witnesses and all exhibits plaintiffs intended to introduce at the class certification hearing. On August 10, 2001, plaintiffs responded to these discovery requests. Defendants have relied on plaintiffs' responses in preparing the defense to the Motion for Class Certification. <u>Dr. Alleman was not listed by plaintiffs in their discovery responses.</u> At some point in the discovery process, one of the plaintiffs' counsel indicated that they may call Dr. Alleman at the

class certification hearing. Upon learning this information, attempts were made to schedule Dr. Alleman's deposition. In coordinating Dr. Alleman's deposition, undersigned counsel either spoke with, or received a response from, all counsel of record. Despite the claims by counsel for plaintiff that the "selected dates were without input of all counsel," undersigned counsel <u>personally</u> had a conversation with counsel for plaintiff who cleared the proposed date for Dr. Alleman's deposition. After coordinating Dr. Alleman's deposition, defendants received plaintiffs' motion to strike Dr. Alleman as a witness at the class certification hearing. Despite the fact that defendants found this motion quite bizarre, defendants agreed with plaintiffs' motion, and, <u>relying on the fact that plaintiffs did not intend to call Dr. Alleman at the class certification hearing, the deposition was canceled</u>. Subsequent to the cancellation of Dr. Alleman's deposition, plaintiffs filed the reply memorandum seeking to "allow the full scope of testimony by Dr. Earl Alleman" at the class certification hearing. Plaintiff now claims that the objection is to the "eleventh hour" effort to depose Dr. Alleman. St. Charles Parish is somewhat stunned, given that the attempts to depose Dr. Alleman were to accommodate plaintiffs' failure to list Dr. Alleman in the discovery requests and plaintiffs' delayed, <u>oral</u> statements that Dr. Alleman may be called at the class certification hearing.

Plaintiffs have now placed defendants in a prejudicial position. Defendants had not objected to plaintiffs' calling Dr. Alleman at the class certification hearing, despite their failure to identify him in the discovery responses. However, Dr. Alleman's deposition has now been canceled based on plaintiffs' request to strike him as a witness. If Dr. Alleman is allowed to testify, defendants will be prejudiced by plaintiffs filing a motion to strike, then completely changing the aim of the motion one week prior to the class certification hearing. Defendants respectfully request that Dr. Alleman be excluded from testifying at the class certification hearing. This request is based on plaintiffs' motion to strike Dr. Alleman as a witness and on plaintiffs' failure to identify Dr. Alleman in the discovery

requests directly addressed at the class certification issues. In the alternative, if Dr. Alleman is allowed to testify, defendants request that the Court order plaintiffs to make Dr. Alleman available for deposition prior to the class certification hearing.

In addition to completely changing the intention of plaintiffs' motion with regard to Dr. Alleman, plaintiffs' "Reply Memorandum" states: "The objection raised as to any environmental engineers, toxicologists, or others on behalf of defendants Orion Refining Corporation or St. Charles Parish Waterworks Department, remain viable, and should be sustained." Plaintiffs' original motion did not seek to exclude any witnesses intending to testify on behalf of St. Charles Parish. This statement by plaintiffs in their reply memorandum adds a whole new dimension to the motion, and, out of an abundance of caution, St. Charles Parish believed a response was necessary. Without further involving the Court in the discovery process, St. Charles Parish simply submits that plaintiffs' statement that the discovery phase has been accomplished "in a spirit of cooperation" is incorrect.

All witnesses and exhibits that St. Charles Parish intends to introduce at the class certification hearing were provided to plaintiffs in St. Charles Parish's preliminary witness and exhibit lists. St. Charles Parish requests that all witnesses previously identified be allowed to fully testify at the class certification hearing. Plaintiffs have provided no valid basis for excluding any witnesses on behalf of St. Charles Parish and, accordingly, this request by plaintiffs should be denied.

        **Respectfully submitted:**

_____
ALAN A. ZAUNBRECHER (#13783)
BRETT M. BOLLINGER (#24303)
3850 N. Causeway Boulevard
Lakeway II - Suite 1070
Metairie, Louisiana 70002
(504) 833-7300

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on all counsel of record by depositing same in the United States Mail, properly addressed and postage prepaid, this 17 day of April, 2002.

BRETT M. BOLLINGER