FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR 22 AM 10:03

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF AMERICAN COMMERCIAL       CIVIL ACTION
LINES, L.L.C., as Owner of the Barge LCD
4901 and AMERICAN COMMERCIAL BARGE LINE    NO. 00-0252
LLC.                                       c/w 00-2967
                                           c/w 00-3147

                                           SECTION "N" (5)

*************************************************************

## PLAINTIFF'S MOTION TO RECONSIDER IN REGARDS TO THE COURT'S RECENT RULING ON DEFENDANT'S MOTION IN LIMINE

NOW INTO COURT, through undersigned counsel, comes MARGIE RICHARD, et al, for the purpose of filing this Motion for Reconsideration.

MAY IT PLEASE THE COURT:

Each of plaintiff's experts herein have varied and extensive experience in the areas of health and environmental hazards and each has provided creditable support for plaintiff's claims for damages in this case. This Honorable Court's recent ruling excludes direct testimony from the class certification hearing, while allowing only cross-examination of the designated experts.

Limiting the scope of the expert's testimony, presumably, applying to both plaintiff and defense experts, while certainly fair in intent, will adversely impact upon the plaintiffs.

It's the plaintiff that bears the burden of proving their case by preponderance of the evidence. Direct testimony is the most viable tool available to a plaintiff for the purpose of establishing the elements of their case. The defendants certainly have not been prejudiced in this case as they did

BB
187

thoroughly depose all of the plaintiff's technical experts. In view of the fact that these particular depositions were ordered and conducted by defendants, plaintiff's counsel, naturally did not question or direct the expert's testimony at any time during these depostions. The limiting of plaintiff's evidence to the aforementioned depositions and the expert reports will consequently deny plaintiffs the right to present direct testimony.

If the plaintiffs are denied the opportunity to present the positions of their experts through direct testimony, their ability to prove their case will by unduly diminished.

Compared to other class action cases the undersigned has this case been involved in, this case has advanced to class certification hearing rather quickly. Plaintiff has put forth good faith effort pursuant to complying with a demanding discovery schedule. We do appreciate any latitude allowed by the court.

RESPECTFULLY SUBMITTED:

RANDAL L. GAINES
Attorney at Law
311 Devon Rd.
Laplace, LA 70068
(985) 652-3299

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon counsel for all parties by mailing the same to each, properly addressed and postage prepaid this __19th__ day of __April__ 2002.

_____
RANDAL L. GAINES