

**MINUTE ENTRY**
**ENGELHARDT, J.**
**APRIL 22, 2002**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES,L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION NO. 00-252 c/w 00-2967 c/w 00-3147 SECTION:"N" |

Before the Court is plaintiffs' Motion to Reconsider the Court's ruling *in limine* regarding the April 24, 2002 evidentiary hearing on class certification. No party can seriously claim surprise with respect to this Court's April 15, 2002 order uniformly limiting <u>all</u> expert testimony on direct, whether offered by the putative class action plaintiffs or defendants, to the disclosures made *via* timely exchanged expert reports and depositions taken in connection with the issue of class

DATE OF ENTRY
APR 2 2 2002

1

certification.

The Court recognizes that the putative class action plaintiffs bear the burden of proof regarding the necessary prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) addressing the issue of class certification[1] in this "mass tort" type litigation. Reducing the threshold requirements of Rule 23(a)[2] and the requirements of the (b)(3)[3] class category to

---

[1]See *Berger v. Compaq Computer Corporation*, 257 F.3d 475, 480 (5th Cir. 2001)(citing *Castano v. American Tobacco Company*, 84 F.3d 734, 744 (5th Cir. 1996)); and *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623-24 (5th Cir. 1999).

[2]Rule 23(a)'s four threshold requirements are: (1)numerosity of members; (2) commonality of one or more questions of law or fact; (3) typicality (i.e., that the parties allege the same legal theories of recovery arising out of the same allegedly wrongful conduct and seek the same remedy (compensatory damages in this case)); and (4) adequacy of representation which contemplates the ability and willingness of class representatives to take an active role in the process, control the litigation and protect absentees' interests, together with counsels' ability and competence to prosecute a class action, ensuring that due process rights of all class members conclusively bound by any determination none are safeguarded by adequate representation at all times. See Fed. R. Civ. P. 23(a).

[3]Rule 23(b)(3) requires proof that: (1) common questions of law or fact *predominate* over individual issues (*i.e.*, it is not enough that the claims arise out of a common nucleus of operative

2

their essence, in the mass tort monetary damage scenario the challenge lies in demonstrating that the issues of each class member's personal injury and the causal link between that individual's injury and the accident can be meaningfully addressed on a class-wide basis, such that individual issues will not be seen as predominating.  Indeed, if it appears more probable than not that the class action proposed by putative class action plaintiffs would degenerate into a myriad of individual lawsuits on individual injury and causation, then the superiority and predominance requirements of 23(b)(3) would not be satisfied.

    The Court has seriously taken into consideration the plaintiffs' burden of proof in restricting **direct examination** of all experts to their reports, as supplemented by deposition, if

---

fact, rather the Court must determine the whether the individual issues, such as injury-in-fact and causation central to the plaintiffs' ability to recover, predominate over the common issue, such as whether one or more plaintiffs succeed in establishing fault or negligence of one or both of the defendants); and (2) superiority (*i.e.*, that the class action method is superior vehicle for adjudication).  See Fed. R. Civ. P. 23(b)(3).

any. That ruling was foretold by case management orders, discussions with this Court pursuant to the status conference in Chambers resulting in the continuance of the class action hearing to April 24, 2002, and by the Federal Rules of Civil Procedure. Limiting the experts' testimony on direct to opinions previously disclosed is the rule, rather than an exception. It is hardly a sanction, and hardly unusual in a bench trial as to one or more issues. This could only be considered a sanction in the case where the procedure is not uniformly employed. Surely both plaintiffs and the defendants would expect their experts (as well as their opponents')to testify in accordance with their timely exchanged written reports as supplemented.

Compliance with Federal Rule of Civil Procedure 26(a)(2)(A) requiring disclosure of the identity of any expert witness provides only half of the prescription for a fair trial or hearing. To eliminate *unfair* surprise, the drafters saw fit to require the parties also to disclose the other half of the story in advance of the trial. See Fed. R. Civ. P.26(a)(2)(B) (requiring a party to accompany the disclosure of an expert

4

witness with a *complete*, written report prepared and signed by the witness).

Rule 26(a)(2)(B) specifically provides that:

> (2) Disclosure of Expert Testimony.
> \* \* \*
> (B) Except as otherwise stipulated or directed by the court, this disclosure [ *i.e.*, identity of witness] shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by a witness. The report shall contain *a complete statement of all opinions to be expressed* and *the basis and reasons therefor*; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study or testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

*Id.* (emphasis added).

This Court has allowed the parties much flexibility in the discovery process presaging the class certification hearing. In fact, this Court has allowed flexibility with respect to any potentially deficient expert reports by allowing their

5

supplementation with deposition testimony taken in advance of the class certification hearing to fill in the gaps on direct. Of course, such supplementation would include any supplement called for in the expert's deposition (*i.e.*, if the expert complied and provided supplemental information or other data in a timely fashion).

This Court points out that in the event that a party takes advantage of the opportunity for cross-examination, the Court's ruling *in limine* would not preclude re-direct. Additionally, matters opened up on cross-examination not previously addressed *via* report or deposition prior to the hearing are fair grist for re-direct. The Court's order does not prevent treating physicians, who are also obviously fact witnesses, from testifying on direct as to their treatment and personal observations of the patient/plaintiffs' injuries. However, treating physicians' opinion testimony on direct is limited to their written report(s) as supplemented by any deposition testimony, just as any other expert's opinion testimony on direct.

6

The parties are reminded that this evidentiary hearing on class certification does not go to the merits of the putative class action plaintiffs' claims. Rather, the issues before the Court and the focus of the evidentiary hearing are based in large part upon the facts as they may bear upon the certification criteria set forth above at notes 2 and 3.

Having reviewed the curricula vitae, this Court is aware of the varied and extensive experience plaintiffs' expert witnesses harbor. Whether plaintiffs' experts can provide creditable support for the plaintiffs' claims *for damages* is beside the point of the class certification hearing.[4] The motions before the Court are plaintiffs' motions for class certification and only indirectly involve the merits of plaintiffs' claims for damages. The thrust of the inquiry which is the subject of the

---

[4] See Plaintiffs' Motion to Reconsider in Regards to the Court's Recent Ruling on Defendant's Motion *in Limine*, arguing that: "Each of the plaintiffs' experts herein have varied and extensive experience in the areas of health and environmental hazards and each has provided creditable support for the plaintiffs' claims for damages in this case." Assuming that to be true, the merits of plaintiffs' claims for damages is not the subject of the scheduled evidentiary hearing.

7

evidentiary hearing scheduled to commence April 24, 2002 is whether the experts and other witnesses provide creditable for support for the plaintiffs' contention that the predominant issues raised by their claims can be answered meaningfully on a class-wide basis.

    Accordingly,

    **IT IS ORDERED** that claimants' Motion for Reconsideration is **DENIED**.

*[signature]*
UNITED STATES DISTRICT JUDGE

8