

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR 24 AM 8:41

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**ENGELHARDT, J.**
**APRIL 23, 2002**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, LLC, as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE LLC, as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-252<br>c/w 00-2967 & 3147<br>SECTION "N" |

    Before the Court is plaintiffs' Motion for Immediate Reconsideration of the Court's April 15, 2002 ruling [Rec. Doc. No. 189]. This Court previously reconsidered that ruling and indicated that it was not persuaded change its ruling in any respect, regarding the presentation of expert opinion testimony on direct examination. See Minute Entry Order dated April 22, 2002 [Rec. Doc. No. 188]. In their second motion to reconsider, plaintiffs contend that this Court's ruling denies them the benefit of an evidentiary hearing, and further suggests that they have an absolute right to an evidentiary hearing with respect to the class certification issue. See Petitioners' Motion to Reconsider Ruling on Defendants' Motion in Limine and Incorporated Memorandum for Immediate Consideration [Rec. Doc. No. 188].

    The Court will not revisit its ruling regarding the presentation of expert testimony on direct examination (*i.e.*, expert opinions shall be limited to those set forth in written reports exchanged with opposing parties and/or depositions). However, the Court will briefly respond to the plaintiffs' suggestions that somehow this Court's order effectively obviates the possibility of a meaningful

DATE OF ENTRY
APR 25 2002

1

Fee____
Process____
Dktd____
CtRmDep____
Doc No____

evidentiary hearing with respect to the class certification issue, and that they have an absolute right to an evidentiary hearing with expert opinion testimony unbridled by the confines of the expert's reports and timely exchanged reports. The Court disagrees with both contentions.

There will be an evidentiary hearing conducted on April 24, 2002, and the fact that expert testimony on direct examination is limited to opinions previously expressed and timely exchanged does not diminish the importance of that eventuality. Once the hearing is concluded either with or without cross-examination and re-direct of expert witnesses, and other witnesses and the putative class representatives have had a full and fair opportunity to be heard (*i.e.*, their testimony being of the utmost importance), counsel for the parties will be given the opportunity to simultaneously file post-hearing memoranda no later than Monday, April 29, 2002 at 4:00 P.M. Post-trial memoranda should address arguments as to the merits of the parties' respective positions **on the issue of class certification**, taking into account the evidence presented to the Court, the record in the captioned consolidated proceedings, and the applicable law. The matter of class certification will be deemed submitted for decision at the close of business on Monday, April 29, 2002.

As to the plaintiffs' suggestion that they have an absolute right to an evidentiary hearing on the issue of class certification, the Court notes that Federal Rule of Civil Procedure 23 does not itself require an evidentiary hearing on the question of class certification. See *Merrill v. Southern Methodist University*, 806 F.2d 600, 608 (5th Cir. 1986). The Fifth Circuit observed in *Merrill* that "the district court should ordinarily conduct an evidentiary hearing on this question" but may escape the obligation "in cases free from doubt, where clear grounds exist for denial of class certification." *Id.* So, there is no absolute right to an evidentiary hearing.

In any event, the Court has scheduled such an evidentiary hearing and intends to fully explore the relevant issues, to wit: (1) numerosity; (2) commonality; (3) typicality; (4) fair and adequate representation; (5) predominance; and (6) superiority. See Fed. R. Civ. P. 23(a) & (b)(3). To this day, plaintiffs have failed to present the Court with any supplemental submissions reflecting additional expert opinions exist, and concomitantly failed to demonstrate how any such excluded opinion supplemental testimony may bear on one or more of the aforesaid issues relevant to class certification. Counsel for the parties as well expert witnesses should have been prepared by now, since the evidentiary hearing has been scheduled for some time to commence tomorrow. Putative class counsel will be allowed to submit a written proffer of the expert testimony (*i.e.*, a sworn declaration) from any previously identified experts, regarding matters bearing on the issue of class certification. Any such proffered supplementary opinion taking the form of a written sworn declaration shall be produced and filed with the Court *as a proffer* at the <u>commencement</u> of the hearing to determine class certification.

This Court is duty bound to exert a modicum of control over the proceedings in its courtroom, whether it be an evidentiary or other hearing, so as to ensure the fair and efficient administration of justice in the case of all concerned. Let there be no misunderstanding, the Court has only excluded extemporaneous expert opinions. Spontaneity has advantages that are inimical to the fair administration of justice, and its place is somewhere outside of the courtroom.

New Orleans, Louisiana this 23rd day of April, 2002.

UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge Alma Chasez

3