FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR 29 PM 4:31

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES, L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE L.L.C., as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br>NO: 00-0252<br>c/w 00-2967<br>c/w 00-3147<br>SECTION "N" (5) |

## POST-HEARING MEMORANDUM IN SUPPORT
## OF CLASS ACTION CERTIFICATION

MAY IT PLEASE THE COURT:

Through the undersigned counsel now come petitioners, Margie Richard, et al. individually and on behalf of all others similarly situated, for the purpose of submitting this Post-Hearing Memorandum in Support of Class Action Certification and respectfully represent as follows:

Margie Richard, Gaynel Johnson, Alvin Smith, Jr., Samuel Price, Jr., and Shelley Moliere-Rainey, individually and on behalf of all other similarly situated petitioners respectfully urge that this case be certified as a class action. Petitioners assert that their cause of action meets the rigorous test for certification for reasons articulated below.

In order for a class to be certified pursuant to the Federal Rules of Civil Procedure, all four of the following basic elements must be evident: (1) the class is so numerous that joinder of all members is impracticable -- the numerosity requirement; (2) there are questions of law or fact common to the class – the commonality requirement; (3) the claims or defenses of the representative parties are typical of the claims or



defenses of the class – the typicality requirement; and (4) the representative parties will fairly and adequately protect the interests of the class, as well defined in the jurisprudence -- the adequate representation requirement. *F.R.C.P. 23(a)*; *Castano v. American Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996).

Furthermore, there are two additional overriding principles of law to be satisfied under Rule 23(b)(3) of the Federal Rules of Civil Procedure, which provide, in pertinent part, that a class action may be maintained if the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members – the predominance test, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- the superiority requirement. id.; *Jenkins v. Raymark Indus.*, 782 F.2d 468 (5th Cir. 1986). The district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2354, 2372, 72 L.Ed.2d 740 (1982); *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 573 (5th Cir. 1995). Petitioner would urge that upon doing so, that the court should certify the class as proposed.

First, the putative class in this litigation is so properly numerous that joinder of all members is impracticable. Presently, there are approximately 3,800 claimant/petitioners and other similarly affected eastbank St. Charles Parish residents that may well intervene in this potential class. While exacting even a range of the total affected, the homes,

businesses, individuals, and other users of the Parish water supply, is not readily accomplished.

Comparatively, the United States Court of Appeals for the Fifth Circuit has determined useful guidelines for the definition of the purported class as "so numerous that joinder of all members is impracticable." *F.R.C.P. Rule 23(a)(1)*; *Zeidman, et al. v. J. Ray McDermott and Co., Inc. et al.*, 651 F.2d 1030 (1981). While the actual number may not be the determinative question, the proper focus of Rule 23(a)(1) analysis remains that the joinder of all members remains practicable in view of the numerosity of the class in all other relevant factors. *Zeidman, id. at 1038*. The court in *Zeidman, id.*, further proposed that factors such as geographical dispersion, of the class, and the ease with which class members may be identified, as well as the nature of the action, and finally, the size of each plaintiff's claim, would be dispositive. *id.* at 1038.

In the present case, the geographical dispersion of the class as an issue is resolved in favor of class certification in that the universe of potential petitioners all reside within the area defined as the eastbank of St. Charles Parish, Louisiana, and more particularly, the customers of the eastbank service of parish waterworks. Further, identifying each class member as those individuals, families, businesses, etc. in the defined geographic area, and residing and/or working or otherwise present in the places serviced by the parish waterworks bring ease to the concern of identifying class members. Moreover, the nature of the action, brought under common law tort principles remains unchanged for each of the total plaintiffs, as does the size of each plaintiff's claim, the fourth element of

the numerosity requirement defined in *Zeidman, et al. v. J. Ray McDermott and Co., Inc. et al.* The numerosity test is further defined in the decision of the Fifth Circuit Court of Appeals, *Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620 (1999). In that decision, Judge Lemmon of this court considered the issue of numerosity as it applied to a putative class consisting of employees of the local Treasure Chest Casino, the greater New Orleans area-based riverboat casino. Judge Lemmon determined that a class between 100-150 casino workers sufficiently constituted a group "so numerous that joinder of all members is impracticable"; and thus meeting the Rule 23(a)(1) criteria. The court noted that the size of the class, between 100-150 members, is within the range generally satisfying the numerosity requirement, while the court did not conclude this sheer number factor to be determinative. Judge Lemmon looked further to issues related to the nature of employment in the gaming business as well as the geographically dispersed and/or question of availability for joinder as to the plaintiffs. *Mullen*, id. The numerosity issue in the present case, while certainly in excess of 150 individuals, i.e., a base number of nearly 4,000 claimant/petitioners, and reasonably anticipated to increase in the event of certification, speaks loudly to the issue of impracticability as to the alternative of mass tort case management approach.

