FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 AUG 30 AM 9: 01

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**ENGELHARDT, J.**
**AUGUST 29, 2002**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN COMMERCIAL LINES,L.L.C., as Owner of the Barge LCD 4907, and AMERICAN COMMERCIAL BARGE LINE LLC as Charterer and Operator of the Barge LCD 4907, Praying for Exoneration from and/or Limitation of Liability | CIVIL ACTION<br><br>NO. 00-252<br><br>SECTION:"N" |

Pursuant to the status conference held this date the parties agreed that the following events should occur in the order and during the time frame stated so as to expeditiously effect the settlement of the captioned limitation proceeding, to wit:

**IT IS ORDERED that:**

1. Within the next 30 days after deconsolidation, claimants' counsel will identify by name all of the claimants participating in the settlement.

DATE OF ENTRY
AUG 3 0 2002

2. Counsel for petitioner would forthwith submit the proposed form of Fed. R. Civ. P. Rule 54(b) judgment as discussed.

3. After the initial 30 days have run (*i.e.*, September 30, 2002), and within 45 days thereafter (*i.e.*, prior to November 14, 2002), claimants' counsel shall perfect the approval of the minors' settlements with the state court in St. Charles Parish.

4. Within 20 days intervening between November 14, 2002 and December 4, 2002, counsel for petitioners shall prepare the settlement documents and deliver them to claimants' counsel.

5. Over the next 30 day period between December 4, 2002 and January 4, 2002, counsel for claimants will have the settlement documents/releases executed by the claimants, following which counsel for petitioner shall tender a lump sum check in the total payment of all those who have executed the requisite settlement documents.

6.  The 30-day period following January 4, 2003 is set aside for the purpose of allowing claimants' counsel to locate and contact any claimants who failed to execute settlement documents in order that those claimants may do so.  Upon receipt of any such executed settlement documents as of February 4, 2003, petitioner shall remit to claimants' counsel a lump sum check representing the amount due those individuals executing such documents.
7.  Any settlement funds remaining undispersed shall be deposited in the registry of the Court.

**IT IS FURTHER ORDERED** that when petitioner's counsel deems that it is appropriate, they shall prepare and file the final monition in the captioned matter. Thereafter, the Court will enter an appropriate order of dismissal (i.e., 60, 90 or 120 day), whatever appears appropriate considering the circumstances present at that time.

**IT IS FURTHER ORDERED** that the following *telephone* status conferences are scheduled with the Court, so as to monitor the

3

limitation action, to wit:

    (1) Telephone Status Conference on Thursday, October 3, 2002 at 10:30 a.m.

    (2) Telephone Status Conference on Thursday, November 21, 2002 at 9:00 a.m.

    (3) Telephone Status Conference on Thursday, December 19, 2002 at 9:00 a.m.

Counsel for petitioner and the claimants shall ensure that they are available by telephone on the aforesaid dates and times. Calling and checking with the Court's secretary, Ms. Susan Crovetto, the day prior to the scheduled telephone status conference to advise who is participating and from what telephone number or extension is advisable.

                                    UNITED STATES DISTRICT JUDGE