The second criteria in Rule 23(a) requiring that there be questions of law or fact common to the class, F.R.C.P. 23(a)(2), looks to the existence of identical theories of liability and common claims to determine the liability of this element. *Mullens*, supra; Also see *Appelwhite v. Reichhold Chemical*, 67 F.3d 571 (1995).

As discussed in *Mullens*, supra, the test for commonality need not be (is not) demanding, and is met where there is at least one issue, the resolution of which will affect all or a significant number, of the putative class members. *id*. As noted above, the commonality test is easily met in the present case noting the identical theories of liability and their common source of origin, i.e., the July 28, 1999 diesel spill into the Mississippi River, and related issues, the resolution of which will affect all or a significant number of the class members. *Mullens*, id.; Also see, Washington v. CSC Credit Services, Inc., 199 F.3d 263 (2000).

The commonality requirement of class certification further is met in that all petitioners in this case reported the same symptoms as a result of their exposure to diesel between July 29, 1999 and July 30, 1999.

The resulting symptoms evolved within a 24-hour period after the spill. Over 3,500 claimants submitted claim forms citing the same or very similar symptoms and over 1600 of the same petitioners filed sworn statements with the court between May 24, 2001 and July 1, 2001 attesting that they sustained these particular symptoms as a result of the July 28, 1999 diesel spill. Petitioners' contention that this case complies with the commonality requirements of Rule 23(a) and (b)(3) is further enhanced by the fact that all of the claimants in this case are served by the same water system. This case involves a homogeneous community with fixed boundaries. All evidence, and specifically the testimony of Mr. Toth, establishes that the spilled diesel fuel permeated the St. Charles

Charles Parish East Bank Water System. All petitioners herein consumed contaminated water and or inhaled diesel fumes produced by the same system.

The third prong of Rule 23(a) test specifically Rule 23(a)(3), requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class. *id.* This issue of typicality "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those who may purport to represent". *Mullen*, supra, citing *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997). Petitioners would respectfully urge this honorable court that the claims of the putatitive class members are exceedingly typical of the claims of the class. Petitioners would urge that the claims of the parties mirror specifically the claims of the class, as each individual asserts no greater nor less claim than that asserted by the class. Specifically, the plaintiffs assert the common law tort claims as to each, with resulting liability to each of the respective defendants for violation of the requisite standards of care, and further deliberate acts which precipitated further harm due to unreporting of the extent of the diesel spill into the sole water source for the Parish of St. Charles. This exacerbated harm otherwise realized by a less substantial oil spill, and thereafter, the contaminated water of the river was carried by the current to the Parish intake point and thereafter distributed to all or most service points on the eastbank of the River. In this cohesive factual scenario, there may be no differences raising potential conflicts between the named plaintiffs' interests and the interests of class members. *Mullen*, supra, citing *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).

The fourth of the Rule 23(a) criteria, that of adequacy of representation, is also met in the present case with the class represented by Ms. Margie Richard, Ms. Gaynell Johnson, Mr. Alvin Smith, Jr., Mr. Samuel Price, Jr., and Ms. Shelly Moliere-Rainey. They all share an interest identical to that of the interest of the proposed class. Further, as noted above, the direct testimony of those attending the hearing demonstrated their willingness and ability to represent and to take the necessary active role and control of the litigation, and above all to protect the interests of the non-present class members. *Burger v. Compac Computer Corp., et al.* 257 F.3d 475 (5th Cir. 2001).

Also required of the trial court in attending to its duty to conduct rigorous analysis of the prerequisites toward class certification pursuant to the Federal Rules of Civil Procedure, remain the concerns that the questions of law or questions of fact common to the members of the class predominate over these questions of law and/or fact affecting these class members as individuals. In this case, the case facts demonstrate such an "alignment of interests" that the common issues of fact and law predominate over any individual issues or concerns. See *Mullens*, supra. The issues arising in the present case, as a matter of law, revolve around causation, negligence, both comparative and solidary, and the resulting damages. In the present case while the complaints among the thousands of putative class members all arise out of ingestion and/or smell of diesel/contaminated water from the municipal water supply, the types of complaints and/or symptoms realized lie in a graduating degree of the same physical symptoms realized when one smells and/or tastes the subject contaminated waters. Complaints of nausea, possibly elevating

to that of diarrhea, and/or vomiting, and accompanied by headache(s) sufficiently demonstrate the alignment of interests dictated by Rule 23 (b)(3), generally. In reviewing the complaints of two of the proposed class representatives, Dr. Henry Evans considered the complaints, and the reported mechanics of their injuries, and reasonably, within a fair degree of medical certainty, concluded that all petitioners shared common symptoms. Further he determined that these symptoms were consistent with those usually caused should one be exposed to diesel. Thusly, Dr. Evans related these symptoms to the July 28, 1999 diesel spill. See trial testimony of Dr. Henry Evans. Thus the common issues in the present case certainly constitute the significant part of the individual cases. *Mullens*, supra, at 626 citing *Jenkins v. Raymark Ind.*, 782 F.2d 468 at 472 (5th Cir. 1986). This alignment of interests on the common question of fact as to the mechanics of the injuries, and the multiple common questions of law, e.g., the defendants' collective actions underscoring the causation issue in the case, petitioners pray alone sufficiently demonstrate adequately the predominance factor for the court's consideration. *Castano*, supra.

The final requirement of Rule 23, residing in Rule 23(b)(3), that of "superiority" of the class action process for purposes of reasonably, fairly and efficiently resolving the underlying controversy exist as perhaps the lodstar consideration for the court. *F.R.C.P. Rule 23(b)(3)*. The superiority of the class action vehicle as the court-selected method of adjudication is appropriate in this matter to the extent that the case is easily manageable from the standpoint of a class certification, distinguishing this case from the

manageability concerns visited upon the trial court in *Castano*, supra. In the present matter our class may be defined as *all eastbank households, businesses, and all other places receiving water services of the St. Charles Parish Waterworks Department, on or about the pertinent date of July 28, 1999, through approximately one week thereafter and persons present at those places and times indicated, or otherwise affected by the underlying spill of diesel oil into the Mississippi River on the evening of July 28, 1999.* (Emphasis ours).

In this matter the petitioners meet their joint obligation toward establishing legal grounds for class certification in this matter for reasons stated above. *Mullen*, supra. While the defendants jointly oppose any ruling favoring certification, petitioners urge that, with portions of testimony of witness Charles Toth notwithstanding, petitioners have not attempted to prove their case on the merits to date. Comparatively, the exhibits submissions on test results as well as on the conclusions of the defendant's expert toxicologist tends rather to address the issue of liability on the merits. The class certification process, petitioners urge "does not concern itself with the merits of the case or controversy. Sufficient, it remains that the issues, factual or in law, are presented. This, petitioners urge is accomplished herein. This requires only that the issues of fact and the issues of law be common, and among the proposed class representatives, that these issues be typical, and that among plaintiffs there remain a sufficient alignment of interest to support the definitive finding of commonality, typicality, as well as that of numerosity and adequacy of representation.

Further, common issues predominate over any issues affecting the individual litigants as required in the Federal Rules of Civil Procedure, Rule 23(b)(3). Equally, the witnesses presubmitted to the court as well as those testifying at the hearing April 24, 2002, sufficiently demonstrated an overall case complexion urging the superiority of the class action approach to adjudication. *Mullen*, supra, *Applewhite*, supra. As such petitioners pray that this Honorable court grant the Motion to Certify the Class as defined above or as the court may see fit.

Respectfully submitted,

THE WILLARD FIRM

_____
WALTER I. WILLARD (Bar No. 2185)
Deer Park, Suite 3A
10555 Lake Forest Blvd.
New Orleans, LA 70127
Telephone No. (504) 244-9922
Telefax No. (504) 244-9921

LAW OFFICE OF RANDAL GAINES

_____
RANDAL GAINES
311 Devon Road
LaPlace, Louisiana 70068
Telephone No.: 985-652-3299
Telefax No.: 985-652-3299

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Memorandum has been served upon all counsel of record by placing a copy of same in the U.S. Mail, postage prepaid on the 29th day of April, 2002.

_____
Walter I. Willard